**KAZEROUNI LAW GROUP, APC**
Gustavo Ponce, Esq. (SBN: 15084)
gustavo@kazlg.com
Mona Amini, Esq. (SBN: 15381)
mona@kazlg.com
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Erin Robertson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIN ROBERTSON on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | Case No.: 3:24-cv-00429-MMD-CSD<br><br>**PLAINTIFF ERIN ROBERTSON'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEFENDANT'S SUBPOENA TO HEIDARPOUR LAW FIRM, PLLC** |

///

///

///

PLAINTIFF'S MOION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEFENDANT'S SUBPOENA

## I.    INTRODUCTION

Plaintiff Erin Robertson ("Plaintiff") moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c) and to quash pursuant to Federal Rule of Civil Procedure 45(d)(3) precluding enforcement of the subpoena for documents served by Defendant USHealth Advisors, LLC d/b/a USHealth Group ("Defendant") to Heidarpour Law Firm, PLLC on or around April 2, 2026 (the "Subpoena"). This case is currently in a limited discovery posture. The Court authorized discovery solely on the issue of contract formation—specifically whether Plaintiff visited certain websites and assented to an arbitration agreement. Despite this limitation, Defendant issued the Subpoena seeking Plaintiff's other litigation-related materials, including engagement or retainer agreements with Heidarpour Law Firm, PLLC, demand letters, communications, and information regarding settlement proceeds. Defendant's Subpoena far exceeds the scope of the Court's order, seeks irrelevant information, and calls for privileged and work product materials. Although the Subpoena is directed to a third party, Plaintiff has standing to challenge it because it seeks Plaintiff's privileged communications and attorney work product. Accordingly, a protective order is warranted, and the Subpoena should be quashed.

## II.    BACKGROUND

On January 7, 2026, the Court denied Defendant's Amended Motion to Compel Arbitration in part and granted in part (ECF No. 62). The Court denied the Amended Motion to Compel Arbitration without prejudice as to the threshold issue of whether Plaintiff was the user who click the buttons agreeing to the terms of service, including arbitration, for three websites at issue. *Id*. The Court granted Defendant's request for limited discovery and a Section 4 trial on the issue of contract formation, including whether Plaintiff was the user who allegedly agreed to the arbitration provisions at issue.

Notwithstanding these limitations, Defendant served the Subpoena on Heidarpour Law Firm, PLLC, seeking, among other things: (1) engagement

PLAINTIFF'S MOION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEFENDANT'S SUBPOENA

agreements; (2) demand letters; (3) communications regarding Plaintiff's claims; and (4) settlement-related information. *See* <u>Exhibit A</u> attached to the Declaration of Gustavo Ponce ("Ponce Decl.") submitted concurrently herewith.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court may issue a protective order to protect a party from annoyance, oppression, or undue burden, including by forbidding discovery that exceeds the proper scope. Discovery must be relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 26 is a grant of power for the Court to impose conditions on discovery in order to prevent abuse of the court's processes, among other things. *Rebel Oil Co. v. Atl. Richfield Co.*, 133 F.R.D. 41, 43 (D. Nev. 1990); *Bridge C.A.T. Scan Associates v. Technicare Corp.,*710 F.2d 940 (2nd Cir. 1983). Where appropriate, a District Court may limit a party's discovery as long as the party is able to develop fully its case. *Rebel Oil Co. v. Atl. Richfield Co.*, 133 F.R.D. 41, 43 (D. Nev. 1990); *Mid-South Grizzlies v. Nat'l Football League,*550 F. Supp. 558 (E.D. Pa. 1982), *aff'd*720 F.2d 772 (3d Cir. 1983), *cert. denied,*467 U.S. 1215, 81 L. Ed. 2d 364, 104 S. Ct. 2657 (1984).

Subpoenas issued under Rule 45 are subject to the same limitations. A court must quash or modify a subpoena that subjects a person to undue burden or seeks information outside the permissible scope of discovery. Fed. R. Civ. P. 45(d)(3). Further, a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3). The scope of discovery under a Rule 45 subpoena is the same as the scope permitted under Rule 26(b). *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005). Additionally, Rule 45 subpoenas must meet the same relevancy requirements applicable to any discovery sought because "the scope of discovery through a subpoena under Rule 45 is the same as the scope of discovery permitted under Rule 26(b)." *Intermarine, LLC v. Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d

PLAINTIFF'S MOION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEFENDANT'S SUBPOENA

1215, 1217 (N.D. Cal. 2015); see also *Everflow Tech. Corp. v. Millennium Elecs., Inc.*, No. 07-05795 JF (HRL), 2008 WL 4962688 (N.D. Cal. Nov. 19, 2008); *Rich v. Butowsky*, 2020 WL 5910069, at *3 (N.D. Cal. Oct. 6, 2020).

Accordingly, where a subpoena seeks information outside the scope of permissible discovery or privileged material, it must be quashed or otherwise barred. In addition, district courts have broad discretion in controlling discovery and determining relevancy. *Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019).

## IV.   ARGUMENT

### A. <u>The Subpoena Violates the Court's Limited Discovery Order</u>

The Subpoena is improper because it seeks information far outside the scope of discovery authorized by the Court and irrelevant to the issue of whether Plaintiff visited certain websites and assented to an arbitration agreement. The Court expressly limited discovery to the issue of contract formation—namely, whether Plaintiff visited certain websites and assented to the alleged arbitration agreement. Despite this clear limitation, Defendant issued a subpoena seeking Plaintiff's other prior litigation-related materials, including engagement agreements, demand letters, communications, and settlement information. These categories of information do not relate to, and cannot establish, whether Plaintiff visited the websites at issue or agreed to arbitrate in this case. Rather than comply with the Court's directive, Defendant's subpoena attempts to expand limited discovery into a broader inquiry concerning Plaintiff's prior claims and litigation activity—an issue wholly outside the scope of the Court's order. Preclusion of discovery that exceeds the scope of the rules and a limiting order is appropriate here, particularly in the context of discovery confined to contract formation, the sole question to be determined at the trial under 9 U.S.C. § 4. *Rebel Oil Co. v. Atl. Richfield Co.*, 133 F.R.D. 41, 43 (D. Nev. 1990).

Defendant's Subpoena is therefore an improper attempt to expand limited discovery into a broader inquiry concerning Plaintiff's prior claims and litigation activity, which is irrelevant to the issue of whether Plaintiff was the user who

PLAINTIFF'S MOION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEFENDANT'S SUBPOENA

purportedly entered into the arbitration agreements at issue. Accordingly, because the Subpoena exceeds the scope of the Court's order, it should be barred and quashed by the Court pursuant to Federal Rules of Civil Procedure 26 and 45(d)(3).

### B. The Subpoena Seeks Privileged and Work Product Materials

The Subpoena independently warrants protection and quashing because it seeks documents protected by the attorney-client privilege and the work product doctrine. Specifically, Defendant requests engagement agreements, demand letters, communications regarding Plaintiff's claims, and settlement-related materials— categories that necessarily encompass communications between Plaintiff and her counsel as well as materials prepared in anticipation of litigation. *SEC v. Roberts*, 254 F.R.D. 371, 373 (N.D. Cal. 2008) ("Parties may obtain discovery regarding any matter, <u>not privileged</u>, that is relevant to the claim or defense of any party") (emphasis added). But the broad scope of permissible discovery is limited by the attorney work product doctrine and any relevant privileges, including the attorney-client privilege. *See* Fed. R. Civ. P. 26(b)(1), (3). Such requested information and materials inherently reflect confidential attorney-client communications and counsel's mental impressions, legal strategies, and litigation assessments, all of which are protected from disclosure. Defendant has made no attempt to tailor its requests to exclude privileged or protected material. As drafted, compliance with the subpoena would necessarily require the disclosure of privileged and work product materials. Accordingly, the subpoena is facially overbroad and improper, and must be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3), or, at minimum, precluded through a protective order under Federal Rule of Civil Procedure 26.

### C. The Subpoena Is Irrelevant and Overbroad

Even independent of the Court's limited discovery order, the Subpoena seeks information that is not relevant to any claim or defense in this action. *See Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 670 (9th Cir. 2018). Rule 26(b)(1) provides that unless otherwise limited by court order, parties may obtain discovery regarding any

- 4 -

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. However, as the parties are aware, there is a Court order limiting discovery here to specific questions of assent and contract formation relevant to Defendant's Motion to Compel Arbitration. Furthermore, Defendant's own motion papers acknowledge that discovery should be limited to the issue of whether it was Plaintiff who entered into the arbitration agreements on the websites at issue. *See* ECF No. 39, 2:16-17 ("a trial under 9 U.S.C. § 4 must be conducted (with limited discovery into the sole question to be determined at that trial)"); *see also*, ECF No. 55, at 2:21-22 ("a trial under 9 U.S.C. § 4 must be conducted (after limited discovery)"); *see also*, ECF No. 55, at 6:19-20 ("limited discovery and a trial are necessary to determine who entered into the arbitration agreements").[1]

The only issue for purposes of the trial under 9 U.S.C. § 4 and the Court's limited discovery is whether Plaintiff assented to the alleged arbitration agreement(s) on the website(s) at issue in this case. Any of Plaintiff's other prior retainer agreements, demand letters, communications, and settlement history in other matters do not have any bearing on that issue and cannot establish whether Plaintiff visited the websites at issue or agreed to arbitrate her claims in this action against Defendant. The Subpoena also lacks any meaningful limitation as to time, subject matter, or scope, and instead broadly seeks entire categories of litigation-related materials and communications. Such sweeping requests are not proportional to the needs of the case (particularly at this juncture in preparation for a trial under 9 U.S.C. § 4) and impose an unnecessary burden, particularly on a non-party law firm. Federal Rule of Civil Procedure 26(b).

Accordingly, because the subpoena seeks irrelevant information and is overbroad, it should be quashed or, at minimum, a protective order should issue precluding its enforcement.

---

[1] On February 11, 2025, Defendant filed a Motion to Stay Discovery in its entirety. ECF No. 34.

PLAINTIFF'S MOION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEFENDANT'S SUBPOENA

## V. MEET AND CONFER REQUIREMENT SATISFIED

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26-6, Plaintiff met and conferred with Defendant in a good faith effort to resolve the issues raised in this Motion without Court intervention. *See* Ponce Decl. ¶¶ 5-9. On April 9, 2026, Plaintiff's counsel emailed Defendant's counsel regarding the Subpoena at issue, set forth Plaintiff's position, and requested a meet and confer. *Id*. ¶ 5. On April 10, 2026, Plaintiff's counsel met and conferred with Defendant's counsel, Mr. Roy Taub, regarding the Subpoena at issue. *Id*. ¶ 7. The parties were unable to reach a resolution regarding the Subpoena (*Id*. ¶ 8), thus necessitating Plaintiff's instant motion.

Plaintiff has satisfied the meet and confer requirements per Rule 26(c) of the Federal Rules of Civil Procedure and LR 26-6.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a protective order precluding enforcement of Defendant's Subpoena to Heidarpour Law Firm, PLLC, and/or and order quashing the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3).

Respectfully submitted,

DATED this 13th day of April 2026.     **KAZEROUNI LAW GROUP, APC**

By: */s/ Gustavo Ponce*
Gustavo Ponce, Esq.
Mona Amini, Esq.
6940 S. Cimarron Rd., Suite 210
Las Vegas, Nevada 89113
*Attorneys for Plaintiff*

PLAINTIFF'S MOION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEFENDANT'S SUBPOENA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY pursuant to Rule 5 of the Federal Rules of Civil Procedure that on April 13, 2026, the foregoing MOTION was served via CM/ECF to all parties appearing in this case.

KAZEROUNI LAW GROUP, APC

By: */s/ Gustavo Ponce*
       Gustavo Ponce, Esq.
       Mona Amini, Esq.
       6940 S. Cimarron Road, Suite 210
       Las Vegas, Nevada 89113
       *Attorneys for Plaintiff*

PLAINTIFF'S MOION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEFENDANT'S SUBPOENA