**KAZEROUNI LAW GROUP, APC**
Gustavo Ponce, Esq. (SBN: 15084)
gustavo@kazlg.com
Mona Amini, Esq. (SBN: 15381)
mona@kazlg.com
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Erin Robertson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ERIN ROBERTSON on behalf of herself and all others similarly situated,

Plaintiff,

vs.

PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,

Defendants.

Case No.: 3:24-cv-00429-MMD-CSD

**DECLARATION OF GUSTAVO PONCE IN SUPPORT OF PLAINTIFF ERIN ROBERTSON'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH**

///

///

///



KAZEROUNI LAW GROUP, APC

# DECLARATION OF GUSTAVO PONCE

I, GUSTAVO PONCE, declare:

1. I am over the age of 18 and am fully competent to make this declaration. The statements made herein are made of my own personal knowledge and, if called upon, I could and would testify competently thereto.

2. I am an attorney at Kazerouni Law Group, APC, and an attorney of record for Plaintiff Erin Robertson ("Plaintiff") in the above-captioned action against Defendant USHealth Advisors, LLC d/b/a USHealth Group ("Defendant").

3. This declaration is submitted to the Court in further support of Plaintiff's Motion for Protective Order and Motion to Quash Defendant's Subpoena to Heidarpour Law Firm, PLLC (the "Motion").

4. On or around April 2, 2026, Defendant served a Notice of Intent to Serve Subpoena for Documents, informing Plaintiff that Defendant intended to serve a subpoena for documents to Heidarpour Law Firm, PLLC (the "Subpoena"), with a copy of the Subpoena attached thereto. A true and correct copy is attached hereto as Exhibit A.

5. Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26-6, I engaged in a good faith effort to meet and confer with Defendant regarding the Subpoena at issue.

6. On April 9, 2026, I emailed Defendant's counsel regarding the Subpoena, set forth Plaintiff's position, and requested a telephonic meet and confer.

7. On April 10, 2026, I met and conferred with Defendant's counsel, Mr. Roy Taub, regarding the Subpoena.

8. Despite these efforts, the parties were unable to reach a resolution regarding the Subpoena.

///

///

///

KAZEROUNI LAW GROUP, APC

9. I hereby certify pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and L.R. 26-6 that Plaintiff, through counsel, has in good faith conferred and attempted to confer with Defendant, through counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on April 13, 2026, in Las Vegas, Nevada.

*/s/ Gustavo Ponce*
Gustavo Ponce

KAZEROUNI LAW GROUP, APC

# EXHIBIT A

KAZEROUNI LAW GROUP, APC

Phillip A. Silvestri, Esq. (NV Bar No. 11276)
phillip@silvestri.com
**SILVESTRI LLC**
5725 S. Valley View Blvd., Suite 5-902925
Las Vegas, NV 89118
(702) 908-3698

Jeffrey A. Backman (*pro hac vice*)
Jeffrey.backman@gmlaw.com
Roy Taub (*pro hac vice*)
roy.taub@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIN ROBERTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | CASE NO.: 3:24-cv-00429-MMD-CSD<br><br>**DEFENDANT USHEALTH ADVISORS, LLC'S NOTICE OF INTENT TO SERVE SUBPOENA FOR DOCUMENTS**<br><br>Dist. Judg. Miranda M. Du<br>Mag. Judg. Craig S. Denney |

Please take notice that, pursuant to Federal Rule of Civil Procedure 45(a)(4), Defendant USHealth Advisors, LLC will serve Subpoenas for Documents, copies for which are attached, hereto, to the following:

1. Heidarpour Law Firm, PLLC

DATED: April 2, 2026

Respectfully submitted,

GREENSPOON MARDER LLP

BY: /s/ Roy Taub
JEFFREY A. BACKMAN (*pro hac vice)*
Florida Bar No. 662501
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
ROY TAUB (*pro hac vice*)
Florida Bar No. 116263
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954.491.1120

Phillip A. Silvestri (NV Bar No. 11276)
(NV Bar No. 11276)
phillip@silvestri.com
SILVESTRI LLC
5725 S. Valley View Blvd., Suite 5-902925
Las Vegas, NV 89118
Tel: 702-908-3698
*Attorneys for USHealth Advisors*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 2, 2026, a true and correct copy of the foregoing was served via e-mail this day to counsel of record identified below.

**KAZEROUNI LAW GROUP, APC**
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Erin Robertson

By: /s/ *Roy Taub*
Roy Taub

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | | |
|---|---|---|
| ERIN ROBERTSON<br>*Plaintiff*<br>v.<br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE, etc., et al.<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 3:24-cv-00429-MMD-CSD |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Heidarpour Law Firm, PLLC
1300 Pennsylvania Avenue N.W., Suite #190-318, Washington, D.C. 20004

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A and Declaration of Authenticity

| Place: Greenspoon Marder LLP 200 E. Broward Blvd., Suite 1800, Ft. Lauderdale, FL 33301 or electronic delivery to roy.taub@gmlaw.com | Date and Time: 04/13/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/02/2026

*CLERK OF COURT*

_________________________ OR [signature]

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* USHealth Advisors, LLC, who issues or requests this subpoena, are:
Roy Taub, Greenspoon Marder LLP, 200 E. Broward Blvd., #1800, Ft. Lauderdale, FL 33301; roy.taub@gmlaw.com (954)491-1120

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:24-cv-00429-MMD-CSD

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA

1. Documents sufficient to establish the nature of Your relationship with Erin Robertson, including but not limited to any engagement or retainer agreements.

2. Copies of each demand, such as by demand e-mail or demand letter, You have made or sent on Erin Robertson's behalf relating to a claim made or threatened under the Telephone Consumer Protection Act or similar statute.

3. Copies of any other communications between You and those to whom You have made or sent on Erin Robertson's behalf relating to a claim made or threatened under the Telephone Consumer Protection Act or similar statute or any persons acting on their behalf (e.g., their attorneys) regarding Erin Robertson's asserted or threatened claim(s), including but not limited to their responses to your pre-suit demand letters.

4. Documents sufficient to reflect settlement proceeds associated with each of the demands, whether in response to the demand or only after the commencement of litigation, produced in response to Request No. 2.

# DECLARATION OF AUTHENTICITY

I, ____________________________, hereby declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746 and state the following:

I am an employee of Heidarpour Law Firm, PLLC.

My official title is ______________________________________________.

I am a duly authorized and qualified witness to certify the authenticity of the attached/accompanying true copies of business records maintained by Heidarpour Law Firm, PLLC. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.

These records were made in the ordinary course of business at or near the time of the acts, conditions or events described in the records by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Heidarpour Law Firm, PLLC, and they were made by ____ as a regular practice. Such records were generated by Heidarpour Law Firm, PLLC's electronic process or system that produces an accurate result in that they were copied from electronic device(s), storage medium(s), or file(s) in the custody of Heidarpour Law Firm, PLLC and the process or system is regularly verified by Heidarpour Law Firm, PLLC , and at all times pertinent to the records certified here the process and system functioned properly and normally.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: ____________________________

__________________________________
Signature of Declarant

__________________________________
Printed Name