Phillip A. Silvestri, Esq.
Silvestri LLC
5725 S. Valley View Blvd., Ste. 5-902925
Las Vegas, NV 89118
702-908-3698
Email: phillip@silvestri.com

Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendant USHEALTH Advisors, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIN ROBERTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | CASE NO.: 3:24-cv-00429-MMD-CSD<br><br>**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

Plaintiff denies that she made four submissions on three websites requesting calls about insurance quotes to Plaintiff's telephone number. Her story is that some complete stranger in Nigeria, apparently for sport since early 2024, has made dozens, maybe hundreds, of submissions and requests for calls to her telephone number (but using his name, Igbinosa Obasuyi). Why? Who would do that? What a waste of time! Discovery has revealed that Plaintiff had made submissions on those types of websites in her own name, but that stopped in early 2024, with these purportedly Nigerian submissions occurring instead. Amazingly, Plaintiff has admitted to receiving ***over 1,000*** telephone communications mentioning this man's name. Instead of pursuing that individual, blocking calls from unknown telephone numbers, or changing her telephone number, she answers and plays along while logging the calls – one of many things she refuses to produce – and has tried to "cash in" by sending demand letters and filing at least twenty-two class action lawsuits, nearly all of which settled.

USHA is entitled to discovery to enable it to argue at trial that Plaintiff's denials that she made these four submissions are not credible and they are part of a calculated scheme to engineer the receipt of telephone solicitations while being able to disclaim consent ("I didn't submit them, Igbinosa did."). Plaintiff, though, is trying to block USHA's ability to develop that evidence. When Plaintiff sought discovery while the motion to compel arbitration was pending, her attorney argued the issue of Plaintiff's credibility in denying that she made any of the four submissions giving rise to an arbitration agreement "goes hand-in-hand" with discovery "under Section 4" about "was there a creation of a contract, and was there an assent to the arbitration clause?" Dkt. No. 46 at 42:9-24. The Court itself observed the obvious credibility issues, stating, "it's not clear to me . . . why some hacker would want to pose as the plaintiffs to obtain a life insurance quote and go through this information. In just doesn't – it just makes me wonder, and it doesn't help me understand the motivation for that." *Id.* at 52:11-53:1. The lack of credibility to Plaintiff's denials, and her true motivations in making the submissions, are plainly relevant and require discovery for USHA to develop its arguments.

Now, though, in opposing discovery, Plaintiff argues the opposite – because admitting she made or authorized the submissions would end the enterprise that launched at least twenty-two lawsuits under the Telephone Consumer Protection Act ("TCPA") (and likely threatened many more).

Pre-suit demand letters and settlements – at least some of which were sent and/or procured by the Andrew Heidarpour Law Firm, PLLC ("Heidarpour Law") – are part of her scheme, and the settlement proceeds resulting from otherwise inexplicable website submissions are the motivation.

Plaintiff has no basis to shield these areas from discovery, including from her lawyer whom USHA was encouraged to subpoena. Counsel for Plaintiff had previously advised that neither he nor his client would be asking Heidarpour Law or any of the other law firms that represented Plaintiff for responsive documents and information and that ***counsel for USHA should serve a subpoena on Heidarpour Law***. *See* Declaration of Roy Taub, ¶¶ 3-5. So, the Subpoena was sent. But, once again, Plaintiff takes back what she said. Plaintiff also claims the discovery at issue violates an order of the Court, but ***the exact opposite is true***. For numerous reasons, this Motion is meritless, it should be denied, and USHA should be awarded its attorneys' fees.

## I. PLAINTIFF DOES NOT HAVE STANDING

Plaintiff claims she "has standing to challenge [the Subpoena] because it seeks Plaintiff's privileged communications and attorney work product." Mot. at 1. Plaintiff is mistaken. "A party does not have free rein to file a motion for protective order on any issue it would like to see adjudicated. A litigant in federal court 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *PlayUp, Inc. v. Mintas*, No. 2:21-CV-02129-GMN-NJK, 2024 WL 472639, *2 (D. Nev. Feb. 6, 2024) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). And it is the party's burden to make that showing with specific, nonconclusory assertions. *Id.*

While Plaintiff claims a "right" in protecting a "privilege," her Motion fails just like the effort in *PlayUp*, because, like in that case, Plaintiff "does not provide factual support for" invoking any privilege or protection. 2024 WL 472639 at *4. Plaintiff does not expressly state she is in an attorney-client relationship with Heidarpour Law, and she did not include a declaration from anyone at that law firm attesting to that or anything else. Even setting aside those deficiencies, at no point does Plaintiff make any showing, specific or otherwise, that any of the requested documents are privileged

or protected by attorney work product. Defendant is not seeking privileged documents.

**Request No. 1** seeks "[d]ocuments sufficient to establish the nature" of Heidarpour Law's relationship with Plaintiff. While that could include engagement or retainer agreements, those are not privileged. *See, e.g.*, *Physicians Healthsource, Inc. v. Masimo Corp.*, No. 8:14-00001 DOC (ADSx), 2019 WL 8755114, *2 (C.D. Cal. July 30, 2019). Moreover, Heidarpour Law can respond by producing the demand communications sought in the next request, as one would assume they identify Heidarpour Law as Plaintiff's attorney.

**Request No. 2** seeks the demand communications *sent* on Plaintiff's behalf. Plaintiff's counsel has never explained how a demand letter sent to an adversary possibly qualifies for attorney-client privilege or attorney work product. *See* Taub Decl. at ¶¶ 6-8. It cannot and, unsurprisingly, it appears no court has ever held that to be the case.[1] Quite obviously, a pre-suit demand communication meets none of the requirements under the law, as described by this Court in *Gurner*. Even if somehow a demand letter were privileged at one point, "[i]t is well established that voluntary disclosure of the content of a privileged attorney communication constitutes a waiver of the privilege as to all other such communications on the same subject." *Roberts v. Clark Cnty. Sch. Dist.*, No. 2:15-CV-00388-JAD-PAL, 2016 WL 2637811, *3 (D. Nev. May 9, 2016) (internal quotation omitted). Plaintiff's attorney work product assertion is particularly baseless since "the voluntary disclosure of attorney work product to an adversary or a conduit to an adversary waives work-product protection for that material." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1121 (9th Cir. 2020). A pre-suit demand letter is an obvious example of such a disclosure.

**Request No. 3** seeks copies of communications between Heidarpour Law and the demand communications recipients regarding those asserted or threatened claims. Again, these are

[1] "The attorney-client privilege protects confidential communications between an attorney and client (or their representatives) made for the purpose of obtaining legal advice." *Gurner v. Am. Fam. Mut. Ins. Co.*, No. 3:24-CV-00158-MMD-CSD, 2026 WL 114379, *2 (D. Nev. Jan. 15, 2026) (Denney, M.J.). The attorney work product doctrine "protects from discovery 'documents and tangible things prepared by a party or his representative in anticipation of litigation or for trial by or for another party or its representative[.]'" *Id.* at *3 (quoting Fed. R. Civ. P. 26(b)(3)).

communications between adversaries. And **Request No. 4** seeks documents sufficient to reflect settlement proceeds associated with each of the pre-suit demands sought by **Request No. 2**. Again, Plaintiff fails to explain how the amounts of money Plaintiff has obtained through what USHA contends is a scheme to generate telephone calls to her telephone number based on otherwise inexplicable leads made under someone else's name qualify as privileged or attorney work product. They are not confidential communications, do not request or reflect legal advice, and do not reflect counsel's mental impressions or legal strategies prepared in anticipation of litigation or for trial.

As Plaintiff does no more than provide "[a] generalized, self-serving, conclusory assertion of protection or privilege," she fails to establish standing to challenge the Subpoena, and the Motion should be denied. *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D. Nev. 1994). *See also PlayUp*, 2024 WL 472639 at *4-5.[2]

## II. THE REQUESTED DISCOVERY IS RELEVANT AND PERMISSIBLE

Plaintiff also fails to make the necessary showing of irrelevance or impermissibility. "The party seeking a protective order 'bears the burden of showing specific prejudice or harm will result if no protective order is granted.'" *Hardy v. Singh*, No. 3:23-CV-00207-ART-CSD, 2025 WL 764138, *2 (D. Nev. Mar. 11, 2025) (Denney, M.J.) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (quotation omitted).

Plaintiff argues discovery into her extensive litigation history – as of last month, twenty-two filed federal court putative class actions, and who knows how many state court lawsuits and pre-suit demand communications – and the resultant monetary proceeds is "far outside the scope of discovery authorized by the Court and irrelevant to the issue of whether Plaintiff visited certain websites and assented to an arbitration agreement." Mot. at 3. But Plaintiff identifies nothing in any court order precluding such discovery. To the contrary, the Court's Order states "[t]he Court will permit six

---

[2] In an abundance of caution, USHA notes that separate and apart from standing, for the same reasons set forth in this section, there is no valid claim of attorney-client privilege or attorney work product.

months for the parties to conduct the discovery outlined in the status report." Dkt. No. 65. ***Defendant identified all of these areas of discovery in that status report***. *See* Dkt. No. 64 at 5-6 (in particular, items 12 and 13). Regardless, evidence pointing to the lack of credibility in Plaintiff's denials that she made the website submissions is plainly relevant. The case law makes clear that a "Defendant is entitled to discovery against Plaintiff that would allow Defendant to develop facts that could show Plaintiff . . . manufactures TCPA injuries by seeking out phone calls." *Sapan v. Diamond Resorts Holdings, LLC*, No. 8:23-00147 DOC (ADSx), 2023 WL 8229984, *3 (C.D. Cal. Oct. 6, 2023).[3] Indeed, Plaintiff's own attorney argued her credibility "goes hand-in-hand to the issue here that we're having is that the creation of a – was there a creation of a contract, and as there an assent to the arbitration clause," all of which "require[ ] discovery . . . under Section 4." Dkt. No. 46 at 42:11-24.

## III. USHA SHOULD BE AWARDED ATTORNEYS' FEES

A party who successfully opposes a motion for a protective order may be entitled to an award of attorneys' fees. *See* Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5)(B). Plaintiff's Motion was wholly unjustified. It claimed USHA's discovery violated an order of the Court when the exact opposite was true, made frivolous and unsupported assertions of attorney-client privilege and attorney work product, and went completely against what counsel for Plaintiff both told this Court – that discovery as to Plaintiff's credibility "goes hand-in-hand" with discovery Plaintiff seeks for purposes of a § 4 trial – and what he told USHA's counsel – to serve a subpoena on Heidarpour Law. The complete lack of any substance to the Motion and the circumstances make an award of expenses wholly appropriate. *Accord Luangisa v. Interface Operations*, No. 2:11-CV-00951-RCJ, 2011 WL 6029880, *14 (D. Nev. Dec. 5, 2011).

---

[3] *See also Wuest v. My Pillow, Inc.*, No. 18-03658 WHA, 2019 WL 3577176, *3-5 (N.D. Cal. Aug. 6, 2019) (finding plaintiff's improper use of "the threat of a class action to extract a premium deal far in excess of the value of his individual case" created serious credibility problems); *Moser v. Health Ins. Innovations, Inc.*, No. 17-CV-1127-WQH(KSC), 2019 WL 2271804, *7 (S.D. Cal. May 28, 2019) (finding "information about plaintiff's involvement as a party in other TCPA litigation is relevant" to, among other issues, "plaintiff's credibility"); *Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 381-383 (C.D. Cal. 2016) (finding credible contention that plaintiff "manufactur[ed] a lawsuit when he opted in" to receive text messages raised significant credibility concerns).

DATED: April 15, 2026

GREENSPOON MARDER LLP

By: */s/ Roy Taub*

Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

Phillip A. Silvestri, Esq.
Silvestri LLC
5725 S. Valley View Blvd., Ste. 5-902925
Las Vegas, NV 89118
702-908-3698
Email: phillip@silvestri.com

*Counsel for Defendant*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 15, 2026, a true and correct copy of the foregoing document was filed with the Court's CM/ECF System, which will automatically generate and send by e-mail a notice of electronic filing to all counsel of record, which constitutes proof of service for individuals so served.

By: */s/ Roy Taub*

Roy Taub