Phillip A. Silvestri, Esq.
Silvestri LLC
5725 S. Valley View Blvd., Ste. 5-902925
Las Vegas, NV 89118
702-908-3698
Email: phillip@silvestri.com

Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendant USHEALTH Advisors, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIN ROBERTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | CASE NO.: 3:24-cv-00429-MMD-CSD<br><br>**DECLARATION OF ROY TAUB** |

1. Pursuant to U.S.C. § 1746, I, Roy Taub, declare as follows:

2. My name is Roy Taub. I am over 18 years of age and am a Partner at the law firm of Greenspoon Marder LLP, counsel for Defendant USHealth Advisors, LLC ("USHA") in this action. I am admitted to the Bars of the State of New York and Florida. I suffer no mental disabilities and

am otherwise competent to make this Declaration. I have personal knowledge of the facts stated herein, and if called upon to testify to those facts I could and would competently do so.

3. On April 10, 2026, I met and conferred with Gustavo Ponce, counsel for Plaintiff, regarding Plaintiff's anticipated motion for protective order regarding Defendant's subpoena for documents to Heidarpour Law Firm, PLLC ("Heidarpour Law").

4. During the meet and confer, I reminded Mr. Ponce of a previous conversation where he advised that neither he nor his client would be asking Heidarpour Law or any of the other law firms that represent(ed) Plaintiff for responsive documents and information and that I was "welcome" to serve a subpoena on Heidarpour Law for those documents.

5. Mr. Ponce never denied that he said those things.

6. Additionally, during the meet and confer, Mr. Ponce asserted that Plaintiff's demand letters and e-mails and the other items requested by the Subpoena to Heidarpour Law are protected by attorney-client privilege and/or the attorney work product.

7. I inquired how a demand letter or any other communication sent to an adversary possibly qualifies for protection under the attorney-client privilege or attorney work product doctrine, or with respect to settlement proceeds.

8. Mr. Ponce provided no explanation and simply repeated his contention that the requested documents were privileged. I told him that I disagreed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2026

*/s/ Roy Taub*
ROY TAUB