Phillip A. Silvestri, Esq.
Silvestri LLC
5725 S. Valley View Blvd., Ste. 5-902925
Las Vegas, NV 89118
702-908-3698
Email: phillip@silvestri.com

Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendant USHEALTH Advisors, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIN ROBERTSON, individually and on behalf of all others similarly situated, | CASE NO.: 3:24-cv-00429-MMD-CSD |
| Plaintiff, | **DEFENDANT'S BRIEF IN SUPPORT OF ITS SECOND MOTION REGARDING DISCOVERY DISPUTE** |
| v. | |
| PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP, | |
| Defendants. | |

DEFENDANT'S BRIEF IN SUPPORT OF ITS SECOND MOTION REGARDING DISCOVERY DISPUTE

Defendant USHEALTH Advisors, LLC ("USHA") files this Motion pursuant to the Court's Civil Standing Order. *See* Dkt. No. 7. A trial under 9 U.S.C. § 4 has been ordered because Plaintiff conclusorily denied making the submissions on the websites healthplanrate.com, affordablehealthplans.org, and smartfinancial.com (the "Sites") on March 29, 2024, April 8, 2024, April 24, 2024, and May 31, 2024. Plaintiff not only denies making any of those submissions, but also denies any association with the IP addresses or that she made other submissions on similar websites. USHA is entitled to discovery to refute Plaintiff's denials and establish the lack of credibility to them. Indeed, *Plaintiff previously admitted that the issue of her "credibility" "goes hand-in-hand" with discovery "under Section 4" about whether there was "a creation of a contract, and was there an assent to the arbitration clause[.]"* Dkt. No. 46 at 42:9-24. Now she contends it is not relevant or permissible discovery, and, apparently neither is evidence of potential spoliation.

Counsel for Plaintiff and USHA met and conferred on March 26, 2026 regarding all discovery disputes. *See* Declaration of Roy Taub. Counsel for USHA identified the requests at issue in this Motion, and counsel for Plaintiff represented he would inquire with his client and advise by April 10, 2026 if responsive information and documents would be provided or whether Plaintiff is withholding responsive documents based on asserted objections. *Id.* As to the requests for which counsel for Plaintiff stated his client would be standing on her objections, USHA filed a motion to compel, which did not include the requests at issue here. *See* Dkt. No. 72. Instead of serving supplemental or amended responses by April 10, 2026, Plaintiff waited until April 17, 2026 to do so. Because those latter responses are either insufficient to address the issues raised by USHA or do not even attempt to do so, including by stating whether any documents are being withheld or whether there are any responsive documents at all, USHA files this second Motion to Compel.

Considering the discovery requests at issue in this Motion raise many of the same concerns as the requests at issue in USHA's first Motion to Compel, such as credibility and privilege, USHA respectfully requests that the Court hear arguments on this Motion to Compel as well at the Motion Hearing set on April 30, 2026 relating to USHA's first Motion to Compel and Plaintiff's Motion for

DEFENDANT'S BRIEF IN SUPPORT OF ITS SECOND MOTION REGARDING DISCOVERY DISPUTE

Protective Order.  *See* Dkt. No. 73.  In the interest of the Court's and the Parties' time, resources, and expenses, it would make the most sense to hear all arguments relating to all three motions at the same time.  Proceeding in that manner would also be consistent with the timeframe contemplated by the Court's procedures on discovery disputes, which provides that "[n]o later than 2 court days after the [Motion Regarding Discovery Dispute] is filed, the opposing party shall file a response to the motion."  Dkt. No. 7 at 3-4.

### Plaintiff's Internet Usage (RFP No. 59)

RFP No. 59 seeks documents reflecting which devices and/or IP addresses signed into or uploaded data onto Plaintiff's "cloud" or internet-based e-mail or data storage accounts or services in the months of January 2022 through September 2024.  These documents will identify the devices Plaintiff used to access the internet as well as the on-line and cloud accounts used, which will enable USHA to properly inspect those devices and accounts, as explained in the Motion to Compel.  *See* Dkt. No. 72 at 1-2.  Additionally, the IP addresses used to log into Plaintiff's accounts are plainly relevant so that USHA may match those IP addresses with the IP addresses that made the submissions on the Sites or similar sites under other names.  Given Plaintiff's admitted failure to preserve data or even her cellular telephone(s) from May 31, 2024 – despite continuously preserving the contacts which form the basis of her TCPA lawsuits and continuously being involved in TCPA lawsuits since at least June 2024, not to mention the preceding demand letters, and presumably at least one of her many class action attorneys told her of her duty to preserve – this type of investigation by USHA is more than appropriate.  On the other hand, none of Plaintiff's boilerplate objections is sufficient or meritorious.  *See*, *e.g.*, *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 510 (D. Nev. 2020).  There is no privacy interest in what is being requested, and this request does not seek the contents of any communications.  Furthermore, Plaintiff never provided any supplemental/amended response to this request so, contrary to Fed. R. Civ. P. 34(b)(2)(C), it is unclear whether documents are being

2

DEFENDANT'S BRIEF IN SUPPORT OF ITS SECOND MOTION REGARDING DISCOVERY DISPUTE

withheld.  *See* Ex. A at p. 101-153.[1]

**Litigation History (RFP Nos. 8, 53-55, 57-58, 61)**

As briefed in the first Motion to Compel, (*see* Dkt. No. 72 at 3-5), USHA seeks discovery bearing on Plaintiff's credibility and why she would go or cause someone to go on the Sites (and others0 to make submissions and, in the process, request telephone calls, but under a different name. As the Court previously noted, "it's not clear to me . . . why some hacker would want to pose as the plaintiffs to obtain a life insurance quote and go through this information.  In just doesn't – it just makes me wonder, and it doesn't help me understand the motivation for that."  Dkt. No. 46 at 52:11-53:1.  USHA is entitled to explore the motivation and fruits of such efforts:  settlement payments.

Since June 2024, Plaintiff has filed *twenty-two* class actions in various federal courts under the TCPA, never based on a lead in her name, but in the name of this person (Igbinosa Obasuyi) supposedly on the other side of the world.  USHA is aware of hundreds of submissions of Plaintiff's telephone number on various sites, and even after filing twenty-two TCPA lawsuits and receiving *over 1,000* text messages addressed to Igbinosa Obasuyi, Plaintiff has not changed her telephone number or taking any action to stop the supposed "culprit" – instead she focuses only on making money through TCPA demands and lawsuits.  It appears Plaintiff logs them and tracks them, while responding to the sender(s) hoping to entice additional contacts upon which she will make settlement demands and/or file lawsuits.  USHA is entitled to and has a good faith belief to argue, as one of those defendants did in counterclaiming against her for fraud, that Plaintiff opted-in or caused someone to opt-in on the Sites as part of a pattern aimed at engineering lawsuits to supplement her income.  *See Robertson v. Mortgage Research Center, LLC*, No. 2:24-cv-04106-MDH (W.D. Mo.), Dkt. No. 55 at 16-18.[2]

Indeed, "[t]he sheer number of TCPA cases [Plaintiff] has filed is indicative of fraud" and "should be enough to cause an attorney—or at least an attorney whose head was not firmly planted

---

[1] This can be contrasted with Plaintiff's response to RFP No. 60, a similar request for which Plaintiff supplemented her response to indicate she has no responsive documents and that no documents are being withheld on the basis of any objection. *See id.* at p. 150-151.

[2] Plaintiff settled that lawsuit within three weeks of the filing of the fraud counterclaim.

3

DEFENDANT'S BRIEF IN SUPPORT OF ITS SECOND MOTION REGARDING DISCOVERY DISPUTE

in the sand—to begin to question [Plaintiff's] veracity." *Human v. Fisher Investments, Inc.*, No. 4:24-cv-01177-MTS, 2026 WL 925576, \*3-4, 28 (E.D. Mo. Mar. 31, 2026). Another court just found a similar situation, involving another frequent TCPA litigant and based in part on the inspection of his laptop and his litigation history, presented "strong evidence from which a jury may conclude that Plaintiff did in fact [make a submission] to receive text messages . . . ." *Van Elzen v. Am. Home Shield Corp.*, No. 24-C-1206, 2026 WL 1078771, \*9 (E.D. Wis. Apr. 21, 2026). "The fact that an online form with Plaintiff's . . . contact information was submitted to AHS is difficult to explain if Plaintiff did not directly or indirectly submit it. . . . An accurate phone number would be enough to ensure the contact needed to claim a TCPA violation, and an incorrect email can both throw off suspicion and prevent unwanted emails." All of the requested discovery is plainly relevant to obtaining similar evidence in this case to challenge the credibility of Plaintiff's denials.

RFP No. 8 seeks information relating to the other telephone numbers Plaintiff has used since January 2020, which would support a finding that she manufactures TCPA injuries by using multiple telephone numbers to opt-in on the Sites as part of a pattern aimed at engineering lawsuits to supplement her income, as one defendant alleged in a counterclaim is Plaintiff's practice (shortly before Plaintiff settled the case). *See Mortgage Research Center*, Dkt. No. 55 at 16.

RFP No. 61 seeks the "[p]leadings, petitions, or any other initiating documents" in all other legal proceedings brought in the last ten years by Plaintiff. Rather than respond or say there are none, Plaintiff objects on numerous grounds, none of them availing. Plaintiff never provided supplemental or amended response to this request, signifying she stands on her incorrect and boilerplate objections. *See* Ex. A at p. 101-153. RFP Nos. 53-54 and 57-58 seek documents sufficient to identify all lawsuits filed by Plaintiff since January 2020, including demand and pre-suit correspondence, and all demands, settlements, claims, or lawsuits alleging violations of the TCPA since September 2020, including documents sufficient to reflect how much money Plaintiff received from this enterprise. While such evidence is relevant for other purposes, too, at a minimum for the 9 U.S.C. § 4 trial it goes to her credibility, as her counsel previously argued to the Court. "Defendant is entitled to discovery against Plaintiff that would allow Defendant to develop facts that could show Plaintiff . . .

4

manufactures TCPA injuries by seeking out phone calls." *Sapan v. Diamond Resorts Holdings, LLC*, No. 8:23-00147 DOC (ADSx), 2023 WL 8229984, *3 (C.D. Cal. Oct. 6, 2023).[3]

As for Plaintiff's objections, here, too, they are boilerplate and therefore insufficient. Moreover, the requested information is relevant, appropriately limited, proportional to the needs of the case, does not intrude upon any privilege, and the parties' proposed confidentiality agreement addresses any confidentiality concerns. *See*, *e.g.*, *Wheel Pros, LLC v. Rhino Tire USA, LLC*, No. 2:23-CV-00650-GMN-VCF, 2023 WL 4868478, *3 (D. Nev. July 28, 2023) ("[C]ourts in this Circuit . . . have repeatedly held that even confidential settlement agreements are generally discoverable, at least subject to proper confidentiality agreements regarding the production.") (collecting cases). Just yesterday, another district court confirmed "communications [an attorney] had with adverse parties" "plainly would not be protected" from discovery "even if [the attorney's client] were on these communications," including "settlement agreements" and "demand letters." *Human v. Fisher Investments, Inc.*, No. 4:24-cv-01177-MTS, 2026 WL 1077465, *3 (E.D. Mo. Apr. 21, 2026).

Finally, RFP No. 55 seeks documents sufficient to reflect any assertion by a company Plaintiff has accused of violating the TCPA that she had consented. Whether Plaintiff made such submissions on the Sites is *the* question to be decided at the § 4 trial, so that is directly relevant, including as to her credibility. As in *Van Elzen* and *Johansen v. Efinancial LLC*, No. 2:20-CV-01351-RAJ-BAT, 2021 WL 7161969, *8 (W.D. Wash. June 11, 2021), it "is entirely unclear" why someone else would submit Plaintiff's telephone number "to obtain an insurance quote" by telephone, a proposition that becomes far less likely and less credible if she has made that contention repeatedly. The requested discovery may also point to the origin of how requests for telephone calls Plaintiff previously made in her name all were now made under someone else's name and information (but still on her telephone number), over a hundred times. Plaintiff's boilerplate objections fail to shield that relevant area of inquiry from discovery, and clearly no privilege applies. *See* Ex. A at p. 89-90.

---

[3] *See also Wuest v. My Pillow, Inc.,* No. 18-03658 WHA, 2019 WL 3577176, *3-5 (N.D. Cal. Aug. 6, 2019); *Moser v. Health Ins. Innovations, Inc.*, No. 17-CV-1127-WQH(KSC), 2019 WL 2271804, *7 (S.D. Cal. May 28, 2019); *Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 381-383 (C.D. Cal. 2016).

DEFENDANT'S BRIEF IN SUPPORT OF ITS SECOND MOTION REGARDING DISCOVERY DISPUTE

Dated: April 22, 2026                    GREENSPOON MARDER LLP

By: _/s/ Roy Taub_____
Jeffrey A. Backman (*pro hac vice*)
jeffrey.backman@gmlaw.com
rene.vazquez@gmlaw.com
Roy Taub (*pro hac vice*)
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

Phillip A. Silvestri, Esq.
Silvestri LLC
5725 S. Valley View Blvd., Ste. 5-902925
Las Vegas, NV 89118
702-908-3698
Email: phillip@silvestri.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 22, 2026, a true and correct copy of the foregoing document was filed with the Court's CM/ECF System, which will automatically generate and send by e-mail a notice of electronic filing to all counsel of record, which constitutes proof of service for individuals so served.

By: _/s/ Roy Taub_____
Roy Taub

6

DEFENDANT'S BRIEF IN SUPPORT OF ITS SECOND MOTION REGARDING DISCOVERY DISPUTE