# EXHIBIT A

Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

Phillip A. Silvestri, Esq. (Nevada Bar No. 11276)
Blackstone Trial Group
300 S. Fourth St.
Ste 1220
Las Vegas, NV 89101
702-908-3698
Email: phillip@silvestri.com

*Attorneys for Defendant USHEALTH Advisors, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIN ROBERTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | CASE NO.: 3:24-cv-00429-MMD-CSD<br><br>**DEFENDANT USHEALTH ADVISORS, LLC'S FIRST SET OF INTERROGATORIES** |

Defendant USHEALTH Advisors, LLC, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby propounds its First Set of Interrogatories to Plaintiff Erin Robertson, who shall serve answers to the Interrogatories in writing within thirty (30) days.

## **DEFINITIONS**

1.    "You," "Your," "Plaintiff," and "Robertson" mean Erin Robertson, the individual, and/or any agents or representatives, including, without limits, any attorneys and/or other persons or entities acting, or purporting to act, on her behalf.

2.    "Lawsuit" or "Action" means the action filed in the United States District Court for the District of Nevada, captioned *Erin Robertson v. Plain-English Media, LLC d/b/a Plain-English Health Care d/b/a Strategic Health Care Marketing et al.*, Case No. 3:24-cv-00429-MMD-CSD.

3.    "Complaint" means the operative Complaint filed in this Lawsuit.

4.    "Defendant" and "USHEALTH" mean USHEALTH Advisors, LLC and anyone You contend was or is acting, or purporting to be acting, on its behalf.

5.    The term "TCPA" shall mean and refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227, and all regulations enacted pursuant thereto.

6.    The term "Text Message(s)" means all text messages (and, if alleged, any other form of solicitation) that you contend to have received from or on behalf of Defendant, including but not limited to those alleged in the Complaint.  Where appropriate, the term also means all text messages (and, if alleged, any other form of solicitation) that you contend any putative class member to have received from or on behalf of Defendant.

7.    "Subject Number" means the telephone number 775-624-4337.

8.    "Person," means any natural person or entity, including without limitation, any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity.  Any reference herein to any public or private company, partnership, association, or other entity include such entity's divisions, departments, subsidiaries, affiliates, predecessors, partners, present and former directors, officers, owners, shareholders, employees, attorneys, agents and all other persons acting or purporting to act on its behalf or subject to its direction or control.

9.    "Document(s)" means all written or graphic material and all copies containing any additional matter, however produced or reproduced, of any kind and description in the actual or constructive possession, custody, care or control of the Defendant, which pertain directly or

2

indirectly, in whole or in part, to the subjects or any other matters relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, originals (or full and correct copies) of correspondence, papers, email, letters, other communications (including Communications, defined below), notes, memoranda, photographs, schematics and other drawings, computer or telephone "screen shots," sound recordings (including telephone call recordings), telephone bills, telephone call logs, books, records, reports, studies, analyses, estimates, plans, advertising, contracts, agreements, acknowledgment and consent forms, invoices, ledgers, journals, schedules, bank checks, charge slips, receipts, calendars, diaries, recordings, data sheets and Electronic Records (as defined below) in any form.

10. "Electronic Records" and "ESI" mean a record created, generated, sent, communicated, received,  or stored by means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities, including but not limited to hard drive, server-based, cloud-based and/or Web-based documents and text on hard storage disks, external drives, jump-drives, CD-ROMs, DVD, optical discs, backup drives, printer buffers, smart cards, memory calculators, pagers, personal digital assistants, cellular telephones, computers and computer tablets, voice recording devices, answering machines, fax machine data and logs, and other data storage devices and/or compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  In response to this request, ESI should be produced in native format in a reasonable readable format, clearly labeled as to the kind of software used to prepare, organize, and manipulate the data contained.

11. "Communications" mean any oral or written statement, dialogue, colloquy, discussion, correspondence, conversation, or other transfer of thoughts or ideas between persons and/or entities.

12. "Relating" or "related to," "evidencing," "regarding," and "reflecting" mean directly or indirectly referring to, concerning, constituting, embodying, discussing, analyzing, reflecting, evidencing, mentioning, describing, pertaining to, arising out of, in connection with, or in any way legally, logically, or factually connected with the matter discussed.

13. The conjunctions "and" and "or" mean "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively to exclude any information or documents otherwise within the scope of any Request.

14. The term "each" means "each and every" and the term "every" means "each and

3

DEFENDANT'S FIRST SET OF INTERROGATORIES

every."

15.    All pronouns used herein shall include and be read to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted to exclude any information or documents otherwise within the scope of the particular request.

**INSTRUCTIONS**

1.    These Interrogatories are continuing in nature and the responses must be supplemented by You at such time in the future as any facts, information and documents discovered hereafter shall have been ascertained, and such supplemental responses shall be served upon the undersigned attorneys reasonably after such discovery.  The original of the responses are to be served on Defendant's attorneys at the offices of Greenspoon Marder LLP, 200 East Broward Boulevard, Suite 1800, Fort Lauderdale, Florida 33301.

2.    If You assert that any information called for by these Interrogatories is protected against disclosure by the attorney's work product doctrine, attorney-client privilege, or other similar grounds, You shall provide the following information with respect to such information or document: (a) the author(s) or speaker, including their name and capacity or title; (b) type, subject matter and physical size/number of pages of the document or information; (c) the name and capacity of all addressees and recipients of the original or copies of a document or the information; (d) all persons to whom the information or document was distributed, shown or explained; (e) the date the information was first known or a withheld document was created and/or dated; (f) the source from which the information or document was derived; and (g) the nature of the privilege asserted or other basis upon which You contend that You are entitled to withhold the information or document.

3.    If You object to any portion of an Interrogatory, provide all information responsive to the portion to which You do not object.

4.    The use of the word "including" shall be construed to mean "without limitation."

5.    Unless otherwise instructed, the relevant time period for all interrogatories is from September 23, 2020 through the date You finish responding to this Set of Interrogatories.

**INTERROGATORIES**

1.    Please identify Your personal identifying information, including but not limited to Your full legal name, residential address(es) from September 2020 through the present date, business address(es) from September 2020 through the present date, date of birth, and Social Security Number.

2.    Identify all persons likely to have discoverable information that You may use to support Your claims or defenses at trial in this action under 9 U.S.C. § 4, and for each such person include their name, address, telephone number, e-mail address, and a description of the subject(s) of their information.

3.    Identify and describe the following information relating to Your telephone service for the Subject Number:  the name of the subscriber, the name of the carrier (e.g., AT&T, Verizon, etc.), the date(s) of service (for each carrier), whether the telephone number is associated with a residential line or some other type of phone (e.g., cellular telephone, business number, VoIP number), and if the Subject Number switched from being associated with one type of phone to another type of phone (e.g., cellular phone, residential line, or some other type of phone), identify when the switch occurred and the type of phones switched.

4.    Identify all electronic devices (e.g., computer, smartphone, tablet) You used to browse Internet websites that You have owned or would consider to be Yours from January 2022, February 2022, and March 2024 through September 2024.

5.    Identify all cloud storage accounts (e.g., iCloud, Google Drive, Dropbox) to which any device identified in Interrogatory No. 4 has synced or backed up data between January 2022 and the present, including the email address associated with each account.

6.    Identify the service carrier/provider(s) in the months of January 2022, February 2022, and March 2024 through September 2024 for the Internet service at Your residence.

7.    State for each year from 2020 through the present, the amount of compensation, money, or income that You received from a claimed violation of the Telephone Consumer Protection Act.

8.    Identify all demands, claims, or lawsuits asserting violations of the TCPA that You have made or filed since September 2020, including the date of the demand, claim, or lawsuit, the name of the party that was alleged to have violated the TCPA, the case numbers and courts of any lawsuits, and the compensation, money, or income that You received from each alleged violator.

9.    Identify all legal proceedings in which You have been involved in the last ten years, whether commenced by You or brought against You, providing the date the proceeding was commenced, appealed, and ultimately decided, a description of the proceedings, the courts, tribunals, and/or agencies, the names of the parties, including the date of the demand, claim, or lawsuit, and the ultimate resolutions of the proceedings.

10.     Identify all efforts and measures You have undertaken to preserve data and electronically stored information on Your devices that You used during January 2022 through September 2024 to browse Internet websites.

11.     Identify by name, mailing address, and, if applicable, URL of the applications and/or websites You have accessed via the Internet since January 2022 on a frequent basis (at least once every month) (e.g., Gmail, Hotmail, Amazon.com, Reddit, Facebook, Instagram, Yahoo, for social media, for shopping, for news or sports, bank websites or apps, brokerage firms or other financial websites or apps).

12.     For each application or website identified in response to Interrogatory No. 11, identify each of the following:  the name You use to log in or on Your account; Your User ID; the e-mail address associated with Your account or profile; the phone number associated with Your account for the application and/or website, and any other information You believe to be necessary to identify Your account.

13.     Identify all Virtual Private Network (VPN) services or IP-masking software You used or had installed on any device between January 1, 2022 and September 30, 2024, and state the reason for such use.

14.     Have You reported to any company or government entity that Your cellular telephone number or personal identity was "stolen," "spoofed," "hacked," or used without Your authorization? If so, for each such instance, identify the date, the company or government entity to which you made the report, how you made the report, the information You communicated, and the result or outcome of that report.

15.     Identify all facts supporting Your contention that someone other than You entered Your cellular telephone number that resulted in allegedly unwanted telephone calls or text messages to your cellular telephone number, including but not limited to submissions made on the websites smartfinancial.com, agilerates.com, healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, affordablehealthplans.org, and including but not limited to the individuals Igbinosa Obasuyi and Blessing Igbinedion.

16.     Identify any persons You authorized or directed to enter Your personal information (including Your name, phone number, or e-mail address) on any website, and include in your response the name, address, telephone number, and e-mail address of any such person, the date(s)

6

DEFENDANT'S FIRST SET OF INTERROGATORIES

on which they were so authorized or directed, the name and URL of the website(s), and the date(s) on which they entered Your personal information on each website.

17.    Identify Your health insurance carrier(s) from January 2022 through September 2024 and state whether You made any inquiries into alternative, replacement, or additional health insurance coverage during that period.

Dated:  January 28, 2026

GREENSPOON MARDER LLP

By: */s/ Roy Taub*
Jeffrey A. Backman (pro hac vice)
Roy Taub (pro hac vice)
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

Phillip Silvestri, Esq. (SBN 11276)
phillip@silvestri.com
Blackstone Trial Group
300 S. Fourth St.
Ste 1220
Las Vegas, NV 89101
702-908-3698

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

7

DEFENDANT'S FIRST SET OF INTERROGATORIES

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 28, 2026, a true and correct copy of the foregoing document was served by e-mail to:

KAZEROUNI LAW GROUP, APC
Mona Amini, Esq. (SBN: 15381)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 15084)
gustavo@kazlg.com
6940 S. Cimmaron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile (800) 520-5523

*Attorneys for Plaintiff*

By: */s/ Roy Taub*
ROY TAUB

8

DEFENDANT'S FIRST SET OF INTERROGATORIES

Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIN ROBERTSON on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | Case No.: 3:24-cv-00429-MMD-CSD<br><br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**    DEFENDANT US HEALTH ADVISORS, LLC

d/b/a USHEALTH GROUP

**RESPONDING PARTY:**    PLAINTIFF ERIN ROBERTSON

**SET NUMBER:**    FIRST (1)

Plaintiff Erin Robertson ("Plaintiff" or "Responding Party") hereby responds to Defendant USHealth Advisors, LLC d/b/a USHealth Group's ("Defendant" or "Propounding Party") First Set of Interrogatories in writing and under oath as follows:

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

This responding party and his counsel have not completed their discovery or preparation for trial nor have they completed their analysis and review of the investigation and other trial preparation matters, and subjects obtained or conducted to date. These responses therefore state the present information and analysis of the responding party and his counsel as acquired and reviewed to date without prejudice to this responding party's right to present additional facts, contentions or theories at trial based upon information, evidence or analysis hereafter obtained or evaluated. The following responses state the information, facts, evidence and contentions known to and evaluated by this responding party and his counsel.

This responding party further hereby provides the following responses without prejudice to further discovery and specifically reserves the right to present subsequently discovered evidence at trial of this action.

Each of the following responses and answers is rendered and based upon information in the possession of the responding party at the time of the preparation of these answers after diligent inquiry. Discovery will continue as long as permitted by statute or stipulation of the parties and the investigation of this responding party's attorneys and agents will continue to and throughout the trial of this action. This responding party therefore specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered and testimony from any witnesses whose identities may hereafter be discovered.

If any information has unintentionally been omitted from these responses, the interrogated party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses. This responding party has made every effort to obtain documentation necessary to respond to these interrogatories. These introductory comments shall apply to each and every answer given herein and shall be incorporated by reference as though fully set forth

in all of the interrogatory responses appearing on the following pages.  Finally, as some of these responses may have been ascertained by this responding party's attorneys and investigators, this responding party may not have personal knowledge of the information from which these responses are derived.

## General Objections

1.  Plaintiff objects to Defendant's discovery requests to the extent that they seek any information that is protected by any absolute or qualified privilege, the attorney work-product exemption, and the consulting-expert exemption.

2.  Plaintiff objects to Defendant's discovery requests on the grounds that they are excessively burdensome and that much of the information requested may be obtained by Defendant from other sources more conveniently, less expensively, and with less burden.

3.  There may be other and further information regarding the discovery requests propounded by Defendant of which Plaintiff, despite their reasonable investigation and inquiry, is presently unaware. Plaintiff reserves the right to modify or enlarge any answer with such pertinent additional information as he may subsequently discover.

4.  No incidental or implied admissions will be made by the responses. The fact that Plaintiffs may respond or object to any production request, or part thereof, shall not be deemed an answer because they were not drafted as production requests, but as factual statements that were intended to be subject to admission or denial. Therefore, all of the objections stated in Plaintiffs' responses to those requests for admission and answers to interrogatories are incorporated herein, as are all of Plaintiffs' answers to the requests for admission and answers to interrogatories as applicable.

5.  Plaintiffs object to any request for production of documents to the extent that it would impose upon Plaintiff greater duties than are set forth under the Federal

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

Rules of Civil Procedure, as applicable. Plaintiffs will supplement their responses to certain production requests as required by the applicable Rules of Civil Procedure.

6. Plaintiff objects to any request that falls outside the scope of allowed by 9 U.S.C § 4 (seeking contract formation and whether a valid arbitration agreement exists between Plaintiff and Defend) as currently limited pursuant to this Court's minute order granting Defendant's request for limited discovery and a 9 U.S.C. § 4 trial (see ECF No.62).

7. Plaintiff objects to the extent any Request seeks Plaintiff's personal Internet browsing history, device data, location data, cloud storage data, metadata, GPS, locations, or other information reflecting Plaintiff's personal digital activity across one or more electronic devices. The extraordinary burden and privacy intrusion associated with reconstructing years of personal Internet activity across multiple devices—including the potential need for forensic examination of personal devices and accounts—substantially outweigh any marginal relevance such information may have and render such requests disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

8. To the extent that any of these interrogatories call for responses which are protected by the attorney/client and/or attorney work product privileges, this responding party objects to said interrogatories on that basis.

9. To the extent that any of these interrogatories call for responses which are of a confidential and proprietary nature as protected by the United States Constitution and/or the California Constitution, this responding party objects to said interrogatories on that basis.

10. To the extent that any of the interrogatories call for responses which are protected by any additional privileges, this responding party objects to the answering of said interrogatories on that basis.

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

11. Each and every answer and statement contained herein is subject to any and all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any ground that would require exclusion from evidence if such answer or statement were made by a witness present and testifying at trial; all of which objections are expressly reserved and may be raised at future hearings.

Plaintiff adopts the above objections and incorporates each objection by reference into each specific response as if it were fully set forth therein.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify Your personal identifying information, including but not limited to Your full legal name, residential address(es) from September 2020 through the present date, business address(es) from September 2020 through the present date, date of birth, and Social Security Number.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the above General Objections, Plaintiff objects because this request is overbroad, invades privacy rights, and is disproportionate to the needs to this case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Erin Elizabeth Robertson

8200 Offenhauser Dr Apt 133A Reno NV 89511

1680 Sky Mountain Dr Apt. E119 Reno NV 89523

200 Talus Way #414 Reno NV 89503

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 2:**

Identify all persons likely to have discoverable information that You may use to support Your claims or defenses at trial in this action under 9 U.S.C. § 4, and for each such person include their name, address, telephone number, e-mail address, and a description of the subject(s) of their information.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the above General Objections, Plaintiff objects because this request is overbroad, vague and ambiguous, and not reasonably limited as to time. Plaintiff further objects to the extent this request calls for speculation, and calls for the production of documents or information protected by the attorney client and work-product privileges. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Charles Godkin, to be contacted through Plaintiff's attorneys. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO. 3:**

Identify and describe the following information relating to Your telephone service for the Subject Number: the name of the subscriber, the name of the carrier (e.g., AT&T, Verizon, etc.), the date(s) of service (for each carrier), whether the telephone number is associated with a residential line or some other type of phone (e.g., cellular telephone, business number, VoIP number), and if the Subject Number switched from being associated with one type of phone to another type of phone (e.g., cellular phone, residential line, or some other type of phone), identify when the switch occurred and the type of phones switched.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous as to the term "subscriber", not reasonably limited

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

as to time, and disproportionate to the needs of this case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

(1) (775) 624-4337, Verizon Wireless, cell phone, 2020-08/2024, Registered to Erin Robertson, account holder Gerald Robertson

(2) (775) 624-4337, Spectrum Mobile, cell Phone, 08/2024-Current Registered to Erin Robertson, acct holder Charles Godkin

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO. 4:**

Identify all electronic devices (e.g., computer, smartphone, tablet) You used to browse Internet websites that You have owned or would consider to be Yours from January 2022, February 2022, and March 2024 through September 2024.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the above General Objections, Plaintiff objects because this request is unintelligible as written, vague and ambiguous, and disproportionate to the needs of this case. Plaintiff further objects to the extent this request calls for the production of documents or information protected by the attorney client and work-product privileges. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff's cell phone. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO. 5:**

Identify all cloud storage accounts (e.g., iCloud, Google Drive, Dropbox) to which any device identified in Interrogatory No. 4 has synced or backed up data between January 2022 and the present, including the email address associated with each account.

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the above General Objections, Plaintiff objects because this request is overbroad, harassing, and disproportionate to the needs of this case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Google using erin85alk@gmail.com. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO. 6:**

Identify the service carrier/provider(s) in the months of January 2022, February 2022, and March 2024 through September 2024 for the Internet service at Your residence.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the above General Objections, Plaintiff objects because this request seeks information already known to or in the care of Propounding Party, and is disproportionate to the needs of this case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Spectrum. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO. 7:**

State for each year from 2020 through the present, the amount of compensation, money, or income that You received from a claimed violation of the Telephone Consumer Protection Act.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the above General Objections, Plaintiff objects because this request is overbroad, vague and ambiguous, harassing, oppressive, not reasonably limited as to time and scope, irrelevant, immaterial, disproportionate to the needs of this case, invades privacy rights of Plaintiff and third-parties, and seeks

-8-

PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES

information protected by the attorney client and work-product privileges, and is confidential.

**INTERROGATORY NO. 8:**

Identify all demands, claims, or lawsuits asserting violations of the TCPA that You have made or filed since September 2020, including the date of the demand, claim, or lawsuit, the name of the party that was alleged to have violated the TCPA, the case numbers and courts of any lawsuits, and the compensation, money, or income that You received from each alleged violator.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the above General Objections, Plaintiff objects because this request is compound, overbroad, vague and ambiguous, harassing, oppressive, unduly burdensome, not reasonably limited as to time and scope, irrelevant, immaterial, disproportionate to the needs of this case. Plaintiff further objects to this request as it seeks information available to Defendant by less burdensome means, and which Defendant already has. Further, this request is compound as it is asking three interrogatories disguised as one, thus far Propounding Party has asked 10 interrogatories. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO. 9:**

Identify all legal proceedings in which You have been involved in the last ten years, whether commenced by You or brought against You, providing the date the proceeding was commenced, appealed, and ultimately decided, a description of the proceedings, the courts, tribunals, and/or agencies, the names of the parties, including the date of the demand, claim, or lawsuit, and the ultimate resolutions of the proceedings.

**RESPONSE TO INTERROGATORY NO. 9:**

-9-

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

In addition to the above General Objections, Plaintiff objects because this request is overbroad, vague and ambiguous, harassing, oppressive, unduly burdensome, not reasonably limited in time and scope, irrelevant, immaterial, disproportionate to the needs of this case. Plaintiff further objects to the extent this request is duplicative as to Interrogatory No. 8 in seeking Plaintiff's prior legal history, seeks information available to Defendant by less burdensome means, invades privacy rights, and seeks information protected by the attorney client and work-product privileges. Further, this request is compound as it is asking three interrogatories disguised as one, thus far Propounding Party has asked 14 interrogatories. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

## INTERROGATORY NO. 10:

Identify all efforts and measures You have undertaken to preserve data and electronically stored information on Your devices that You used during January 2022 through September 2024 to browse Internet websites.

## RESPONSE TO INTERROGATORY NO. 10:

In addition to the above General Objections, Plaintiff objects to this Interrogatory because it is vague and ambiguous, overbroad, unduly burdensome, not reasonably limited in scope, and seeks information that is not proportional to the needs of the case. The Interrogatory is further objectionable to the extent it seeks information regarding "all efforts and measures" relating to unspecified "data and electronically stored information" across unidentified "devices," which renders the request vague and overly broad. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff did not undertake any special or extraordinary efforts to preserve browser history or other electronically stored information on personal devices prior to the initiation of this litigation as it

-10-
**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

she was not directed to do so nor had she thought of; Plaintiff did preserve screenshots of Defendant's violating communications. Plaintiff has retained devices currently in her possession and has not intentionally deleted or destroyed information relevant to the claims or defenses in this action after this lawsuit was filed. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO.  11:**

Identify by name, mailing address, and, if applicable, URL of the applications and/or websites You have accessed via the Internet since January 2022 on a frequent basis (at least once every month) (e.g., Gmail, Hotmail, Amazon.com, Reddit, Facebook, Instagram, Yahoo, for social media, for shopping, for news or sports, bank websites or apps, brokerage firms or other financial websites or apps).

**RESPONSE TO INTERROGATORY NO.  11:**

In addition to the above General Objections, Plaintiff objects to this Interrogatory because it is compound, vague, ambiguous, overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. The Interrogatory seeks information regarding all websites and applications Plaintiff has accessed on a "frequent basis" since January 2022, which is not limited to the website(s) Defendant contends generated the alleged consent at issue in this case. As drafted, the request improperly seeks Plaintiff's general internet browsing habits, which are irrelevant to the claims and defenses in this action and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The request further invades Plaintiff's privacy. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

-11-

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 12:**

For each application or website identified in response to Interrogatory No. 11, identify each of the following: the name You use to log in or on Your account; Your User ID; the e-mail address associated with Your account or profile; the phone number associated with Your account for the application and/or website, and any other information You believe to be necessary to identify Your account.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the above General Objections, Plaintiff objects to this Interrogatory because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably limited in scope. The Interrogatory seeks highly sensitive personal information, including usernames, user IDs, email addresses, and other identifying account information for unspecified "applications and/or websites" allegedly accessed by Plaintiff since January 2022. Such information is private, confidential, and not relevant to the claims or defenses in this action. The request is also disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Plaintiff further objects because this Interrogatory is premised on Plaintiff's response to Interrogatory No. 11, which Plaintiff objected to as overbroad and irrelevant to the claims and defenses in this action. Accordingly, no applications or websites have been identified in response to Interrogatory No. 11. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO. 13:**

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

Identify all Virtual Private Network (VPN) services or IP-masking software You used or had installed on any device between January 1, 2022 and September 30, 2024, and state the reason for such use.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, overbroad, not reasonably limited in time and scope, and disproportionate to the needs of this case. Plaintiff further objects to the extent this request seeks information not known to Plaintiff, invades privacy rights, and seeks information protected by the attorney client and work-product privileges. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: none were used or installed. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO. 14:**

Have You reported to any company or government entity that Your cellular telephone number or personal identity was "stolen," "spoofed," "hacked," or used without Your authorization? If so, for each such instance, identify the date, the company or government entity to which you made the report, how you made the report, the information You communicated, and the result or outcome of that report.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, overbroad, assumes facts not in evidence, and not reasonably limited in time and scope. Plaintiff further objects to the extent this request seeks information not known to Plaintiff, calls for speculation, and seeks information protected by the attorney client and work-product privileges. Further, this request is improperly compound as it is asking at minimum two interrogatories

-13-
PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES

disguised as one. Plaintiff is represented by counsel, who by virtue of counsel's representation of Plaintiff has acquired information and prepared documents relevant to the parties' claims or defenses. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff filed an FCC Complaint in June of 2024 regarding the calls she was receiving. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO.  15:**

Identify all facts supporting Your contention that someone other than You entered Your cellular telephone number that resulted in allegedly unwanted telephone calls or text messages to your cellular telephone number, including but not limited to submissions made on the websites smartfinancial.com, agilerates.com, healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, affordablehealthplans.org, and including but not limited to the individuals Igbinosa Obasuyi and Blessing Igbinedion.

**RESPONSE TO INTERROGATORY NO.  15:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, overbroad, harassing, calls for "all facts" in an oppressive manner, assumes facts not in evidence, is a premature contention interrogatory, not reasonably limited as to time, and calls for speculation. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has not visited the sites in question due to preexisting insurance with no plans to change and has no ties or connections to anyone named "Igbinosa Obasuyi" and "Blessing Igbinedion." Plaintiff has not researched, compared, investigated, or requested information from or even contacted any other health insurance company. Discovery is ongoing and Plaintiff reserves the right to

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO. 16:**

Identify any persons You authorized or directed to enter Your personal information (including Your name, phone number, or e-mail address) on any website, and include in your response the name, address, telephone number, and e-mail address of any such person, the date(s) on which they were so authorized or directed, the name and URL of the website(s), and the date(s) on which they entered Your personal information on each website.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, overbroad, harassing, assumes facts not in evidence, is not reasonably limited in time or scope, disproportionate to the needs of this case, and to the extent it invades privacy rights, and seeks information protected by the attorney client and work-product privileges. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has not authorized or directed anyone to enter her information. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**INTERROGATORY NO. 17:**

Identify Your health insurance carrier(s) from January 2022 through September 2024 and state whether You made any inquiries into alternative, replacement, or additional health insurance coverage during that period.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, overbroad, harassing, disproportionate to the needs of this case, and to the extent it invades privacy rights, and seeks information

protected by the attorney client and work-product privileges.  Further, this request is compound as it is asking at minimum two interrogatories disguised as one, thus Propounding Party has now surpassed the requests permitted by the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff utilizes Blue Cross Blue Shield and has not inquired into other health insurance coverage. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

Dated: March 13, 2026                              **KAZEROUNI LAW GROUP, APC**

                                     By: _/s/ Gustavo Ponce_
                                          Gustavo Ponce (NV Bar No. 15084)
                                          Mona Amini  (NV Bar No. 15381)
                                          6940 S. Cimarron Road, Suite 210
                                          Las Vegas, Nevada 89113
                                          *Attorneys for Plaintiff*

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIN ROBERTSON on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | Case No.: 3:24-cv-00429-MMD-CSD<br><br><br>**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO DEFENDANT USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**    DEFENDANT US HEALTH ADVISORS, LLC

d/b/a USHEALTH GROUP

**RESPONDING PARTY:**    PLAINTIFF ERIN ROBERTSON

**SET NUMBER:**    FIRST (1)

   Plaintiff Erin Robertson ("Plaintiff" or "Responding Party") hereby responds to Defendant USHealth Advisors, LLC d/b/a USHealth Group's ("Defendant" or "Propounding Party") First Set of Interrogatories in writing and under oath as follows:

This responding party and his counsel have not completed their discovery or preparation for trial nor have they completed their analysis and review of the investigation and other trial preparation matters, and subjects obtained or conducted to date. These responses therefore state the present information and analysis of the responding party and his counsel as acquired and reviewed to date without prejudice to this responding party's right to present additional facts, contentions or theories at trial based upon information, evidence or analysis hereafter obtained or evaluated. The following responses state the information, facts, evidence and contentions known to and evaluated by this responding party and his counsel.

This responding party further hereby provides the following responses without prejudice to further discovery and specifically reserves the right to present subsequently discovered evidence at trial of this action.

Each of the following responses and answers is rendered and based upon information in the possession of the responding party at the time of the preparation of these answers after diligent inquiry. Discovery will continue as long as permitted by statute or stipulation of the parties and the investigation of this responding party's attorneys and agents will continue to and throughout the trial of this action. This responding party therefore specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered and testimony from any witnesses whose identities may hereafter be discovered.

If any information has unintentionally been omitted from these responses, the interrogated party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses. This responding party has made every effort to obtain documentation necessary to respond to these interrogatories. These introductory comments shall apply to each and every answer given herein and shall be incorporated by reference as though fully set forth

**PLAINTIFF'S SUPPLEMETED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

in all of the interrogatory responses appearing on the following pages. Finally, as some of these responses may have been ascertained by this responding party's attorneys and investigators, this responding party may not have personal knowledge of the information from which these responses are derived.

### General Objections

1. Plaintiff objects to Defendant's discovery requests to the extent that they seek any information that is protected by any absolute or qualified privilege, the attorney work-product exemption, and the consulting-expert exemption.

2. Plaintiff objects to Defendant's discovery requests on the grounds that they are excessively burdensome and that much of the information requested may be obtained by Defendant from other sources more conveniently, less expensively, and with less burden.

3. There may be other and further information regarding the discovery requests propounded by Defendant of which Plaintiff, despite their reasonable investigation and inquiry, is presently unaware. Plaintiff reserves the right to modify or enlarge any answer with such pertinent additional information as he may subsequently discover.

4. No incidental or implied admissions will be made by the responses. The fact that Plaintiffs may respond or object to any production request, or part thereof, shall not be deemed an answer because they were not drafted as production requests, but as factual statements that were intended to be subject to admission or denial. Therefore, all of the objections stated in Plaintiffs' responses to those requests for admission and answers to interrogatories are incorporated herein, as are all of Plaintiffs' answers to the requests for admission and answers to interrogatories as applicable.

5. Plaintiffs object to any request for production of documents to the extent that it would impose upon Plaintiff greater duties than are set forth under the Federal

Rules of Civil Procedure, as applicable. Plaintiffs will supplement their responses to certain production requests as required by the applicable Rules of Civil Procedure.

6. Plaintiff objects to any request that falls outside the scope of allowed by 9 U.S.C § 4 (seeking contract formation and whether a valid arbitration agreement exists between Plaintiff and Defend) as currently limited pursuant to this Court's minute order granting Defendant's request for limited discovery and a 9 U.S.C. § 4 trial (see ECF No.62).

7. Plaintiff objects to the extent any Request seeks Plaintiff's personal Internet browsing history, device data, location data, cloud storage data, metadata, GPS, locations, or other information reflecting Plaintiff's personal digital activity across one or more electronic devices. The extraordinary burden and privacy intrusion associated with reconstructing years of personal Internet activity across multiple devices—including the potential need for forensic examination of personal devices and accounts—substantially outweigh any marginal relevance such information may have and render such requests disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

8. To the extent that any of these interrogatories call for responses which are protected by the attorney/client and/or attorney work product privileges, this responding party objects to said interrogatories on that basis.

9. To the extent that any of these interrogatories call for responses which are of a confidential and proprietary nature as protected by the United States Constitution and/or the California Constitution, this responding party objects to said interrogatories on that basis.

10. To the extent that any of the interrogatories call for responses which are protected by any additional privileges, this responding party objects to the answering of said interrogatories on that basis.

**PLAINTIFF'S SUPPLEMETED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES**

11. Each and every answer and statement contained herein is subject to any and all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any ground that would require exclusion from evidence if such answer or statement were made by a witness present and testifying at trial; all of which objections are expressly reserved and may be raised at future hearings.

Plaintiff adopts the above objections and incorporates each objection by reference into each specific response as if it were fully set forth therein.

**Supplemented and Amended Responses below in Bold.**

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 2:

Identify all persons likely to have discoverable information that You may use to support Your claims or defenses at trial in this action under 9 U.S.C. § 4, and for each such person include their name, address, telephone number, e-mail address, and a description of the subject(s) of their information.

### RESPONSE TO INTERROGATORY NO. 2:

In addition to the above General Objections, Plaintiff objects because this request is overbroad, vague and ambiguous, and not reasonably limited as to time. Plaintiff further objects to the extent this request calls for speculation, and calls for the production of documents or information protected by the attorney client and work-product privileges. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Charles Godkin, to be contacted through Plaintiff's attorneys. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Charles Godkin, to be contacted through Plaintiff's attorneys; as to calls Plaintiff received.**

## INTERROGATORY NO. 14:

Have You reported to any company or government entity that Your cellular telephone number or personal identity was "stolen," "spoofed," "hacked," or used without Your authorization? If so, for each such instance, identify the date, the company or government entity to which you made the report, how you made the report, the information You communicated, and the result or outcome of that report.

## RESPONSE TO INTERROGATORY NO. 14:

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, overbroad, assumes facts not in evidence, and not reasonably limited in time and scope. Plaintiff further objects to the extent this request seeks information not known to Plaintiff, calls for speculation, and seeks information protected by the attorney client and work-product privileges. Further, this request is improperly compound as it is asking at minimum two interrogatories disguised as one. Plaintiff is represented by counsel, who by virtue of counsel's representation of Plaintiff has acquired information and prepared documents relevant to the parties' claims or defenses. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff filed an FCC Complaint in June of 2024 regarding the calls she was receiving. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows: same as above; Plaintiff filed an FCC Complaint in June of 2024 regarding the calls she was receiving; but not necessarily that it was "Stolen", "Spoofed", or "hacked." Plaintiff searched how to stop incessant calls, and found the FCC complaint page.**

Dated: April 17, 2026

KAZEROUNI LAW GROUP, APC

By: _/s/ Gustavo Ponce_
      Gustavo Ponce (NV Bar No. 15084)
      Mona Amini  (NV Bar No. 15381)
      6940 S. Cimarron Road, Suite 210
      Las Vegas, Nevada 89113
      _Attorneys for Plaintiff_

PLAINTIFF'S SUPPLEMETED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF INTERROGATORIES

Phillip A. Silvestri, Esq. (Nevada Bar No. 11276)
Blackstone Trial Group
300 S. Fourth St.
Ste 1220
Las Vegas, NV 89101
702-908-3698
Email: phillip@silvestri.com

Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendant USHEALTH Advisors, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIN ROBERTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | CASE NO.: 3:24-cv-00429-MMD-CSD<br><br>**DEFENDANT USHEALTH ADVISORS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION** |

Defendant USHEALTH Advisors, LLC, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, requests that Plaintiff Erin Robertson respond within thirty (30) days of service of this First Request for Production of Documents and produce and permit inspection and copying of the documents and things described below.

## DEFINITIONS

1.      "You," "Your," "Plaintiff," and "Robertson" mean Erin Robertson, the individual, and/or any agents or representatives, including, without limits, any attorneys and/or other persons or entities acting, or purporting to act, on her behalf.

2.      "Lawsuit" or "Action" means the action filed in the United States District Court for the District of Nevada, captioned *Erin Robertson v. Plain-English Media, LLC d/b/a Plain-English Health Care d/b/a Strategic Health Care Marketing et al.*, Case No. 3:24-cv-00429-MMD-CSD.

3.      "Complaint" means the operative Complaint filed in this Lawsuit.

4.      "Defendant" and "USHEALTH" mean USHEALTH Advisors, LLC and anyone You contend was or is acting, or purporting to be acting, on its behalf.

5.      The term "TCPA" shall mean and refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227, and all regulations enacted pursuant thereto.

6.      The term "Text Message(s)" means all text messages (and, if alleged, any other form of solicitation) that you contend to have received from or on behalf of Defendant, including but not limited to those alleged in the Complaint.  Where appropriate, the term also means all text messages (and, if alleged, any other form of solicitation) that you contend any putative class member to have received from or on behalf of Defendant.

7.      "Subject Number" means the telephone number 775-624-4337.

8.      "Person," means any natural person or entity, including without limitation, any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity.  Any reference herein to any public or private company, partnership, association, or other entity include such entity's divisions, departments, subsidiaries, affiliates, predecessors, partners, present and former directors, officers, owners, shareholders, employees, attorneys, agents and all other persons acting or purporting to act on its behalf or subject to its direction or control.

9.      "Document(s)" means all written or graphic material and all copies containing any additional matter, however produced or reproduced, of any kind and description in the actual or constructive possession, custody, care or control of the Defendant, which pertain directly or indirectly, in whole or in part, to the subjects or any other matters relevant to this action, or which

- 2 -

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

are themselves listed below as specific documents, including, but not limited to, originals (or full and correct copies) of correspondence, papers, email, letters, other communications (including Communications, defined below), notes, memoranda, photographs, schematics and other drawings, computer or telephone "screen shots," sound recordings (including telephone call recordings), telephone bills, telephone call logs, books, records, reports, studies, analyses, estimates, plans, advertising, contracts, agreements, acknowledgment and consent forms, invoices, ledgers, journals, schedules, bank checks, charge slips, receipts, calendars, diaries, recordings, data sheets and Electronic Records (as defined below) in any form.

10.    "Electronic Records" and "ESI" mean a record created, generated, sent, communicated, received,  or stored by means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities, including but not limited to hard drive, server-based, cloud-based and/or Web-based documents and text on hard storage disks, external drives, jump-drives, CD-ROMs, DVD, optical discs, backup drives, printer buffers, smart cards, memory calculators, pagers, personal digital assistants, cellular telephones, computers and computer tablets, voice recording devices, answering machines, fax machine data and logs, and other data storage devices and/or compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  In response to this request, ESI should be produced in native format in a reasonable readable format, clearly labeled as to the kind of software used to prepare, organize, and manipulate the data contained.

11.    "Communications" mean any oral or written statement, dialogue, colloquy, discussion, correspondence, conversation, or other transfer of thoughts or ideas between persons and/or entities.

12.    "Relating" or "related to," "evidencing," "regarding," and "reflecting" mean directly or indirectly referring to, concerning, constituting, embodying, discussing, analyzing, reflecting, evidencing, mentioning, describing, pertaining to, arising out of, in connection with, or in any way legally, logically, or factually connected with the matter discussed.

13.    The conjunctions "and" and "or" mean "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively to exclude any information or documents otherwise within the scope of any Request.

14.    The term "each" means "each and every" and the term "every" means "each and every."

15.    All pronouns used herein shall include and be read to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be

- 3 -

interpreted to exclude any information or documents otherwise within the scope of the particular request.

**INSTRUCTIONS**

1.      This Request is continuing in nature and the answers and documents must be supplemented by You in the future as You ascertain or discover additional facts, information and/or documents that are responsive to this Request.  The supplemental information and/or documents shall be served upon the undersigned attorney(s) within a reasonable time after discovery.  The original of the responses are to be served on Defendant's attorneys at the offices of Greenspoon Marder LLP, 200 East Broward Boulevard, Suite 1800, Fort Lauderdale, Florida 33301.

2.      You are required to produce a document or tangible thing if it is within your possession, custody, or control.  Possession, custody or control includes constructive possession, such that You need not have actual physical possession.  As long as You have the right to compel the production from a third party (including a person, company, financial institution, agency, authority or representative), You are deemed to have possession, custody, or control.

3.      If You do not have any documents responsive to a particular numbered Request, please state so in writing.

4.      All documents must be produced in full, without abridgment, abbreviation or expurgation of any sort.  Identical copies of a document do not need to be produced, but if a version of a document contains notes or other writings that do not appear on other versions of the same document, it is a "non-identical copy" and must be produced.

5.      All documents must be produced as they are kept in the usual course of business or organized and labeled to correspond with the numbered Requests. The selection of documents from files and other sources shall be performed in a manner to ensure that the file or other source from which the document is obtained may be identified.

6.      If You cannot produce a responsive document after exercising due diligence to secure it, please state so in writing and provide the specific information called for by Instructions 7 or 8 below.

7.      If You contend that You are entitled to withhold any responsive document(s) on the basis of privilege,  attorney work product doctrine, or other grounds, for each such document specify: (a) the author(s), including their name and capacity or title; (b) type and subject matter of the document; (c) the name and capacity of all addressees and recipients of the original or copies thereof; (d) all persons to whom the document was distributed, shown or explained; (e) the date the document was created and/or dated; (f) the source of the factual information from which such

- 4 -

035

document was prepared; and (g) the nature of the privilege or other basis upon which You contend that You are entitled to withhold the document.

8.      If You contend that a responsive document has been lost, destroyed, placed beyond Your control, or otherwise disposed of, for each such document specify: (a) the author(s), including their name and capacity or title; (b) type, subject matter and physical size/number of pages of the document; (c) the date the document was created and/or dated; (d) the addressees and recipients of the original or copies thereof; (e) number of pages, attachments and appendices; (f) all persons to whom the document was distributed, shown or explained; (g) date of destruction or other disposition; (h) reason for destruction or other disposition; (i) person authorizing destruction or other disposition; (j) person destroying or otherwise disposing of document(s); and (k) if not destroyed, the person(s) or entity(s) in possession of document.

9.      Please produce all responsive documents with a Bates number or other distinguishing mark on each page or item that separately identifies it from all others.

10.     Documents should be segregated and identified with the numbered Request to which they are responsive.  If a particular document is responsive to more than one Request, please state so in writing.

SPECIFIC REQUESTS

Please produce all documents dated, created or modified during the time period September 23, 2020, through the date You finish responding to this Request for each of the following requests, unless another time period is specified:

1.      Logs of telephone solicitations that You created, maintained, or continue to maintain in connection with potential claims under the TCPA, including but not limited to electronic native versions of all such logs.

2.      Documents sufficient to identify the subscriber of the Subject Number.

3.      Documents reflecting all Communications or contact between You and Igbinosa Obasuyi.

4.      Documents reflecting all Communications or contact between You and Dr. Blessing Ose-Emenim Igbinedion.

5.      To the extent not already requested, Documents reflecting all Communications or contact between You and Blessing Igbinedion.

6.      Documents reflecting all Communications or contact between You and someone located in Nigeria and/or someone utilizing a phone number with a Nigeria area code.

7. Documents reflecting all Communications or contact between You and someone located in Virginia and/or someone utilizing a phone number with a Virginia area code.

8. Documents sufficient to identify all telephone numbers registered or assigned to You or for which You were otherwise the customary user since January 2020 and the type of telephone subscription (e.g., residential landline, cellular telephone, VoIP number, business number).

9. Documents sufficient to identify all telephone accounts and numbers used by You to make or receive text messages and/or telephone calls.

10. Copies of Your social media posts, including but not limited to posts on Facebook and Twitter, relating to the TCPA.

11. Copies of Your complaints or posts on websites, including government websites, relating to the TCPA.

12. Documents reflecting the Internet browsing history for the following dates for all devices and browsers You use to browse Internet websites:  January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and August 20, 2024.  For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as all browsing history from the dates request is produced.

13. Documents reflecting Internet browsing history from January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "SmartFinancial". (This would include, for example, the URL https://smartfinancial.com).  For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

14. Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "AgileRates". (This would include, for example, the URL https://agilerates.com).  For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

15. Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term:  "AffordableHealthPlans".  (This  would  include,  for  example,  the  URL

- 6 -

https://affordablehealthplans.org).  For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

16.    Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "HealthPlanRate". (This would include, for example, the URL https://healthplanrate.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

17.    Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term:    "HealthPlanMarket".    (This    would    include,    for    example,    the    URL https://healthplanmarket.com).  For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

18.    Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term:    "PickHealthInsurance".    (This    would    include,    for    example,    the    URL https://pickhealthinsurance.com).  For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

19.    Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "Compare-Health-Plans". (This would include, for example, the URL https://compare-health-plans.com).  For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

20.    Documents showing that You or someone with access to Your devices visited the website https://compare-health-plans.org or any other website with the term "Compare-Health-Plans" in its website address/URL on any device You use or have used from January 2022 through the present date.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

21.     Documents showing that You or someone with access to Your devices visited the website https://agilerates.org or any other website with the term "AgileRates" in its website address/URL on any device You use or have used from January 2022 through the present date.

22.     Documents showing that You or someone with access to Your devices visited the website https://healthplanmarket.org or any other website with the term "HealthPlanMarket" in its website address/URL on any device You use or have used from January 2022 through the present date.

23.     Documents showing that You or someone with access to Your devices visited the website https://affordablehealthplans.org or any other website with the term "AffordableHealthPlans" in its website address/URL on any device You use or have used from January 2022 through the present date.

24.     Documents showing that You or someone with access to Your devices visited the website https://pickhealthinsurance.org or any other website with the term "PickHealthInsurance" in its website address/URL on any device You use or have used from January 2022 through the present date.

25.     Documents showing that You or someone with access to Your devices visited the website https://healthplanrate.com or any other website with the term "HealthPlanRate" in its website address/URL on any device You use or have used from January 2022 through the present date.

26.     Documents showing that You or someone with access to Your devices visited the website https://smartfinancial.com or any other website with the term "SmartFinancial" in its website address/URL on any device You use or have used from January 2022 through the present date.

27.     Documents sufficient to identify any and all Internet Protocol ("IP") address(es) assigned to You or devices You use to browse Internet websites, including but not limited to any laptop, desktop, notebook, tablet, cellular telephone, or other devices that You use to browse Internet websites, from January 2022 through September 2024.

28.     Documents sufficient to identify your internet service provider(s).

29.     Non-privileged Documents and Communications, including but not limited to any text messages, e-mails, or browser histories, containing any of the following terms:

    a.   AfforableHealthPlans

    b.   "Affordable Health Plans"

    c.   HealthPlanRate

- 8 -

039

d. "Health Plan Rate"

e. SmartFinancial

f. "Smart Financial"

g. Agilerates

h. "Agile rates"

i. HealthPlanMarket

j. "Health Plan Market"

k. Pickhealthinsurance

l. "Pick Health Insurance"

m. Compare-health-plans

n. "Compare Health Plans"

30. Documents sufficient to establish that You used the e-mail address erin85alk@gmail.com on January 11, 2022, including by producing any e-mail message sent by or to you on or around that date containing that e-mail address.

31. Documents sufficient to establish that You used the e-mail address erin85alk@gmail.com on February 10, 2022, including by producing any e-mail message sent by or to you on or around that date containing that e-mail address.

32. Documents and Communications, including but not limited to any text messages, e-mails, or browser histories, containing the term "igbins2@yahoo.com".

33. Documents and Communications relating to Dr. Blessing Ose-Emenim Igbinedion.

34. Documents and Communications relating to Blessing Igbinedion.

35. Documents and Communications relating to Igbinosa Obasuyi.

36. Documents sufficient to identify all email addresses owned, used, or controlled by You from September 2020 to the present.

37. Documents sufficient to identify Your cellular telephone service provider(s) between January 2022 and September 2024.

38. Documents sufficient to reflect when You began using the Subject Number including but not limited to invoices, receipts, purchase statements, or billing statements for or showing the purchase or acquisition of said cellular telephone.

39. Documents sufficient to establish that You used the phone number (775) 624-4337 from January 2022 through September 2024, including by producing a copy or screenshot of Your phone call history.

40. Your cellular telephone GPS data, also known as cell site data, for the Subject

- 9 -

Number on the following dates:  January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and/or August 20, 2024.  To the extent You do not have these records in Your physical possession, You are requested to exercise Your right to request a 'Subscriber Data Download' or 'Privacy Report' from Verizon and produce the resulting file.

41.     Documents sufficient to establish Your physical location(s), including Wi-Fi logs, smart home device logs (e.g. Nest, Ring, or Alexa), or any location-enabled app data (e.g. Life360) on the following dates and times:

a.   March 29, 2024 at 12:06 PM PST.

b.   March 29, 2024 at 12:14 PM PST.

c.   March 30, 2024 at 12:57 AM PST.

d.   April 8, 2024 at 9:53 AM PST.

e.   April 24, 2024 at 12:35 PM PST.

f.   May 30, 2024 at 12:19 PM PST.

g.   May 31, 2024 at 5:37 AM PST.

h.   July 3, 2024 at 9:22 AM PST.

i.   July 10, 2024 at 9:45 AM PST.

42.     Documents relating to, constituting reports of, or reflecting data downloads from any location-tracking services linked to Your devices (e.g., Google Maps, Apple Maps/Significant Locations) on the dates of January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and/or August 20, 2024.

43.     Documents reflecting or relating to any reports of identity theft, unauthorized account access, "account takeover," or "spoofing" of Your personal information (including Your cellular telephone number) from September 2020 to the present.

44.     All non-privileged Communications with any person or entity regarding the use of Your name, cellular telephone number, or email address on websites, including but not limited to smartfinancial.com, agilerates.com, healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, or affordablehealthplans.org.

45.     All non-privileged Communications with any person or entity regarding the authorized use of Your name, cellular telephone number, or email address on the websites smartfinancial.com, agilerates.com, healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, or affordablehealthplans.org.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

46.     All non-privileged Communications with any person or entity regarding the unauthorized use of Your name, cellular telephone number, or email address on the websites smartfinancial.com, agilerates.com, healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, or affordablehealthplans.org.

47.     Documents sufficient to establish that You have been fully insured for health coverage since 2020, such as insurance cards or proof of coverage letters.

48.     Documents relating to or reflecting any software or applications installed on Your devices used for virtual private networks ("VPNs"), proxy servers, or IP-address masking during the period of January 2022 through September 2024, including but not limited to receipts, purchase orders, and instruction manuals.

49.     Documents sufficient to identify any "browser extensions" or "plug-ins" installed on Your devices that are capable of masking or altering Your IP address (e.g., Proxy extensions, Tor browser, or "Private Relay" settings).

50.     Documents reflecting any subscription, payment, or billing records for VPN services associated with Your name, Your email addresses, or Your credit/debit cards from January 2022 through September 2024.

51.     Documents sufficient to identify any and all VPN service providers used by You or any member of Your household from January 2022 through September 2024.

52.     Usage logs or connection history for any VPN service for the following dates: January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and August 20, 2024.

53.     Documents sufficient to identify all demands, claims, or lawsuits asserting violations of the TCPA that You have made or filed or that have been made or filed on Your behalf, including but not limited to demand letters.

54.     Documents sufficient to identify other lawsuits You have filed or commenced since January 2020 including, but not limited to, demand letters and pre-suit correspondence.

55.     Documents from September 23, 2020 to the present sufficient to reflect any assertion by a company that You have accused of violating the TCPA that You gave consent to receive the telephone call or text message that You claimed violated the TCPA.

56.     Documents from September 23, 2020 to the present relating to any assertion by a company that You have accused of violating the TCPA that You gave consent to receive the telephone call or text message that You claimed violated the TCPA.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

57.    Documents sufficient to reflect any and all compensation, money, or income that You received from a claimed violation of the TCPA, including but not limited to W-9 forms.

58.    Documents sufficient to reflect Your total income in all years in which You received compensation, money, or income from a claimed violation of the TCPA, including but not limited to tax returns or pay statements.

59.    Documents, including associated metadata, reflecting which devices and/or IP addresses signed into or uploaded data onto Your "cloud" or internet-based e-mail or data storage accounts or services in the months of January 2022 through September 2024, including but not limited to backups of data stores on such accounts or services. These "cloud" or internet-based data storage accounts include but are not limited to iCloud, Google Drive, OneDrive, Box.com, and DropBox.

60.    Backups, including associated metadata, of any devices You used in the months of January 2022 through September 2024 to access the Internet, including but not limited to Your personal computers, cellular telephones, and tablets (such as an iPad).

61.    Pleadings, petitions, or any other initiating documents in any and all legal proceedings before a court, tribunal, agency, or other governmental body in which You have been involved in the last ten years, whether commenced by You or brought against You.

62.    Documents constituting sworn testimony You have provided before a court, tribunal, agency, or other governmental body, including verified pleadings or other court filings, affidavits, verified interrogatory responses, and testimony at hearings, proceedings, or trials in any and all legal proceedings before a court, tribunal, agency, or other governmental body in which You have been involved in the last ten years, whether commenced by You or brought against You.

63.    Documents relating to any instances in which You were convicted of a crime involving a dishonest or false statement in the last 10 years.

64.    Documents related to internet forums or other online resources about the TCPA or other consumer laws – for example, the website https://www.robocalls.cash and the associated forum – including but not limited to any messages or posts You submitted on such forums or online resources.

65.    Documents related to any Communications with anyone associated with any internet forms or other online resources about the TCPA or other consumer laws – for example, the website https://www.robocalls.cash and the associated forum – including but not limited to any messages or posts You submitted on such forums or online resources.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

66.    Documents You produced or served in the lawsuit *Erin Robertson v. Mortgage Research Center, LLC d/b/a Veterans United Home Loans*, Case No. 2:24-cv-04106-BCW (W.D. Mo.), relating to that defendant's counterclaim against you for fraud, including but not limited to documents produced in discovery and written discovery responses.

67.    To the extent not already requested, Documents reflecting any sworn testimony You provided in the lawsuit *Erin Robertson v. Mortgage Research Center, LLC d/b/a Veterans United Home Loans*, Case No. 2:24-cv-04106-BCW (W.D. Mo.).

68.    All Documents You intend to rely upon at the 9 U.S.C. § 4 trial in this action.

Dated:  January 28, 2026                              GREENSPOON MARDER LLP

By: */s/ Roy Taub*
Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

Phillip Silvestri, Esq. (SBN 11276)
phillip@silvestri.com
Blackstone Trial Group
300 S. Fourth St.
Ste 1220
Las Vegas, NV 89101
702-908-3698

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that, on January 28, 2026, a true and correct copy of the foregoing document was served by e-mail to:


KAZEROUNI LAW GROUP, APC
Mona Amini, Esq. (SBN: 15381)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 15084)
gustavo@kazlg.com
6940 S. Cimmaron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile (800) 520-5523

*Attorneys for Plaintiff*

By: */s/ Roy Taub*
   ROY TAUB

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIN ROBERTSON on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | Case No.: 3:24-cv-00429-MMD-CSD<br><br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP'S FIRST SET OF REQUESTS FOR PRODUCTION** |

**PROPOUNDING PARTY:**   DEFENDANT US HEALTH ADVISORS, LLC

d/b/a USHEALTH GROUP,

**RESPONDING PARTY:**   PLAINTIFF ERIN ROBERTSON

**SET NUMBER:**   FIRST (1)

Plaintiff Erin Robertson ("Plaintiff" or "Responding Party") hereby responds to Defendant USHealth Advisors, LLC d/b/a USHealth Group's ("Defendant" or "Propounding Party") First Set of Requests for Production in writing and under oath as follows:

---

-1-

This responding party and his counsel have not completed their discovery or preparation for trial nor have they completed their analysis and review of the investigation and other trial preparation matters, and subjects obtained or conducted to date.  These responses therefore state the present information and analysis of the responding party and his counsel as acquired and reviewed to date without prejudice to this responding party's right to present additional facts, contentions or theories at trial based upon information, evidence or analysis hereafter obtained or evaluated.  The following responses state the information, facts, evidence and contentions known to and evaluated by this responding party and his counsel.

This responding party further hereby provides the following responses without prejudice to further discovery and specifically reserves the right to present subsequently discovered evidence at trial of this action.

Each of the following responses and answers is rendered and based upon information in the possession of the responding party at the time of the preparation of these answers after diligent inquiry.  Discovery will continue as long as permitted by statute or stipulation of the parties and the investigation of this responding party's attorneys and agents will continue to and throughout the trial of this action.  This responding party therefore specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered and testimony from any witnesses whose identities may hereafter be discovered.

If any information has unintentionally been omitted from these responses, the interrogated party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.  This responding party has made every effort to obtain documentation necessary to respond to these interrogatories.  These introductory comments shall apply to each and every answer given herein and shall be incorporated by reference as though fully set forth

in all of the interrogatory responses appearing on the following pages.  Finally, as some of these responses may have been ascertained by this responding party's attorneys and investigators, this responding party may not have personal knowledge of the information from which these responses are derived.

### General Objections

1.  Plaintiff objects to Defendant's discovery requests to the extent that they seek any information that is protected by any absolute or qualified privilege, the attorney work-product exemption, and the consulting-expert exemption.

2.  Plaintiff objects to Defendant's discovery requests on the grounds that they are excessively burdensome and that much of the information requested may be obtained by Defendant from other sources more conveniently, less expensively, and with less burden.

3.  There may be other and further information regarding the discovery requests propounded by Defendant of which Plaintiff, despite their reasonable investigation and inquiry, is presently unaware. Plaintiff reserves the right to modify or enlarge any answer with such pertinent additional information as he may subsequently discover.

4.  No incidental or implied admissions will be made by the responses. The fact that Plaintiffs may respond or object to any production request, or part thereof, shall not be deemed an answer because they were not drafted as production requests, but as factual statements that were intended to be subject to admission or denial. Therefore, all of the objections stated in Plaintiffs' responses to those requests for admission and answers to interrogatories are incorporated herein, as are all of Plaintiffs' answers to the requests for admission and answers to interrogatories as applicable.

5.  Plaintiffs object to any request for production of documents to the extent that it would impose upon Plaintiff greater duties than are set forth under the Federal

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION** 048

Rules of Civil Procedure, as applicable. Plaintiffs will supplement their responses to certain production requests as required by the applicable Rules of Civil Procedure.

6. Plaintiff objects to any request that falls outside the scope of allowed by 9 U.S.C § 4 (seeking contract formation and whether a valid arbitration agreement exists between Plaintiff and Defend) as currently limited pursuant to this Court's minute order granting Defendant's request for limited discovery and a 9 U.S.C. § 4 trial (see ECF No.62).

7. Plaintiff objects to the extent any Request seeks Plaintiff's personal Internet browsing history, device data, location data, cloud storage data, metadata, GPS, locations, or other information reflecting Plaintiff's personal digital activity across one or more electronic devices. The extraordinary burden and privacy intrusion associated with reconstructing years of personal Internet activity across multiple devices—including the potential need for forensic examination of personal devices and accounts—substantially outweigh any marginal relevance such information may have and render such requests disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

8. To the extent that any of these interrogatories call for responses which are protected by the attorney/client and/or attorney work product privileges, this responding party objects to said interrogatories on that basis.

9. To the extent that any of these interrogatories call for responses which are of a confidential and proprietary nature as protected by the United States Constitution and/or the California Constitution, this responding party objects to said interrogatories on that basis.

10. To the extent that any of the interrogatories call for responses which are protected by any additional privileges, this responding party objects to the answering of said interrogatories on that basis.

-4-

11. Each and every answer and statement contained herein is subject to any and all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any ground that would require exclusion from evidence if such answer or statement were made by a witness present and testifying at trial; all of which objections are expressly reserved and may be raised at future hearings.

Plaintiff adopts the above objections and incorporates each objection by reference into each specific response as if it were fully set forth therein.

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Logs of telephone solicitations that You created, maintained, or continue to maintain in connection with potential claims under the TCPA, including but not limited to electronic native versions of all such logs.

**RESPONSE TO REQUEST NO. 1:**

In addition to the above General Objections, Plaintiff objects because this request is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request calls for the production of documents or information protected by the attorney-client and work-product privileges. Plaintiff is represented by counsel, who by virtue of counsel's representation of Plaintiff has acquired information and prepared documents relevant to the parties' claims or defenses. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession in Plaintiff's Document Production attached, if they exist. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Documents sufficient to identify the subscriber of the Subject Number.

**RESPONSE TO REQUEST NO. 2:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents equally available and/or already in the possession, custody or control of Defendant, is confusing, vague and ambiguous, is not reasonably limited as to time. Plaintiff is represented by counsel, who by virtue of counsel's representation of Plaintiff has acquired information and prepared documents relevant to the parties' claims or defenses. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if any exist. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Documents reflecting all Communications or contact between You and Igbinosa Obasuyi.

**RESPONSE TO REQUEST NO. 3:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in possession, custody or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: there are none; Plaintiff does not know anyone under that name.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Documents reflecting all Communications or contact between You and Dr. Blessing Ose-Emenim Igbinedion.

---

**RESPONSE TO REQUEST NO. 4:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in possession, custody or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: there are none; Plaintiff does not know anyone under that name.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

To the extent not already requested, Documents reflecting all Communications or contact between You and Blessing Igbinedion.

**RESPONSE TO REQUEST NO. 5:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in possession, custody or control of Plaintiff, is unduly burdensome, is duplicative of Request No. 4 as both simply seek "all communications" which has been asked and answered, oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: see response to request number 4. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Documents reflecting all Communications or contact between You and someone located in Nigeria and/or someone utilizing a phone number with a Nigeria area code.

**RESPONSE TO REQUEST NO. 6:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in possession, custody or control of Plaintiff, is

unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff has never called anyone in Nigeria and does not know anyone that lives in Nigeria.  Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  7:**

Documents reflecting all Communications or contact between You and someone located in Virginia and/or someone utilizing a phone number with a Virginia area code.

**RESPONSE TO REQUEST NO.  7:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in possession, custody or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff has never called anyone in Virginia and does not know anyone that lives in Virginia.  Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Documents sufficient to identify all telephone numbers registered or assigned to You or for which You were otherwise the customary user since January 2020 and the type of telephone subscription (e.g., residential landline, cellular telephone, VoIP number, business number).

**RESPONSE TO REQUEST NO. 8:**

In addition to the above General Objections, Plaintiff objects because this request seeks information available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, is oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession in Plaintiff's Document Production attached. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Documents sufficient to identify all telephone accounts and numbers used by You to make or receive text messages and/or telephone calls.

**RESPONSE TO REQUEST NO. 9:**

In addition to the above General Objections, Plaintiff objects because this request seeks information available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, is oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and

work-product privileges. Plaintiff is represented by counsel, who—by virtue of counsel's representation of Plaintiff—has acquired information and prepared documents relevant to the parties' claims or defenses. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff has only used her cell phone to make calls and send text messages; Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if any exist. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  10:**

Copies of Your social media posts, including but not limited to posts on Facebook and Twitter, relating to the TCPA.

**RESPONSE TO REQUEST NO.  10:**

In addition to the above General Objections, Plaintiff objects because this request seeks information available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, is oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  11:**

Copies of Your complaints or posts on websites, including government websites, relating to the TCPA.

**RESPONSE TO REQUEST NO.  11:**

In addition to the above General Objections, Plaintiff objects because this request seeks information available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, is oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of

-10-

PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION 055

this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if any exist. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Documents reflecting the Internet browsing history for the following dates for all devices and browsers You use to browse Internet websites: January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and August 20, 2024. For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as all browsing history from the dates request is produced.

**RESPONSE TO REQUEST NO. 12:**

In addition to the above General Objections, Plaintiff objects because this request is unduly burdensome, requires overly burdensome compilation, is oppressive and harassing, not reasonably limited in scope, invades privacy rights, and is disproportionate to the needs of this case. Plaintiff further objects to this Request because it is overly broad, and unduly burdensome. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers for multiple dates spanning more than two years. Such information would require extensive examination of Plaintiff's personal electronic devices and would reveal substantial amounts of private, irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request is not

reasonably limited to the specific website(s) Defendant contends generated the alleged consent at issue in this case and instead seeks broad categories of Plaintiff's personal internet activity. The extraordinary burden and privacy intrusion associated with reconstructing years of personal Internet browsing activity across a device or devices substantially outweighs any marginal relevance the requested information may have and render the Request disproportionate under Federal Rule of Civil Procedure 26(b)(1). Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website(s) Defendant contends generated the alleged consent associated with the telephone number at issue in this case. Further, Defendant has subpoenaed third parties requesting this information so Defendant should have this information already. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  13:**

Documents reflecting Internet browsing history from January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "SmartFinancial". (This would include, for example, the URL https://smartfinancial.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

**RESPONSE TO REQUEST NO.  13:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**

and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "SmartFinancial" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website SmartFinancial.com or any website containing the term "SmartFinancial." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  14:**

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "AgileRates". (This would include, for example, the URL https://agilerates.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

**RESPONSE TO REQUEST NO.  14:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term

"AgileRates" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website https://agilerates.com or any website containing the term "AgileRates." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  15:**

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "AffordableHealthPlans". (This would include, for example, the URL https://affordablehealthplans.org). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

**RESPONSE TO REQUEST NO.  15:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "AffordableHealthPlans" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website

affordablehealthplans.org or any website containing the term "AffordableHealthPlans." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "HealthPlanRate". (This would include, for example, the URL https://healthplanrate.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

**RESPONSE TO REQUEST NO. 16:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "HealthPlanRate" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website healthplanrate.com or any website containing the term "HealthPlanRate." Discovery is ongoing and Plaintiff reserves

---

the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  17:**

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "HealthPlanMarket". (This would include, for example, the URL https://healthplanmarket.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

**RESPONSE TO REQUEST NO.  17:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "HealthPlanMarket" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website healthplanmarket.com or any website containing the term "HealthPlanMarket." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  18:**

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "PickHealthInsurance". (This would include, for example, the URL https://pickhealthinsurance.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

**RESPONSE TO REQUEST NO.  18:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "PickHealthInsurance" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website pickhealthinsurance.com or any website containing the term "PickHealthInsurance." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  19:**

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "Compare-Health-Plans". (This would include, for example, the URL https://compare-health- plans.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

**RESPONSE TO REQUEST NO.  19:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "Compare-Health-Plans" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website compare-health- plans.com or any website containing the term "Compare-Health-Plans." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  20:**

Documents showing that You or someone with access to Your devices visited the website https://compare-health-plans.org or any other website with the

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION** 063

term "Compare-Health- Plans" in its website address/URL on any device You use or have used from January 2022 through the present date.

**RESPONSE TO REQUEST NO. 20:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "Compare-Health-Plans" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website compare-health-plans.org or any website containing the term "Compare-Health-Plans." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Documents showing that You or someone with access to Your devices visited the website https://agilerates.org or any other website with the term "AgileRates" in its website address/URL on any device You use or have used from January 2022 through the present date.

**RESPONSE TO REQUEST NO. 21:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The

Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "AgileRates" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website agilerates.org or any website containing the term "AgileRates." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  22:**

Documents showing that You or someone with access to Your devices visited the website https://healthplanmarket.org or any other website with the term "HealthPlanMarket" in its website address/URL on any device You use or have used from January 2022 through the present date.

**RESPONSE TO REQUEST NO.  22:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term

"HealthPlanMarket" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website healthplanmarket.org or any website containing the term "HealthPlanMarket." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Documents showing that You or someone with access to Your devices visited the website https://affordablehealthplans.org or any other website with the term "AffordableHealthPlans" in its website address/URL on any device You use or have used from January 2022 through the present date.

**RESPONSE TO REQUEST NO. 23:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "AffordableHealthPlans" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website affordablehealthplans.org or any website containing the term "AffordableHealthPlans." Discovery is ongoing and Plaintiff reserves the right to

supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

Documents showing that You or someone with access to Your devices visited the website https://pickhealthinsurance.org or any other website with the term "PickHealthInsurance" in its website address/URL on any device You use or have used from January 2022 through the present date.

**RESPONSE TO REQUEST NO. 24:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "PickHealthInsurance" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website pickhealthinsurance.org or any website containing the term "PickHealthInsurance." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

Documents showing that You or someone with access to Your devices visited the website https://healthplanrate.com or any other website with the term

"HealthPlanRate" in its website address/URL on any device You use or have used from January 2022 through the present date.

**RESPONSE TO REQUEST NO.  25:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "HealthPlanRate" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website healthplanrate.com or any website containing the term "HealthPlanRate." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  26:**

Documents showing that You or someone with access to Your devices visited the website https://smartfinancial.com or any other website with the term "SmartFinancial" in its website address/URL on any device You use or have used from January 2022 through the present date.

**RESPONSE TO REQUEST NO.  26:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The

Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "SmartFinancial" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website smartfinancial.com or any website containing the term "SmartFinancial." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  27:**

Documents sufficient to identify any and all Internet Protocol ("IP") address(es) assigned to You or devices You use to browse Internet websites, including but not limited to any laptop, desktop, notebook, tablet, cellular telephone, or other devices that You use to browse Internet websites, from January 2022 through September 2024.

**RESPONSE TO REQUEST NO.  27:**

In addition to the above General Objections, Plaintiff objects to this Request because it is overly broad, unduly burdensome, not reasonably limited in scope, and disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The Request seeks documents identifying any and all Internet Protocol ("IP") addresses assigned to Plaintiff or devices used by Plaintiff over a period of more than two years and assumes that such information is maintained by Plaintiff. Plaintiff further objects because historical IP address assignment information is typically maintained by internet service providers and is not information ordinarily

within a consumer's possession, custody, or control. Subject to and without waiving the foregoing objections, Plaintiff states that she is not in possession of any documents identifying historical IP addresses assigned to her or to devices she used to browse the Internet during the time period referenced in this Request. After a reasonable search, Plaintiff has not identified any responsive documents. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Documents sufficient to identify your internet service provider(s).

**RESPONSE TO REQUEST NO. 28:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents available to Defendant by less burdensome means, is oppressive and harassing, overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession in Plaintiff's Document Production attached. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Non-privileged Documents and Communications, including but not limited to any text messages, e-mails, or browser histories, containing any of the following terms:

a. AfforableHealthPlans

b. "Affordable Health Plans"

c. HealthPlanRate

d. "Health Plan Rate"

e. SmartFinancial

f. "Smart Financial"

g. Agilerates

h. "Agile rates"

i. HealthPlanMarket

j. "Health Plan Market"

k. Pickhealthinsurance

l. "Pick Health Insurance"

m. Compare-health-plans

n. "Compare Health Plans"

**RESPONSE TO REQUEST NO. 29:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in the possession, custody, or control of Plaintiff, is unduly burdensome, requires overly burdensome compilation, is oppressive and harassing, is compound, is overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights of Plaintiff or third-parties. The Request seeks documents and communications containing a wide range of search terms across Plaintiff's personal communications and electronic data over a period of multiple years, including text messages, emails, and browser histories. Compliance would be burdensom. Plaintiff further objects to the extent this Request seeks browser histories or other electronically stored information that is not within Plaintiff's possession, custody, or control or that would require extensive extraction from personal devices. Subject to and without waiving the foregoing objections, after a reasonable search of non-privileged documents and communications within Plaintiff's possession, custody, or control, Plaintiff has not identified any

responsive documents. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  30:**

Documents sufficient to establish that You used the e-mail address erin85alk@gmail.com on January 11, 2022, including by producing any e-mail message sent by or to you on or around that date containing that e-mail address.

**RESPONSE TO REQUEST NO.  30:**

In addition to the above General Objections, Plaintiff objects to this request on the grounds it is unduly burdensome, is oppressive and harassing, is overbroad, not reasonably limited in scope, and is disproportionate to the needs of this case. The Request seeks production of Plaintiff's private email communications from more than two years ago and would require Plaintiff to search and produce personal emails unrelated to the claims or defenses in this action. Plaintiff further objects to the extent the Request seeks information that is cumulative of information already known to Defendant or equally available to Defendant through its own records. Subject to and without waiving the foregoing objections, Plaintiff further objects because the Request seeks Plaintiff's private email communications and is not reasonably tailored to the claims or defenses in this action. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  31:**

Documents sufficient to establish that You used the e-mail address erin85alk@gmail.com on February 10, 2022, including by producing any e-mail message sent by or to you on or around that date containing that e-mail address.

-27-
**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION** 072

**RESPONSE TO REQUEST NO. 31:**

In addition to the above General Objections, Plaintiff objects to this request on the grounds it is unduly burdensome, is oppressive and harassing, is overbroad, not reasonably limited in scope, and is disproportionate to the needs of this case. The Request seeks production of Plaintiff's private email communications from more than two years ago and would require Plaintiff to search and produce personal emails unrelated to the claims or defenses in this action. Plaintiff further objects to the extent the Request seeks information that is cumulative of information already known to Defendant or equally available to Defendant through its own records. Subject to and without waiving the foregoing objections, Plaintiff further objects because the Request seeks Plaintiff's private email communications and is not reasonably tailored to the claims or defenses in this action. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

Documents and Communications, including but not limited to any text messages, e-mails, or browser histories, containing the term "igbins2@yahoo.com".

**RESPONSE TO REQUEST NO. 32:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in the possession, custody, or control of Plaintiff, is unduly burdensome, is oppressive and harassing, is overbroad, not reasonably limited in scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: the email igbins@yahoo.com is not hers, is not related to

anyone she knows, she has never used that email for anything, has never emailed anyone with that email nor received emails from that email. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  33:**

Documents and Communications relating to Dr. Blessing Ose-Emenim Igbinedion.

**RESPONSE TO REQUEST NO.  33:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in the possession, custody, or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request is duplicative of Requests for Production No. 4 and 5 which call for "all communications" with Igbinedion which has been asked and answered, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see above. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  34:**

Documents and Communications relating to Blessing Igbinedion.

**RESPONSE TO REQUEST NO.  34:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in the possession, custody, or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request is duplicative of Requests for Production No. 4, 5, and 33 which call for

**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION** 074

"communications" with Igbinedion whom Plaintiff interprets as the same person; and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see above. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  35:**

Documents and Communications relating to Igbinosa Obasuyi.

**RESPONSE TO REQUEST NO.  35:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in the possession, custody, or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request is duplicative of Requests for Production No. 3 which calls for "all communications" with Obasuyi which have been asked and answered, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see above. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  36:**

Documents sufficient to identify all email addresses owned, used, or controlled by You from September 2020 to the present.

**RESPONSE TO REQUEST NO.  36:**

In addition to the above General Objections, is unduly burdensome, oppressive and harassing, asked and answered, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this

request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see above Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:**

Documents sufficient to identify Your cellular telephone service provider(s) between January 2022 and September 2024.

**RESPONSE TO REQUEST NO. 37:**

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome means, asked and answered, is unduly burdensome, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see above. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 38:**

Documents sufficient to reflect when You began using the Subject Number including but not limited to invoices, receipts, purchase statements, or billing statements for or showing the purchase or acquisition of said cellular telephone.

**RESPONSE TO REQUEST NO. 38:**

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome

-31-
**PLAINTIFF'S RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION** 076

means, is unduly burdensome, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Subject to and without waiving the foregoing objections, after a reasonable search Plaintiff has not found any non-privileged documents in her possession, custody, or control reflecting when she began using the telephone number at issue, including invoices, receipts, purchase statements, or billing statements reflecting the acquisition of the cellular telephone associated with that number. Defendant has this information as it subpoenaed the service provider. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  39:**

Documents sufficient to establish that You used the phone number (775) 624-4337 from January 2022 through September 2024, including by producing a copy or screenshot of Your phone call history.

**RESPONSE TO REQUEST NO.  39:**

In addition to the above General Objections, Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope. The Request seeks production of Plaintiff's phone call history, which would reveal private communications and information unrelated to the claims or defenses in this action. The Request is therefore disproportionate to the needs of the case. Plaintiff further objects to the extent the Request seeks documents that are not within Plaintiff's possession, custody, or control, including historical call records that may be maintained by Plaintiff's wireless carrier rather than on Plaintiff's device. Subject to and without waiving the foregoing objections, Plaintiff states that the telephone number (775) 624-4337 was used by Plaintiff during the time period referenced in this Request. Defendant has subpoenaed the records and thus has this information from January 2022 through September 2024. Discovery is

ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  40:**

Your cellular telephone GPS data, also known as cell site data, for the Subject Number on the following dates: January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and/or August 20, 2024. To the extent You do not have these records in Your physical possession, You are requested to exercise Your right to request a 'Subscriber Data Download' or 'Privacy Report' from Verizon and produce the resulting file.

**RESPONSE TO REQUEST NO.  40:**

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case.  Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges.  Plaintiff further objects because cellular GPS or cell-site location data for a mobile phone is maintained by wireless carriers, not individual subscribers, and therefore is not information ordinarily within a consumer's possession, custody, or control. Plaintiff further notes that Defendant has subpoenaed records from Plaintiff's wireless carrier for this information and therefore is in a better position to obtain any such information directly from the carrier. Responding Party further objects because the burden, expense, and privacy intrusion associated with obtaining and producing cellular GPS or cell-site location

data substantially outweigh any likely benefit of the requested discovery and render the Request disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Subject to and without waiving the foregoing objections, Plaintiff states that she is not in possession, custody, or control of any documents reflecting cellular GPS or cell-site data for the telephone number at issue for the dates identified in this Request.  Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  41:**

Documents sufficient to establish Your physical location(s), including Wi-Fi logs, smart home device logs (e.g. Nest, Ring, or Alexa), or any location-enabled app data (e.g. Life360) on the following dates and times:

a. March 29, 2024 at 12:06 PM PST.

b. March 29, 2024 at 12:14 PM PST.

c. March 30, 2024 at 12:57 AM PST.

d. April 8, 2024 at 9:53 AM PST.

e. April 24, 2024 at 12:35 PM PST.

f. May 30, 2024 at 12:19 PM PST.

g. May 31, 2024 at 5:37 AM PST.

h. July 3, 2024 at 9:22 AM PST.

i. July 10, 2024 at 9:45 AM PST.

**RESPONSE TO REQUEST NO.  41:**

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for

the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if they exist. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  42:**

Documents relating to, constituting reports of, or reflecting data downloads from any location-tracking services linked to Your devices (e.g., Google Maps, Apple Maps/Significant Locations) on the dates of January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and/or August 20, 2024.

**RESPONSE TO REQUEST NO.  42:**

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Plaintiff objects to this Request because it is overly broad, unduly burdensome, and seeks highly sensitive personal location data unrelated to the claims or defenses in this action. Plaintiff further objects because the Request seeks documents that may only be generated by extracting or downloading data from third-party applications or services (such as Google or Apple location services). Plaintiff further objects to the extent the Request seeks information not within Plaintiff's possession, custody, or control.  Subject to and without waiving

the foregoing objections, Plaintiff states that she is not in possession, custody, or control of any documents reflecting location-tracking data for the dates identified in this Request, other than what she has provided in the production. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 43:**

Documents reflecting or relating to any reports of identity theft, unauthorized account access, "account takeover," or "spoofing" of Your personal information (including Your cellular telephone number) from September 2020 to the present.

**RESPONSE TO REQUEST NO. 43:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents not in the possession, custody or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if they exist. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 44:**

All non-privileged Communications with any person or entity regarding the use of Your name, cellular telephone number, or email address on websites, including but not limited to smartfinancial.com, agilerates.com,

healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, or affordablehealthplans.org.

**RESPONSE TO REQUEST NO. 44:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents not in the possession, custody or control of Plaintiff, is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope and time, invades privacy rights, and is disproportionate to the needs of this case. Plaintiff objects to this Request because it is vague, ambiguous, overly broad, and not reasonably limited in scope. The Request seeks "all communications with any person or entity" regarding the use of Plaintiff's name, cellular telephone number, or email address on unspecified "websites," which renders the Request unclear and potentially encompasses a wide range of irrelevant private communications. Plaintiff also objects to the extent the Request seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing objections, after a reasonable search Plaintiff has not identified any non-privileged communications responsive to this Request. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45:**

All non-privileged Communications with any person or entity regarding the authorized use of Your name, cellular telephone number, or email address on the websites smartfinancial.com, agilerates.com, healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, or affordablehealthplans.org.

**RESPONSE TO REQUEST NO. 45:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents not in the possession, custody or control of Plaintiff, is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope and time, invades privacy rights, and is disproportionate to the needs of this case. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see response above; Plaintiff has not authorized anyone to use her name, cellular telephone number, or email address on the above mentioned websites. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 46:**

All non-privileged Communications with any person or entity regarding the unauthorized use of Your name, cellular telephone number, or email address on the websites smartfinancial.com, agilerates.com, healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, or affordablehealthplans.org.

**RESPONSE TO REQUEST NO. 46:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents not in the possession, custody or control of Plaintiff, is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope and time, invades privacy rights, and is disproportionate to the needs of this case. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see response above; Plaintiff has not authorized anyone to use her name, cellular telephone number, or email address on the above mentioned websites. Discovery is

ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47:**

Documents sufficient to establish that You have been fully insured for health coverage since 2020, such as insurance cards or proof of coverage letters.

**RESPONSE TO REQUEST NO. 47:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents available to Defendant by less burdensome means, oppressive and harassing, and disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession in Plaintiff's Document Production attached. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:**

Documents relating to or reflecting any software or applications installed on Your devices used for virtual private networks ("VPNs"), proxy servers, or IP-address masking during the period of January 2022 through September 2024, including but not limited to receipts, purchase orders, and instruction manuals.

**RESPONSE TO REQUEST NO. 48:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-

product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff did not use a "VPN" or a proxy server, or any IP-address masking. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  49:**

Documents sufficient to identify any "browser extensions" or "plug-ins" installed on Your devices that are capable of masking or altering Your IP address (e.g., Proxy extensions, Tor browser, or "Private Relay" settings).

**RESPONSE TO REQUEST NO.  49:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff did not use a "VPN" or a proxy server, or any IP-address masking. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  50:**

Documents reflecting any subscription, payment, or billing records for VPN services associated with Your name, Your email addresses, or Your credit/debit cards from January 2022 through September 2024.

**RESPONSE TO REQUEST NO.  50:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, unduly burdensome, oppressive and harassing,

overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff did not use a "VPN" or a proxy server, or any IP-address masking. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  51:**

Documents sufficient to identify any and all VPN service providers used by You or any member of Your household from January 2022 through September 2024.

**RESPONSE TO REQUEST NO.  51:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, asked and answered, unduly burdensome, oppressive and harassing, overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, Plaintiff did not use a "VPN" or a proxy server, or any IP-address masking. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  52:**

Usage logs or connection history for any VPN service for the following dates: January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024,

April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and August 20, 2024.

**RESPONSE TO REQUEST NO.  52:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, asked and answered, unduly burdensome, oppressive and harassing, overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, Plaintiff did not use a "VPN" or a proxy server, or any IP-address masking. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  53:**

Documents sufficient to identify all demands, claims, or lawsuits asserting violations of the TCPA that You have made or filed or that have been made or filed on Your behalf, including but not limited to demand letters.

**RESPONSE TO REQUEST NO.  53:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents equally available to Defendant as matters of public record, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. The Request seeks documents relating to all demands, claims, or lawsuits asserting violations of the TCPA that Plaintiff has allegedly made or filed, without limitation as to time or relevance to the claims at issue in this action.

Plaintiff further objects because lawsuits filed in courts are matters of public record and are equally available to Defendant through publicly accessible court dockets. Requiring Plaintiff to compile and produce documents reflecting publicly available filings is unnecessary and unduly burdensome. Plaintiff also objects to the extent the Request seeks documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, including communications with counsel. Subject to and without waiving the foregoing objections, Plaintiff states that publicly filed lawsuits are reflected in court records equally accessible to Defendant. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  54:**

Documents sufficient to identify other lawsuits You have filed or commenced since January 2020 including, but not limited to, demand letters and pre-suit correspondence.

**RESPONSE TO REQUEST NO.  54:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents equally available to Defendant as matters of public record, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. The Request seeks documents sufficient to identify all lawsuits Plaintiff has filed since January 2020, regardless of subject matter or relevance to the claims and defenses in this action. Plaintiff further objects because lawsuits filed in courts are matters of public record equally available to Defendant through publicly accessible court dockets. Requiring Plaintiff to compile documents reflecting

publicly available information is unnecessary and unduly burdensome. Plaintiff also objects to the extent the Request seeks documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, including demand letters or pre-suit correspondence with counsel. Subject to and without waiving the foregoing objections, Plaintiff states that publicly filed lawsuits are reflected in court records equally accessible to Defendant. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 55:**

Documents from September 23, 2020 to the present sufficient to reflect any assertion by a company that You have accused of violating the TCPA that You gave consent to receive the telephone call or text message that You claimed violated the TCPA.

**RESPONSE TO REQUEST NO. 55:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents equally available to Defendant as matters of public record, or is otherwise available to Defendant by less burdensome means, is unduly burdensome, oppressive and harassing, is vague and ambiguous, is overbroad as to scope and time, not reasonably limited in scope,  and disproportionate to the needs of this case. The Request seeks documents from unrelated disputes or litigation involving alleged TCPA violations and asks Plaintiff to identify instances in which other entities allegedly asserted that Plaintiff provided consent to receive calls or text messages. Such information is not relevant to the claims or defenses in this action and is disproportionate to the needs of the case under Federal Rule of Civil Procedure. Plaintiff further objects because the Request would require Plaintiff to review and produce documents from unrelated matters and litigation files, many of which may contain information protected by

the attorney-client privilege, the work product doctrine, or other applicable privileges. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  56:**

Documents from September 23, 2020 to the present relating to any assertion by a company that You have accused of violating the TCPA that You gave consent to receive the telephone call or text message that You claimed violated the TCPA.

**RESPONSE TO REQUEST NO.  56:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents equally available to Defendant as matters of public record, or is otherwise available to Defendant by less burdensome means, is unduly burdensome, it is asked and answered, oppressive and harassing, is vague and ambiguous, is overbroad as to scope and time, not reasonably limited in scope, and disproportionate to the needs of this case. The Request seeks documents from unrelated disputes or litigation involving alleged TCPA violations and asks Plaintiff to identify instances in which other entities allegedly asserted that Plaintiff provided consent to receive calls or text messages. Such information is not relevant to the claims or defenses in this action and is disproportionate to the needs of the case under Federal Rule of Civil Procedure. Plaintiff further objects because the Request would require Plaintiff to review and produce documents from unrelated matters and litigation files, many of which may contain information protected by the attorney-client privilege, the work product doctrine, or other applicable privileges. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-

client and work-product privileges. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  57:**

Documents sufficient to reflect any and all compensation, money, or income that You received from a claimed violation of the TCPA, including but not limited to W-9 forms.

**RESPONSE TO REQUEST NO.  57:**

In addition to the above General Objections, Plaintiff objects because this request is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, seeks categories of documents outside the scope of the Federal Rules of Civil Procedure, and calls for the production of documents or information protected by the attorney-client and work-product privileges, and are confidential. The Request seeks documents reflecting any compensation, money, or income Plaintiff allegedly received from claimed TCPA violations without limitation as to time, subject matter, or relevance to the claims and defenses in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  58:**

Documents sufficient to reflect Your total income in all years in which You received compensation, money, or income from a claimed violation of the TCPA, including but not limited to tax returns or pay statements.

**RESPONSE TO REQUEST NO.  58:**

In addition to the above General Objections, Plaintiff objects because this request is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, seeks categories of documents outside

the scope of the Federal Rules of Civil Procedure, and calls for the production of documents or information protected by the attorney-client and work-product privileges, and are confidential. The Request seeks documents reflecting any compensation, money, or income Plaintiff allegedly received from claimed TCPA violations without limitation as to time, subject matter, or relevance to the claims and defenses in this action.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  59:

Documents, including associated metadata, reflecting which devices and/or IP addresses signed into or uploaded data onto Your "cloud" or internet-based e-mail or data storage accounts or services in the months of January 2022 through September 2024, including but not limited to backups of data stores on such accounts or services. These "cloud" or internet-based data storage accounts include but are not limited to iCloud, Google Drive, OneDrive, Box.com, and DropBox.

## RESPONSE TO REQUEST NO.  59:

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome means, is vague and ambiguous, unduly burdensome, vague, ambiguous, oppressive and harassing, is overbroad as to scope, disproportionate to the needs of this case, and not reasonably limited in scope. Plaintiff objects to the extent this request invades privacy rights, seeks categories of documents outside the scope of the Federal Rules of Civil Procedure, and calls for the production of documents or information protected by the attorney-client and work-product privileges. The Request seeks extensive information regarding Plaintiff's personal cloud and internet-based data storage accounts, including metadata and device or IP login information over a period of more than two years. Such information would reveal substantial amounts of private and irrelevant data unrelated to the claims or defenses in this action. Plaintiff further objects because the information sought,

such as device login records and IP address logs, is maintained by the service providers themselves and is not information ordinarily within a user's possession, custody, or control. The Request is therefore disproportionate to the needs of the case under Federal Rule of Civil Procedure and invades Plaintiff's privacy. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  60:**

Backups, including associated metadata, of any devices You used in the months of January 2022 through September 2024 to access the Internet, including but not limited to Your personal computers, cellular telephones, and tablets (such as an iPad).

**RESPONSE TO REQUEST NO.  60:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, unduly burdensome, oppressive and harassing, is overbroad as to scope, and disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, seeks categories of documents outside the scope of the Federal Rules of Civil Procedure, and calls for the production of documents or information protected by the attorney-client and work-product privileges. The Request seeks backups and associated metadata of any devices Plaintiff used to access the Internet over a period of more than two years, including personal computers, cellular telephones, and tablets. Such backups, if they exist, would contain extensive amounts of private information unrelated to the claims or defenses in this action. Plaintiff further objects to the extent the Request seeks documents that are not within Plaintiff's possession, custody, or control. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if any exist within her possession. Discovery is

ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  61:**

Pleadings, petitions, or any other initiating documents in any and all legal proceedings before a court, tribunal, agency, or other governmental body in which You have been involved in the last ten years, whether commenced by You or brought against You.

**RESPONSE TO REQUEST NO.  61:**

In addition to the above General Objections, Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope or relevance to the claims and defenses in this action. The Request seeks pleadings or initiating documents from any and all legal proceedings in which Plaintiff has been involved over the past ten years, regardless of subject matter or connection to this case, and is therefore disproportionate to the needs of the case under Federal Rule of Civil Procedure. Plaintiff further objects because pleadings filed in court proceedings are matters of public record equally available to Defendant through publicly accessible court dockets. Requiring Plaintiff to compile and produce documents reflecting publicly available filings is unnecessary and unduly burdensome. Plaintiff also objects to the extent the Request seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Subject to and without waiving the foregoing objections, Plaintiff states that publicly filed pleadings in any legal proceedings are reflected in court records equally accessible to Defendant.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  62:**

Documents constituting sworn testimony You have provided before a court, tribunal, agency, or other governmental body, including verified pleadings or other court filings, affidavits, verified interrogatory responses, and testimony at hearings,

proceedings, or trials in any and all legal proceedings before a court, tribunal, agency, or other governmental body in which You have been involved in the last ten years, whether commenced by You or brought against You.

**RESPONSE TO REQUEST NO. 62:**

In addition to the above General Objections, Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope or relevance to the claims and defenses in this action. The Request seeks documents constituting sworn testimony provided by Plaintiff in any legal proceeding over the past ten years, regardless of subject matter or connection to this case, and is therefore disproportionate to the needs of the case under Federal Rule of Civil Procedure. Plaintiff further objects because many of the documents sought—such as verified pleadings, affidavits, and testimony filed or provided in court proceedings—are matters of public record equally available to Defendant through publicly accessible court dockets. Requiring Plaintiff to compile and produce documents reflecting publicly available filings is unnecessary and unduly burdensome. Plaintiff also objects to the extent the Request seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Subject to and without waiving the foregoing objections, Plaintiff states that publicly filed pleadings and testimony in any legal proceedings are reflected in court records equally accessible to Defendant. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 63:**

Documents relating to any instances in which You were convicted of a crime involving a dishonest or false statement in the last 10 years.

**RESPONSE TO REQUEST NO.  63:**

In addition to the above General Objections, Plaintiff objects to this Request because it is overly broad and seeks documents that are matters of public record equally available to Defendant. Plaintiff further objects to the extent the Request seeks documents protected by the attorney-client privilege, work product doctrine, or other applicable protections. Subject to and without waiving the foregoing objections, Plaintiff states that she has not been convicted of any crime involving dishonesty or false statement within the last ten years.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  64:**

Documents related to internet forums or other online resources about the TCPA or other consumer laws – for example, the website https://www.robocalls.cash and the associated forum – including but not limited to any messages or posts You submitted on such forums or online resources.

**RESPONSE TO REQUEST NO.  64:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents equally available and/or already in the possession, custody or control of Defendant, is vague and ambiguous, unduly burdensome, oppressive and harassing, assumes facts not in evidence, is overbroad as to scope and time, not reasonably limited in scope, and disproportional to the needs of this case. . The Request seeks documents "related to internet forums or other online resources about the TCPA or other consumer laws," which is undefined and could encompass an indeterminate range of websites, communications, and online activity unrelated to the claims and defenses in this action. Plaintiff further objects to the extent this request seeks information and documents not in the possession, custody, or control of Plaintiff, invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the

forgoing objections, Plaintiff responds as follows: Plaintiff has never visited that website.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  65:**

Documents related to any Communications with anyone associated with any internet forms or other online resources about the TCPA or other consumer laws – for example, the website https://www.robocalls.cash and the associated forum – including but not limited to any messages or posts You submitted on such forums or online resources.

**RESPONSE TO REQUEST NO.  65:**

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents equally available and/or already in the possession, custody or control of Defendant, is vague and ambiguous, unduly burdensome, oppressive and harassing, assumes facts not in evidence, is overbroad as to scope and time, not reasonably limited in scope, and disproportional to the needs of this case. . The Request seeks documents "related to internet forums or other online resources about the TCPA or other consumer laws," which is undefined and could encompass an indeterminate range of websites, communications, and online activity unrelated to the claims and defenses in this action. Plaintiff further objects to the extent this request seeks information and documents not in the possession, custody, or control of Plaintiff, invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff has never visited that website.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  66:**

Documents You produced or served in the lawsuit *Erin Robertson v. Mortgage Research Center, LLC d/b/a Veterans United Home Loans*, Case No.

2:24-cv-04106-BCW (W.D. Mo.), relating to that defendant's counterclaim against you for fraud, including but not limited to documents produced in discovery and written discovery responses.

**RESPONSE TO REQUEST NO. 66:**

In addition to the above General Objections, Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited to the claims and defenses in this action. The Request seeks documents produced or served in a separate lawsuit, including discovery responses and documents produced in discovery, regardless of their relevance to the claims in this case. Plaintiff further objects because the documents sought are equally available to Defendant through the court record or through the parties in that action. Requiring Plaintiff to reproduce documents from separate litigation is unnecessary and unduly burdensome. Plaintiff also objects to the extent the Request seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Subject to and without waiving the foregoing objections, Plaintiff states that documents filed in that action are reflected in the court record equally accessible to Defendant; no finding of fraud or judgment was entered against Plaintiff in that matter. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 67:**

To the extent not already requested, Documents reflecting any sworn testimony You provided in the lawsuit *Erin Robertson v. Mortgage Research Center, LLC d/b/a Veterans United Home Loans*, Case No. 2:24-cv-04106-BCW (W.D. Mo.).

**RESPONSE TO REQUEST NO.  67:**

In addition to the above General Objections, Plaintiff objects to this Request because it is duplicative, unduly burdensome, and seeks documents that are equally available to Defendant through the court record or through the parties in that action. The Request seeks documents reflecting sworn testimony provided in a separate lawsuit, which are matters of public record to the extent they were filed with the court. Plaintiff further objects to the extent the Request seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Subject to and without waiving the foregoing objections, Plaintiff states that documents filed in that action are reflected in the court record equally accessible to Defendant; no finding of fraud or judgment was entered against Plaintiff in that matter. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  68:**

All Documents You intend to rely upon at the 9 U.S.C. § 4 trial in this action.

**RESPONSE TO REQUEST NO.  68:**

In addition to the above General Objections, Plaintiff objects because this request is premature, overbroad as to scope and time, and oppressively calls for "All Documents" which may include categories of non-responsive documents. Plaintiff objects to the extent this request calls for the production of documents or information protected by the attorney-client and work-product privileges. Plaintiff is represented by counsel, who by virtue of counsel's representation of Plaintiff has acquired information and prepared documents relevant to the parties' claims or defenses. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents

in Plaintiff's possession at the moment. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

Dated: March 13, 2026                                  **KAZEROUNI LAW GROUP, APC**

By:  */s/ Gustavo Ponce*
        Gustavo Ponce (NV Bar No. 15084)
        Mona Amini  (NV Bar No. 15381)
        6940 S. Cimarron Road, Suite 210
        Las Vegas, Nevada 89113
        *Attorneys for Plaintiff*

Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIN ROBERTSON on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | Case No.: 3:24-cv-00429-MMD-CSD<br><br>**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO DEFENDANT USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP'S FIRST SET OF REQUESTS FOR PRODUCTION** |

**PROPOUNDING PARTY:**    DEFENDANT US HEALTH ADVISORS, LLC
d/b/a USHEALTH GROUP,

**RESPONDING PARTY:**    PLAINTIFF ERIN ROBERTSON

**SET NUMBER:**    FIRST (1)

Plaintiff Erin Robertson ("Plaintiff" or "Responding Party") hereby responds to Defendant USHealth Advisors, LLC d/b/a USHealth Group's ("Defendant" or "Propounding Party") First Set of Requests for Production in writing and under oath as follows:

---

PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF
REQUESTS FOR PRODUCTION                                               101

This responding party and his counsel have not completed their discovery or preparation for trial nor have they completed their analysis and review of the investigation and other trial preparation matters, and subjects obtained or conducted to date. These responses therefore state the present information and analysis of the responding party and his counsel as acquired and reviewed to date without prejudice to this responding party's right to present additional facts, contentions or theories at trial based upon information, evidence or analysis hereafter obtained or evaluated. The following responses state the information, facts, evidence and contentions known to and evaluated by this responding party and his counsel.

This responding party further hereby provides the following responses without prejudice to further discovery and specifically reserves the right to present subsequently discovered evidence at trial of this action.

Each of the following responses and answers is rendered and based upon information in the possession of the responding party at the time of the preparation of these answers after diligent inquiry. Discovery will continue as long as permitted by statute or stipulation of the parties and the investigation of this responding party's attorneys and agents will continue to and throughout the trial of this action. This responding party therefore specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered and testimony from any witnesses whose identities may hereafter be discovered.

If any information has unintentionally been omitted from these responses, the interrogated party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses. This responding party has made every effort to obtain documentation necessary to respond to these interrogatories. These introductory comments shall apply to each and every answer given herein and shall be incorporated by reference as though fully set forth

PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION

in all of the interrogatory responses appearing on the following pages. Finally, as some of these responses may have been ascertained by this responding party's attorneys and investigators, this responding party may not have personal knowledge of the information from which these responses are derived.

### General Objections

1. Plaintiff objects to Defendant's discovery requests to the extent that they seek any information that is protected by any absolute or qualified privilege, the attorney work-product exemption, and the consulting-expert exemption.

2. Plaintiff objects to Defendant's discovery requests on the grounds that they are excessively burdensome and that much of the information requested may be obtained by Defendant from other sources more conveniently, less expensively, and with less burden.

3. There may be other and further information regarding the discovery requests propounded by Defendant of which Plaintiff, despite their reasonable investigation and inquiry, is presently unaware. Plaintiff reserves the right to modify or enlarge any answer with such pertinent additional information as he may subsequently discover.

4. No incidental or implied admissions will be made by the responses. The fact that Plaintiffs may respond or object to any production request, or part thereof, shall not be deemed an answer because they were not drafted as production requests, but as factual statements that were intended to be subject to admission or denial. Therefore, all of the objections stated in Plaintiffs' responses to those requests for admission and answers to interrogatories are incorporated herein, as are all of Plaintiffs' answers to the requests for admission and answers to interrogatories as applicable.

5. Plaintiffs object to any request for production of documents to the extent that it would impose upon Plaintiff greater duties than are set forth under the Federal

Rules of Civil Procedure, as applicable. Plaintiffs will supplement their responses to certain production requests as required by the applicable Rules of Civil Procedure.

6. Plaintiff objects to any request that falls outside the scope of allowed by 9 U.S.C § 4 (seeking contract formation and whether a valid arbitration agreement exists between Plaintiff and Defend) as currently limited pursuant to this Court's minute order granting Defendant's request for limited discovery and a 9 U.S.C. § 4 trial (see ECF No.62).

7. Plaintiff objects to the extent any Request seeks Plaintiff's personal Internet browsing history, device data, location data, cloud storage data, metadata, GPS, locations, or other information reflecting Plaintiff's personal digital activity across one or more electronic devices. The extraordinary burden and privacy intrusion associated with reconstructing years of personal Internet activity across multiple devices—including the potential need for forensic examination of personal devices and accounts—substantially outweigh any marginal relevance such information may have and render such requests disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

8. To the extent that any of these interrogatories call for responses which are protected by the attorney/client and/or attorney work product privileges, this responding party objects to said interrogatories on that basis.

9. To the extent that any of these interrogatories call for responses which are of a confidential and proprietary nature as protected by the United States Constitution and/or the California Constitution, this responding party objects to said interrogatories on that basis.

10. To the extent that any of the interrogatories call for responses which are protected by any additional privileges, this responding party objects to the answering of said interrogatories on that basis.

11. Each and every answer and statement contained herein is subject to any and all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any ground that would require exclusion from evidence if such answer or statement were made by a witness present and testifying at trial; all of which objections are expressly reserved and may be raised at future hearings.

Plaintiff adopts the above objections and incorporates each objection by reference into each specific response as if it were fully set forth therein.

**[Supplemented/amended responses below in bold]**

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

Documents sufficient to identify the subscriber of the Subject Number.

## RESPONSE TO REQUEST NO. 2:

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents equally available and/or already in the possession, custody or control of Defendant, is confusing, vague and ambiguous, is not reasonably limited as to time. Plaintiff is represented by counsel, who by virtue of counsel's representation of Plaintiff has acquired information and prepared documents relevant to the parties' claims or defenses. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if any exist. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: see attached documents to these supplements.**

-5-

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  3:**

Documents reflecting all Communications or contact between You and Igbinosa Obasuyi.

**RESPONSE TO REQUEST NO.  3:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in possession, custody or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: there are none; Plaintiff does not know anyone under that name.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  4:**

Documents reflecting all Communications or contact between You and Dr. Blessing Ose-Emenim Igbinedion.

**RESPONSE TO REQUEST NO.  4:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in possession, custody or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: there are none; Plaintiff does not know anyone under that name.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: Plaintiff does not know a Dr. Blessing Ose-Emenim Igbinedion and as such responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  5:**

To the extent not already requested, Documents reflecting all Communications or contact between You and Blessing Igbinedion.

**RESPONSE TO REQUEST NO.  5:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in possession, custody or control of Plaintiff, is unduly burdensome, is duplicative of Request No. 4 as both simply seek "all communications" which has been asked and answered, oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: see response to request number 4. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: Plaintiff does not know a Blessing Igbinedion and as such responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  6:**

Documents reflecting all Communications or contact between You and someone located in Nigeria and/or someone utilizing a phone number with a Nigeria area code.

**RESPONSE TO REQUEST NO.  6:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in possession, custody or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time,

-7-

and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff has never called anyone in Nigeria and does not know anyone that lives in Nigeria. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

Documents reflecting all Communications or contact between You and someone located in Virginia and/or someone utilizing a phone number with a Virginia area code.

## RESPONSE TO REQUEST NO. 7:

In addition to the above General Objections, Plaintiff objects because this request seeks information not in possession, custody or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff has never called anyone in Virginia and does not know anyone that lives

in Virginia.  Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  10:

Copies of Your social media posts, including but not limited to posts on Facebook and Twitter, relating to the TCPA.

## RESPONSE TO REQUEST NO.  10:

In addition to the above General Objections, Plaintiff objects because this request seeks information available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, is oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  11:

PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF
REQUESTS FOR PRODUCTION

Copies of Your complaints or posts on websites, including government websites, relating to the TCPA.

**RESPONSE TO REQUEST NO. 11:**

In addition to the above General Objections, Plaintiff objects because this request seeks information available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, is oppressive and harassing, is overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if any exist. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Documents reflecting the Internet browsing history for the following dates for all devices and browsers You use to browse Internet websites: January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and August 20, 2024. For purposes of responding to this Request, You may produce a portion of a larger document which may include

**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**

Internet browsing history for other dates so long as all browsing history from the dates request is produced.

**RESPONSE TO REQUEST NO. 12:**

In addition to the above General Objections, Plaintiff objects because this request is unduly burdensome, requires overly burdensome compilation, is oppressive and harassing, not reasonably limited in scope, invades privacy rights, and is disproportionate to the needs of this case. Plaintiff further objects to this Request because it is overly broad, and unduly burdensome. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers for multiple dates spanning more than two years. Such information would require extensive examination of Plaintiff's personal electronic devices and would reveal substantial amounts of private, irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request is not reasonably limited to the specific website(s) Defendant contends generated the alleged consent at issue in this case and instead seeks broad categories of Plaintiff's personal internet activity. The extraordinary burden and privacy intrusion associated with reconstructing years of personal Internet browsing activity across a device or devices substantially outweighs any marginal relevance the requested information may have and render the Request disproportionate under Federal Rule of Civil Procedure 26(b)(1). Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website(s) Defendant contends generated the alleged consent associated with the telephone number at issue in this case. Further, Defendant has subpoenaed third parties requesting this information so Defendant should have this information already. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  13:

Documents reflecting Internet browsing history from January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "SmartFinancial". (This would include, for example, the URL https://smartfinancial.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

## RESPONSE TO REQUEST NO.  13:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "SmartFinancial" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website SmartFinancial.com or any website

containing the term "SmartFinancial." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  14:

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "AgileRates". (This would include, for example, the URL https://agilerates.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

## RESPONSE TO REQUEST NO.  14:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term

-13-

"AgileRates" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website https://agilerates.com or any website containing the term "AgileRates." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  15:

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "AffordableHealthPlans". (This would include, for example, the URL https://affordablehealthplans.org). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

## RESPONSE TO REQUEST NO.  15:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such

information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "AffordableHealthPlans" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website affordablehealthplans.org or any website containing the term "AffordableHealthPlans." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "HealthPlanRate". (This would include, for example, the URL https://healthplanrate.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

## RESPONSE TO REQUEST NO. 16:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades

Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "HealthPlanRate" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website healthplanrate.com or any website containing the term "HealthPlanRate." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  17:

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "HealthPlanMarket". (This would include, for example, the URL https://healthplanmarket.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

-16-

## RESPONSE TO REQUEST NO.  17:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "HealthPlanMarket" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website healthplanmarket.com or any website containing the term "HealthPlanMarket." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  18:

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "PickHealthInsurance". (This would include, for example, the URL https://pickhealthinsurance.com). For purposes of responding to

-17-
**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**

117

this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

**RESPONSE TO REQUEST NO. 18:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "PickHealthInsurance" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website pickhealthinsurance.com or any website containing the term "PickHealthInsurance." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Documents reflecting Internet browsing history January 2022 through September 2024 for all devices and browsers You used then of websites containing in the URL the following term: "Compare-Health-Plans". (This would include, for example, the URL https://compare-health- plans.com). For purposes of responding to this Request, You may produce a portion of a larger document which may include Internet browsing history for other dates so long as the requested browsing history is produced.

**RESPONSE TO REQUEST NO. 19:**

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "Compare-Health-Plans" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website compare-health- plans.com or any website containing the term "Compare-Health-Plans." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession,**

**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**

**custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:

Documents showing that You or someone with access to Your devices visited the website https://compare-health-plans.org or any other website with the term "Compare-Health- Plans" in its website address/URL on any device You use or have used from January 2022 through the present date.

## RESPONSE TO REQUEST NO. 20:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "Compare-Health-Plans" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website compare-health-plans.org or any website containing the term "Compare-Health-Plans." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession,**

**custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:

Documents showing that You or someone with access to Your devices visited the website https://agilerates.org or any other website with the term "AgileRates" in its website address/URL on any device You use or have used from January 2022 through the present date.

## RESPONSE TO REQUEST NO. 21:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "AgileRates" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website agilerates.org or any website containing the term "AgileRates." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession,**

**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**

**custody or control. No such documents are being withheld on the basis of any objection.**

<u>**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**</u>

Documents showing that You or someone with access to Your devices visited the website https://healthplanmarket.org or any other website with the term "HealthPlanMarket" in its website address/URL on any device You use or have used from January 2022 through the present date.

<u>**RESPONSE TO REQUEST NO. 22:**</u>

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "HealthPlanMarket" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website healthplanmarket.org or any website containing the term "HealthPlanMarket." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession,**

**custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:

Documents showing that You or someone with access to Your devices visited the website https://affordablehealthplans.org or any other website with the term "AffordableHealthPlans" in its website address/URL on any device You use or have used from January 2022 through the present date.

## RESPONSE TO REQUEST NO. 23:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "AffordableHealthPlans" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website affordablehealthplans.org or any website containing the term "AffordableHealthPlans." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable**

**inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:

Documents showing that You or someone with access to Your devices visited the website https://pickhealthinsurance.org or any other website with the term "PickHealthInsurance" in its website address/URL on any device You use or have used from January 2022 through the present date.

## RESPONSE TO REQUEST NO. 24:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "PickHealthInsurance" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website pickhealthinsurance.org or any website containing the term "PickHealthInsurance." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable**

-24-

**inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:

Documents showing that You or someone with access to Your devices visited the website https://healthplanrate.com or any other website with the term "HealthPlanRate" in its website address/URL on any device You use or have used from January 2022 through the present date.

## RESPONSE TO REQUEST NO. 25:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "HealthPlanRate" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website healthplanrate.com or any website containing the term "HealthPlanRate." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable**

**inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:

Documents showing that You or someone with access to Your devices visited the website https://smartfinancial.com or any other website with the term "SmartFinancial" in its website address/URL on any device You use or have used from January 2022 through the present date.

## RESPONSE TO REQUEST NO. 26:

In addition to the above General Objections, Plaintiff objects to this Request because it is unduly burdensome, not reasonably limited in scope, invades Plaintiff's privacy rights, and is disproportionate to the needs of the case. The Request seeks Plaintiff's personal Internet browsing history across all devices and browsers over a period of more than two years and would require the compilation and review of private data from Plaintiff's personal electronic devices. Such information would reveal substantial amounts of private and irrelevant information unrelated to the claims or defenses in this action. Plaintiff further objects because the Request assumes that Internet browsing history containing the term "SmartFinancial" exists and is within Plaintiff's possession, custody, or control, which Plaintiff denies. Subject to and without waiving the foregoing objections, Plaintiff states that she did not visit the website smartfinancial.com or any website containing the term "SmartFinancial." Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable**

**inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:

Documents sufficient to identify any and all Internet Protocol ("IP") address(es) assigned to You or devices You use to browse Internet websites, including but not limited to any laptop, desktop, notebook, tablet, cellular telephone, or other devices that You use to browse Internet websites, from January 2022 through September 2024.

## RESPONSE TO REQUEST NO. 27:

In addition to the above General Objections, Plaintiff objects to this Request because it is overly broad, unduly burdensome, not reasonably limited in scope, and disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The Request seeks documents identifying any and all Internet Protocol ("IP") addresses assigned to Plaintiff or devices used by Plaintiff over a period of more than two years and assumes that such information is maintained by Plaintiff. Plaintiff further objects because historical IP address assignment information is typically maintained by internet service providers and is not information ordinarily within a consumer's possession, custody, or control. Subject to and without waiving the foregoing objections, Plaintiff states that she is not in possession of any documents identifying historical IP addresses assigned to her or to devices she used to browse the Internet during the time period referenced in this Request. After a reasonable search, Plaintiff has not identified any responsive documents. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

-27-

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  28:

Documents sufficient to identify your internet service provider(s).

## RESPONSE TO REQUEST NO.  28:

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents available to Defendant by less burdensome means, is oppressive and harassing, overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession in Plaintiff's Document Production attached. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: see attached documents to these supplements.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  29:

Non-privileged Documents and Communications, including but not limited to any text messages, e-mails, or browser histories, containing any of the following terms:

-28-

a. AfforableHealthPlans

b. "Affordable Health Plans"

c. HealthPlanRate

d. "Health Plan Rate"

e. SmartFinancial

f. "Smart Financial"

g. Agilerates

h. "Agile rates"

i. HealthPlanMarket

j. "Health Plan Market"

k. Pickhealthinsurance

l. "Pick Health Insurance"

m. Compare-health-plans

n. "Compare Health Plans"

**RESPONSE TO REQUEST NO. 29:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in the possession, custody, or control of Plaintiff, is unduly burdensome, requires overly burdensome compilation, is oppressive and harassing, is compound, is overbroad as to scope and time, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights of Plaintiff or third-parties. The Request seeks documents and communications containing a wide range of search terms across Plaintiff's personal communications and electronic data over a period of multiple years, including text messages, emails, and browser histories. Compliance would be burdensom. Plaintiff further objects to the extent this Request seeks browser histories or other electronically stored information that is not within Plaintiff's possession, custody, or control or that would require extensive extraction from

personal devices. Subject to and without waiving the foregoing objections, after a reasonable search of non-privileged documents and communications within Plaintiff's possession, custody, or control, Plaintiff has not identified any responsive documents. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  30:

Documents sufficient to establish that You used the e-mail address erin85alk@gmail.com on January 11, 2022, including by producing any e-mail message sent by or to you on or around that date containing that e-mail address.

## RESPONSE TO REQUEST NO.  30:

In addition to the above General Objections, Plaintiff objects to this request on the grounds it is unduly burdensome, is oppressive and harassing, is overbroad, not reasonably limited in scope, and is disproportionate to the needs of this case. The Request seeks production of Plaintiff's private email communications from more than two years ago and would require Plaintiff to search and produce personal emails unrelated to the claims or defenses in this action. Plaintiff further objects to the extent the Request seeks information that is cumulative of information already known to Defendant or equally available to Defendant through its own records. Subject to and without waiving the foregoing objections, Plaintiff further objects because the Request seeks Plaintiff's private email communications

and is not reasonably tailored to the claims or defenses in this action. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: see attached documents to these supplements.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:

Documents sufficient to establish that You used the e-mail address erin85alk@gmail.com on February 10, 2022, including by producing any e-mail message sent by or to you on or around that date containing that e-mail address.

## RESPONSE TO REQUEST NO. 31:

In addition to the above General Objections, Plaintiff objects to this request on the grounds it is unduly burdensome, is oppressive and harassing, is overbroad, not reasonably limited in scope, and is disproportionate to the needs of this case. The Request seeks production of Plaintiff's private email communications from more than two years ago and would require Plaintiff to search and produce personal emails unrelated to the claims or defenses in this action. Plaintiff further objects to the extent the Request seeks information that is cumulative of information already known to Defendant or equally available to Defendant through its own records. Subject to and without waiving the foregoing objections, Plaintiff further objects because the Request seeks Plaintiff's private email communications and is not reasonably tailored to the claims or defenses in this action. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable**

-31-

**inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  32:

Documents and Communications, including but not limited to any text messages, e-mails, or browser histories, containing the term "igbins2@yahoo.com".

## RESPONSE TO REQUEST NO.  32:

In addition to the above General Objections, Plaintiff objects because this request seeks information not in the possession, custody, or control of Plaintiff, is unduly burdensome, is oppressive and harassing, is overbroad, not reasonably limited in scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: the email igbins@yahoo.com is not hers, is not related to anyone she knows, she has never used that email for anything, has never emailed anyone with that email nor received emails from that email. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: This is her not her email and as such responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

Documents and Communications relating to Dr. Blessing Ose-Emenim Igbinedion.

**RESPONSE TO REQUEST NO. 33:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in the possession, custody, or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request is duplicative of Requests for Production No. 4 and 5 which call for "all communications" with Igbinedion which has been asked and answered, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see above. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: Plaintiff does not know a Dr. Blessing Ose-Emenim Igbinedion and as such responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:**

Documents and Communications relating to Blessing Igbinedion.

**RESPONSE TO REQUEST NO. 34:**

In addition to the above General Objections, Plaintiff objects because this request seeks information not in the possession, custody, or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time,

and disproportionate to the needs of this case. Plaintiff objects to the extent this request is duplicative of Requests for Production No. 4, 5, and 33 which call for "communications" with Igbinedion whom Plaintiff interprets as the same person; and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see above. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: Plaintiff does not know a Blessing Igbinedion and as such responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  35:

Documents and Communications relating to Igbinosa Obasuyi.
## RESPONSE TO REQUEST NO.  35:

In addition to the above General Objections, Plaintiff objects because this request seeks information not in the possession, custody, or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request is duplicative of Requests for Production No. 3 which calls for "all communications" with Obasuyi which have been asked and answered, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see above. Discovery is ongoing

and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: Plaintiff does not know a Igbinosa Obasuyi and as such responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

<u>**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:**</u>

Documents sufficient to identify all email addresses owned, used, or controlled by You from September 2020 to the present.

<u>**RESPONSE TO REQUEST NO. 36:**</u>

In addition to the above General Objections, is unduly burdensome, oppressive and harassing, asked and answered, is overbroad as to scope and time, and disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see above Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: In addition to Plaintiff's current gmail account (erin85alk@gmail.com) Erin.roberston@snhu.edu but she does not have access to it; after a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

-35-

PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  37:**

Documents sufficient to identify Your cellular telephone service provider(s) between January 2022 and September 2024.

**RESPONSE TO REQUEST NO.  37:**

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome means, asked and answered, is unduly burdensome, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see above. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has provided emails from Verizon and Spectrum which are attached to these responses, but there are no other responsive documents in her possession, custody or control. Plaintiff has provided emails from Verizon and Spectrum which are attached to these responses. No other such documents are being withheld on the basis of any objection**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  38:**

Documents sufficient to reflect when You began using the Subject Number including but not limited to invoices, receipts, purchase statements, or billing statements for or showing the purchase or acquisition of said cellular telephone.

**RESPONSE TO REQUEST NO.  38:**

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome means, is unduly burdensome, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Subject to and without waiving the foregoing objections, after a reasonable search Plaintiff has not found any non-privileged documents in her possession, custody, or control reflecting when she began using the telephone number at issue, including invoices, receipts, purchase statements, or billing statements reflecting the acquisition of the cellular telephone associated with that number. Defendant has this information as it subpoenaed the service provider. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  39:**

Documents sufficient to establish that You used the phone number (775) 624-4337 from January 2022 through September 2024, including by producing a copy or screenshot of Your phone call history.

**RESPONSE TO REQUEST NO.  39:**

In addition to the above General Objections, Plaintiff objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope. The Request seeks production of Plaintiff's phone call history, which would

-37-

reveal private communications and information unrelated to the claims or defenses in this action. The Request is therefore disproportionate to the needs of the case. Plaintiff further objects to the extent the Request seeks documents that are not within Plaintiff's possession, custody, or control, including historical call records that may be maintained by Plaintiff's wireless carrier rather than on Plaintiff's device. Subject to and without waiving the foregoing objections, Plaintiff states that the telephone number (775) 624-4337 was used by Plaintiff during the time period referenced in this Request. Defendant has subpoenaed the records and thus has this information from January 2022 through September 2024. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 40:

Your cellular telephone GPS data, also known as cell site data, for the Subject Number on the following dates: January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and/or August 20, 2024. To the extent You do not have these records in Your physical possession, You are requested to exercise Your right to request a 'Subscriber Data Download' or 'Privacy Report' from Verizon and produce the resulting file.

**RESPONSE TO REQUEST NO. 40:**

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Plaintiff further objects because cellular GPS or cell-site location data for a mobile phone is maintained by wireless carriers, not individual subscribers, and therefore is not information ordinarily within a consumer's possession, custody, or control. Plaintiff further notes that Defendant has subpoenaed records from Plaintiff's wireless carrier for this information and therefore is in a better position to obtain any such information directly from the carrier. Responding Party further objects because the burden, expense, and privacy intrusion associated with obtaining and producing cellular GPS or cell-site location data substantially outweigh any likely benefit of the requested discovery and render the Request disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Subject to and without waiving the foregoing objections, Plaintiff states that she is not in possession, custody, or control of any documents reflecting cellular GPS or cell-site data for the telephone number at issue for the dates identified in this Request. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession,**

**custody or control. No such documents are being withheld on the basis of any objection.**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.  41:**

Documents sufficient to establish Your physical location(s), including Wi-Fi logs, smart home device logs (e.g. Nest, Ring, or Alexa), or any location-enabled app data (e.g. Life360) on the following dates and times:

a. March 29, 2024 at 12:06 PM PST.

b. March 29, 2024 at 12:14 PM PST.

c. March 30, 2024 at 12:57 AM PST.

d. April 8, 2024 at 9:53 AM PST.

e. April 24, 2024 at 12:35 PM PST.

f. May 30, 2024 at 12:19 PM PST.

g. May 31, 2024 at 5:37 AM PST.

h. July 3, 2024 at 9:22 AM PST.

i. July 10, 2024 at 9:45 AM PST.

**RESPONSE TO REQUEST NO.  41:**

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if they exist. Discovery is ongoing and Plaintiff

reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 42:

Documents relating to, constituting reports of, or reflecting data downloads from any location-tracking services linked to Your devices (e.g., Google Maps, Apple Maps/Significant Locations) on the dates of January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and/or August 20, 2024.

## RESPONSE TO REQUEST NO. 42:

In addition to the above General Objections, Plaintiff objects because this request seeks information or documents available to Defendant by less burdensome means, is unduly burdensome, requires overly burdensome compilation, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Plaintiff objects to this Request because it is overly broad, unduly burdensome, and seeks highly sensitive personal location data unrelated to the claims or defenses in this action. Plaintiff further objects because the Request seeks documents that may only be generated by extracting or downloading data from third-party applications or services (such as Google or Apple location

services). Plaintiff further objects to the extent the Request seeks information not within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing objections, Plaintiff states that she is not in possession, custody, or control of any documents reflecting location-tracking data for the dates identified in this Request, other than what she has provided in the production. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 43:

Documents reflecting or relating to any reports of identity theft, unauthorized account access, "account takeover," or "spoofing" of Your personal information (including Your cellular telephone number) from September 2020 to the present.

## RESPONSE TO REQUEST NO. 43:

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents not in the possession, custody or control of Plaintiff, is unduly burdensome, oppressive and harassing, is overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff

**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**

responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if they exist. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  44:

All non-privileged Communications with any person or entity regarding the use of Your name, cellular telephone number, or email address on websites, including but not limited to smartfinancial.com, agilerates.com, healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, or affordablehealthplans.org.

## RESPONSE TO REQUEST NO.  44:

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents not in the possession, custody or control of Plaintiff, is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope and time, invades privacy rights, and is disproportionate to the needs of this case. Plaintiff objects to this Request because it is vague, ambiguous, overly broad, and not reasonably limited in scope. The Request seeks "all communications with any person or entity" regarding the use of Plaintiff's name, cellular telephone number, or email address on unspecified "websites," which renders the Request unclear and potentially encompasses a wide range of irrelevant private communications. Plaintiff also objects to the extent the Request

seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing objections, after a reasonable search Plaintiff has not identified any non-privileged communications responsive to this Request. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45:

All non-privileged Communications with any person or entity regarding the authorized use of Your name, cellular telephone number, or email address on the websites smartfinancial.com, agilerates.com, healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, or affordablehealthplans.org.

## RESPONSE TO REQUEST NO. 45:

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents not in the possession, custody or control of Plaintiff, is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope and time, invades privacy rights, and is disproportionate to the needs of this case. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see response above; Plaintiff has not authorized anyone to use her name, cellular

telephone number, or email address on the above mentioned websites. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 46:

All non-privileged Communications with any person or entity regarding the unauthorized use of Your name, cellular telephone number, or email address on the websites smartfinancial.com, agilerates.com, healthplanmarket.com, pickhealthinsurance.com, healthplanrate.com, compare-health-plans.net, or affordablehealthplans.org.

## RESPONSE TO REQUEST NO. 46:

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents not in the possession, custody or control of Plaintiff, is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope and time, invades privacy rights, and is disproportionate to the needs of this case. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, see response above; Plaintiff has not authorized anyone to use her name, cellular telephone number, or email address on the above mentioned websites. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

-45-

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  48:

Documents relating to or reflecting any software or applications installed on Your devices used for virtual private networks ("VPNs"), proxy servers, or IP-address masking during the period of January 2022 through September 2024, including but not limited to receipts, purchase orders, and instruction manuals.

## RESPONSE TO REQUEST NO.  48:

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff did not use a "VPN" or a proxy server, or any IP-address masking. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

---

**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:**

Documents sufficient to identify any "browser extensions" or "plug-ins" installed on Your devices that are capable of masking or altering Your IP address (e.g., Proxy extensions, Tor browser, or "Private Relay" settings).

**RESPONSE TO REQUEST NO. 49:**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff did not use a "VPN" or a proxy server, or any IP-address masking. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:**

Documents reflecting any subscription, payment, or billing records for VPN services associated with Your name, Your email addresses, or Your credit/debit cards from January 2022 through September 2024.

**RESPONSE TO REQUEST NO. 50:**

**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, unduly burdensome, oppressive and harassing, overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff did not use a "VPN" or a proxy server, or any IP-address masking. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:

Documents sufficient to identify any and all VPN service providers used by You or any member of Your household from January 2022 through September 2024.

## RESPONSE TO REQUEST NO. 51:

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, asked and answered, unduly burdensome, oppressive and harassing, overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing

objections, Plaintiff responds as follows: asked and answered, Plaintiff did not use a "VPN" or a proxy server, or any IP-address masking. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  52:

Usage logs or connection history for any VPN service for the following dates: January 11, 2022, February 10, 2022, March 29, 2024, March 30, 2024, April 2, 2024, April 3, 2024, April 8, 2024, April 24, 2024, May 25, 2024, May 30, 2024, May 31, 2024, July 3, 2024, July 10, 2024, and August 20, 2024.

## RESPONSE TO REQUEST NO.  52:

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, asked and answered, unduly burdensome, oppressive and harassing, overbroad as to scope, and is disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: asked and answered, Plaintiff did not use a "VPN" or a proxy server, or any IP-address masking. Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

<u>**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 60:**</u>

Backups, including associated metadata, of any devices You used in the months of January 2022 through September 2024 to access the Internet, including but not limited to Your personal computers, cellular telephones, and tablets (such as an iPad).

<u>**RESPONSE TO REQUEST NO. 60:**</u>

In addition to the above General Objections, Plaintiff objects because this request is vague and ambiguous, unduly burdensome, oppressive and harassing, is overbroad as to scope, and disproportionate to the needs of this case. Plaintiff objects to the extent this request invades privacy rights, seeks categories of documents outside the scope of the Federal Rules of Civil Procedure, and calls for the production of documents or information protected by the attorney-client and work-product privileges. The Request seeks backups and associated metadata of any devices Plaintiff used to access the Internet over a period of more than two years, including personal computers, cellular telephones, and tablets. Such backups, if they exist, would contain extensive amounts of private information unrelated to the claims or defenses in this action. Plaintiff further objects to the extent the Request seeks documents that are not within Plaintiff's possession, custody, or control. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff will produce all nonprivileged responsive documents in Plaintiff's possession if any exist within her possession. Discovery is

**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**

ongoing and Plaintiff reserves the right to supplement and/or amend this response upon the discovery of additional information and/or documents.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.  64:

Documents related to internet forums or other online resources about the TCPA or other consumer laws – for example, the website https://www.robocalls.cash and the associated forum – including but not limited to any messages or posts You submitted on such forums or online resources.

## RESPONSE TO REQUEST NO.  64:

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents equally available and/or already in the possession, custody or control of Defendant, is vague and ambiguous, unduly burdensome, oppressive and harassing, assumes facts not in evidence, is overbroad as to scope and time, not reasonably limited in scope, and disproportional to the needs of this case. The Request seeks documents "related to internet forums or other online resources about the TCPA or other consumer laws," which is undefined and could encompass an indeterminate range of websites, communications, and online activity unrelated to the claims and defenses in this action. Plaintiff further objects to the extent this request seeks information and documents not in the possession, custody, or control of Plaintiff, invades privacy rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the

PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION

forgoing objections, Plaintiff responds as follows: Plaintiff has never visited that website.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: Plaintiff has only visited the FCC; after a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 65:

Documents related to any Communications with anyone associated with any internet forms or other online resources about the TCPA or other consumer laws – for example, the website https://www.robocalls.cash and the associated forum – including but not limited to any messages or posts You submitted on such forums or online resources.

## RESPONSE TO REQUEST NO. 65:

In addition to the above General Objections, Plaintiff objects because this request seeks information and documents equally available and/or already in the possession, custody or control of Defendant, is vague and ambiguous, unduly burdensome, oppressive and harassing, assumes facts not in evidence, is overbroad as to scope and time, not reasonably limited in scope, and disproportional to the needs of this case. . The Request seeks documents "related to internet forums or other online resources about the TCPA or other consumer laws," which is undefined and could encompass an indeterminate range of websites, communications, and online activity unrelated to the claims and defenses in this action. Plaintiff further objects to the extent this request seeks information and documents not in the possession, custody, or control of Plaintiff, invades privacy

rights, and calls for the production of documents or information protected by the attorney-client and work-product privileges. Subject to and without waiving the forgoing objections, Plaintiff responds as follows: Plaintiff has never visited that website.

**Upon review and reinvestigation, Responding Party repeats the above objections and responds as follows: After a diligent search and a reasonable inquiry, responding party has no responsive documents in her possession, custody or control. No such documents are being withheld on the basis of any objection.**

Dated: April 17, 2026

**KAZEROUNI LAW GROUP, APC**

By: _/s/ Gustavo Ponce_
Gustavo Ponce
Mona Amini
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
_Attorneys for Plaintiff_

**PLAINTIFF'S SUPPLEMENTED/AMENDED RESPONSES TO USHEALTH'S FIRST SET OF REQUESTS FOR PRODUCTION**