Phillip A. Silvestri, Esq.
Silvestri LLC
5725 S. Valley View Blvd., Ste. 5-902925
Las Vegas, NV 89118
702-908-3698
Email: phillip@silvestri.com

Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice*)
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendant USHEALTH Advisors, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIN ROBERTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | CASE NO.: 3:24-cv-00429-MMD-CSD<br><br>**DECLARATION OF ROY TAUB** |

1.      Pursuant to U.S.C. § 1746, I, Roy Taub, declare as follows:

2.      My name is Roy Taub.  I am over 18 years of age and am a Partner at the law firm of Greenspoon Marder LLP, counsel for Defendant USHealth Advisors, LLC ("USHA") in this action. I am admitted to the Bars of the State of New York and Florida.  I suffer no mental disabilities and

am otherwise competent to make this Declaration.  I have personal knowledge of the facts stated herein, and if called upon to testify to those facts I could and would competently do so.

3.      On March 26, 2026, I met and conferred with Gustavo Ponce, counsel for Plaintiff, regarding all discovery disputes raised by USHA.

4.      The meet and confer lasted an hour, and would have been longer, but counsel for the parties managed to streamline many of the issues because they had previously discussed similar discovery disputes in a separate, yet similar lawsuit, and because counsel for Plaintiff represented to counsel for USHA that many of the discovery disputes would be addressed in supplemental/amended discovery responses to be served by April 10, 2026.

5.      During the meet and confer, I identified a number of discovery disputes pertaining to various requests.  I specifically identified Plaintiff's responses where it was unclear based on the response and asserted objections whether Plaintiff was withholding responsive documents or whether any documents even existed.

6.      When I asked counsel for Plaintiff whether Plaintiff had any responsive documents to RFP Nos. 8, 53-55, 57-59, 61 or whether Plaintiff was withholding documents based on the asserted objections, and if Plaintiff was standing on her objections, counsel for Plaintiff responded that he will inquire and USHA would see if there was any change in Plaintiff's position based on the supplemented or amended discovery responses to be served by April 10, 2026.

7.      On April 10, 2026, Mr. Ponce e-mailed that additional time would be required, and requested "a 10 day extension."  I responded by asking, "Are we going to get actual documents and responses or just expanded or recast objections?"  I never received a response to my e-mail.

8.      Plaintiff served her supplemental discovery responses on April 17, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2026                          /s/ Roy Taub
                                                                        ROY TAUB

- 2 -
DECLARATION OF ROY TAUB