**KAZEROUNI LAW GROUP, APC**
Gustavo Ponce, Esq. (SBN: 15084)
gustavo@kazlg.com
Mona Amini, Esq. (SBN: 15381)
mona@kazlg.com
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Erin Robertson

## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF NEVADA

| | |
|---|---|
| ERIN ROBERTSON on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>　　　　　Defendants. | Case No.: 3:24-cv-00429-MMD-CSD<br><br>**PLAINTIFF ERIN ROBERTSON'S RESPONSE TO DEFENDANT'S SECOND MOTION REGARDING DISCOVERY DISPUTE (ECF NO. 77)** |

///

///

///

## I.   INTRODUCTION AND STATEMENT OF UNRESOLVED ISSUES

Plaintiff Erin Robertson ("Plaintiff"), by and through counsel, submits this response to Defendant USHealth Advisors, LLC d/b/a USHealth Group's ("Defendant") Second Motion Regarding Discovery Dispute (ECF No. 77) (the "Motion") seeking responses to RFP # 8, 53-55, 57-58, 61. The disputed discovery requests exceed the limited scope of discovery authorized by the Court for a § 4 trial, are irrelevant, disproportionate, and intrude upon private, privileged, highly personal matters.

## II.   SUMMARY OF PLAINTIFF'S POSITION

Defendant's Second Motion confirms that it is not seeking limited discovery on contract formation, but instead attempting to expand this proceeding into a broad inquiry into Plaintiff's litigation history, alleged "pattern" of conduct, and generalized credibility. That is not the purpose of discovery under 9 U.S.C. § 4 limited solely to determining whether a valid, enforceable arbitration agreement was created. The Court has limited discovery to whether Plaintiff visited the subject websites and manifested assent on specific dates. Defendant's requests—spanning years of internet usage, unrelated lawsuits, and personal data—far exceed that scope and constitute an improper attempt to transform a narrow arbitrability inquiry  for purposes of a § 4 trial into full merits discovery. The Motion should be denied on that basis alone.

### A.   Discovery Concerning Plaintiff's Internet Usage (RFP No. 59)

Defendant's request for internet and device data (RFP No. 59) is overbroad, outside the scope of the current discovery order, invades privacy. Defendant seeks documents reflecting which devices and/or IP addresses signed into or uploaded data onto Plaintiff's "cloud" or internet-based e-mail or data storage accounts or services from January 2022 through September 2024. As framed, this request does not seek discrete, identifiable documents in Plaintiff's possession, but instead appears to demand technical records or metadata reflecting device and account activity over time. Such information is not typically maintained or accessible to an individual user in the ordinary course. To the extent it exists at all, it would be maintained by third-party service providers (such as email hosts or cloud storage platforms), and not in a form that Plaintiff can readily identify, capture, or produce. Rule 34 does not require a party to create documents, reconstruct technical data, or

- 1 -

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION REGARDING DISCOVERY DISPUTE

obtain records from third parties that are not within her possession, custody, or control. Even if Plaintiff could identify such "documents," Defendant does not identify a viable justification for this data—particularly across a nearly three-year time period rather than the discrete dates on which Defendant alleges Plaintiff visited the subject websites and assented to arbitration.

Further, this request does not seek documents in the ordinary sense contemplated by Rule 34 of the Federal Rules of Civil Procedure. Rather, it appears to demand technical records or metadata identifying device-level and IP-level activity across various platforms. Such information is not maintained by an individual user in the ordinary course and, to the extent it exists, would likely be maintained by third-party service providers—not Plaintiff. Rule 34 does not require a party to create documents or obtain third-party technical data that is not within her possession, custody, or control. Further, the request fails to meet the "reasonable particularity" requirement of Federal Rule of Civil Procedure 34(b)(1)(A). It is overly broad in both time and scope, seeking years of generalized internet and account activity untethered to the limited issue before the Court. The Court has expressly limited discovery to the narrow issue of contract formation—specifically, whether Plaintiff visited the subject websites and manifested assent on the relevant dates. This request bears no reasonable relationship to that inquiry and is therefore disproportionate to the needs of the case under Rule 26(b)(1). *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 510 (D. Nev. 2020) (discovery must be proportional and tied to the claims at issue); *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012). The request also raises significant privacy concerns. Courts have recognized the heightened sensitivity of personal digital data, including browsing history. *See, e.g.*, *Riley v. California*, 573 U.S. 373, 395–96 (2014). As drafted, Defendant's request would require disclosure of expansive personal information, including data unrelated to this litigation and potentially implicating third-party information.

Finally, Defendant's request highlights the broader defect in its Motion. Rather than seeking targeted discovery tied to contract formation, Defendant seeks to conduct a wide-ranging inquiry into Plaintiff's personal digital activity. This is particularly unnecessary where Defendant's own records purportedly identify the IP address associated with the alleged website visits. It is unclear why Defendant would require years of additional data when the relevant inquiry is limited to

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION REGARDING DISCOVERY DISPUTE

specific dates already identified in its own evidence. For all of these reasons, RFP No. 59 exceeds the scope of permissible discovery and should be denied.

### B. Discovery Concerning Plaintiff's Litigation History (RFP # 8, 53-55, 57-58, 61)

Defendant's requests concerning Plaintiff's litigation history are irrelevant, overbroad, and disproportionate, and exceed the scope of discovery permitted in this proceeding. The question before the Court is narrow: whether Plaintiff was the user who visited the subject websites and manifested assent on the specific dates at issue—not Plaintiff's litigation history. Defendant's discovery requests concerning Plaintiff's prior lawsuits and alleged "pattern" conduct (RFP Nos. 8, 53–55, 57–58, and 61) are irrelevant to that inquiry and disproportionate to the needs of this case. This proceeding is limited to a § 4 determination of contract formation. (ECF No. 62). At this stage, the sole issue is whether Plaintiff visited the subject websites and assented to arbitration—not whether Plaintiff has filed other lawsuits or engaged in prior TCPA litigation. Defendant's attempt to expand discovery based on generalized "credibility" arguments does not satisfy Rule 26(b)(1), particularly where the requested discovery intrudes into Plaintiff's private litigation history and has no bearing on the elements before the Court. Courts routinely reject such attempts because they eliminate meaningful limits on discovery and permit impermissible fishing expeditions. *Mailhoit v. Home Depot U.S.A., Inc*, 285 F.R.D. 566, 572 (C.D. Cal. 2012) (citing *Tompkins v. Detroit Metropolitain Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012) ("discovery rules do not allow a requesting party 'to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in [the producing party's] Facebook account'").

Defendant's reliance on TCPA cases such as *Moser*, *Nghiem*, and *Wuest* is misplaced. Those cases address adequacy and credibility issues at the class certification stage—an entirely different procedural posture than here. By contrast, this case involves a threshold arbitrability determination, where discovery must remain narrowly focused to contract formation. Courts have rejected precisely the type of discovery Defendant seeks here. In *Charvat v. Travel Services*, 110 F. Supp. 3d 894 (N.D. Ill. 2015), the defendant argued that a plaintiff's prior TCPA recoveries were relevant to show financial motive and credibility. The court in *Charvat* rejected defendant's argument, holding that such information was not relevant to "impugn [the plaintiff's] credibility." *Id*. at 898–99.

- 3 -

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION REGARDING DISCOVERY DISPUTE

Defendant's attempt to rely on similar "professional plaintiff" arguments here fails for the same reason. Accordingly, Defendant's reliance on "credibility" to serve as a basis for its requests does not justify its overbroad and improper discovery requests in this case and at this stage of the litigation. Courts addressing TCPA discovery disputes have likewise rejected attempts to expand discovery into unrelated litigation history. *See Moser v. Health Ins. Innovations, Inc.*, No. 17-cv-1127 (S.D. Cal.) (limiting discovery and rejecting overbroad requests seeking unrelated TCPA litigation as disproportionate and beyond the needs of the case). Defendant's requests here reflect the same improper approach. These authorities make clear that Defendant's theory fails for two independent reasons. First, as *Charvat* explains, a plaintiff's alleged financial motive or prior TCPA litigation does not bear on credibility in a manner that justifies discovery into unrelated lawsuits. Second, as *Moser* demonstrates, even where such arguments are raised, courts reject expansive discovery into a plaintiff's litigation history, financial records, or personal data as disproportionate and unduly intrusive—particularly where less burdensome means exist. Those concerns apply with even greater force here, where discovery is limited to a threshold § 4 determination of contract formation, not class certification or merits issues. Defendant's requests here mirror the same overbroad and intrusive discovery that courts have already declined to permit in TCPA cases.

RFP No. 8 seeks documents identifying all telephone numbers used by Plaintiff since January 2020. This request is wholly irrelevant. This request appears to use a request for production to obtain information rather than documents. The existence of other telephone numbers has no tendency to show whether Plaintiff visited the subject websites or assented to arbitration on the specific dates at issue. Moreover, the request improperly seeks information rather than identifiable documents. Requests for Production are limited to documents that exist within a party's possession, custody, or control and do not require a party to create documents or compile information in order to respond. To the extent Defendant seeks identification of telephone numbers used by Plaintiff, that is the proper subject of interrogatories—not document requests. The request is also overbroad in time and scope and unnecessarily invades Plaintiff's privacy. It seeks personal information unrelated to this litigation and untethered to any claim or defense. As such, it is disproportionate to the needs of the case and should be denied.

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION REGARDING DISCOVERY DISPUTE

RFP No. 61 seeks "[p]leadings, petitions, or any other initiating documents" in all legal proceedings brought by Plaintiff over the last ten years. RFP Nos. 53–55 and 57–58 similarly seek documents sufficient to identify all lawsuits filed by Plaintiff since January 2020, including pre-suit communications, demands, settlements, and claims involving alleged TCPA violations. These requests are irrelevant to the limited issue before the Court and disproportionate to the needs of this case. They seek years of litigation activity across unrelated matters with no bearing on whether Plaintiff visited the subject websites or manifested assent on the dates at issue. These requests are facially overbroad, seeking years of litigation activity across unrelated matters. They are also unduly burdensome and appear designed to harass and distract from the narrow issue before the Court.

Importantly, Defendant already has access to publicly available filings, complaints, and case information through court records. Its demand for additional documents—including private settlement communications and pre-suit materials—serves no legitimate purpose in this proceeding. Private settlement demands, confidential agreements, and litigation strategy from unrelated cases do not prove whether Plaintiff visited the subject websites or manifested assent in this case. Nor do they bear on Plaintiff's credibility in a manner that justifies the significant intrusion into her private affairs. If Defendant wishes to test Plaintiff's credibility, it may do so through testimony at the § 4 hearing. The Court—not Defendant—will determine credibility based on the evidence presented. Expansive discovery into unrelated litigation is neither necessary nor appropriate for that purpose. Defendant's requests for Plaintiff's litigation history reflect an attempt to transform this limited § 4 proceeding into a broader inquiry into Plaintiff's background and alleged "pattern" conduct. That is improper. The requests are irrelevant, overbroad, and disproportionate, and should be denied.

## III.    PLAINTIFF'S PROPOSED RESOLUTION

Defendant's Motion should be denied as to Defendant's RFP Nos. 59, 8, 53-55, 57-58, 61, as they exceed the limited scope of discovery for § 4 trial on the issue of whether Plaintiff was the user who visited the website and assented to arbitration, and are disproportionate, not relevant, overbroad, seek to harass Plaintiff and invade Plaintiff's privacy, and improperly seek confidential, privileged, and highly personal private information.

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION REGARDING DISCOVERY DISPUTE

Respectfully submitted,

DATED this 24th day of April 2026.          **KAZEROUNI LAW GROUP, APC**

By: */s/ Gustavo Ponce*
        Gustavo Ponce, Esq.
        Mona Amini, Esq.
        6940 S. Cimarron Rd., Suite 210
        Las Vegas, Nevada 89113
        *Attorneys for Plaintiff*

- 6 -
PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION REGARDING DISCOVERY DISPUTE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY pursuant to Rule 5 of the Federal Rules of Civil Procedure that on April 24, 2026, the foregoing Response was served via CM/ECF to all parties appearing in this case.

By: */s/ Gustavo Ponce*
Gustavo Ponce, Esq.

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION REGARDING DISCOVERY DISPUTE