**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERIN ROBERTSON,

        Plaintiff,

vs.

PLAIN-ENGLISH MEDIA, LLC, et al,

        Defendants.

Case Number 3:24-cv-00429-MMD-CSD

**MINUTES OF PROCEEDINGS**

**Dated: April 30, 2026**

PRESENT: <u>THE HONORABLE CRAIG S. DENNEY</u>, U.S. MAGISTRATE JUDGE

COURTROOM ADMINISTRATOR: <u>AB</u>    REPORTER: <u>Liberty Court Recorder</u>

COUNSEL FOR PLAINTIFF:    <u>Gustavo Ponce</u>

COUNSEL FOR DEFENDANT:    <u>Jeffrey Backman</u>

**MINUTES OF PROCEEDINGS: MOTION HEARING**

8:56 a.m. Court convenes.

The Court addresses the parties on the purpose of today's hearing and on preliminary matters prior to hearing arguments on the parties' motions.

Mr. Ponce and Mr. Backman present arguments on the Plaintiff's Motion for Protective Order (ECF No. 70). Mr. Ponce argues that the subpoena for Heidarpour Law Firm, PLLC, is a fishing expedition for the defense to explore the Plaintiff's character. Mr. Backman argues that Plaintiff's counsel cannot speak for the law firm and that the defense does not want any privileged communication.

Mr. Ponce and Mr. Backman present arguments on the Defendant's Motions Regarding Discovery Dispute (ECF No. 72 & 77). Mr. Backman argues that the defense has received boilerplate objections to the discovery requests. Mr. Ponce argues that Plaintiff's other federal cases have nothing to do with this lawsuit. The Court and counsel discuss Plaintiff's other federal cases and the matter of Plaintiff no longer having the cell phone that received the solicitations. Counsel advise the Court of the parties' previous meet and confers. The Court advises counsel of his expectation for meet and confers.

MINUTES OF PROCEEDINGS - 1

**ERIN ROBERTSON v. PLAIN-ENGLISH, LLC, et al**
**Case Number 3:24-cv-00429-MMD-CSD**

The Court takes the matters under submission and will issue a ruling from the bench after a brief recess.

At 10:39 a.m., court stands at recess.

At 11:36 a.m., court reconvenes.

The Court has considered the parties' briefs and today's arguments. The Court recites findings.

As to the Motion for Protective Order (ECF No. 70), the Court finds that the parties did not adequately meet and confer to narrow the scope of the subpoena. The Court finds that relevant information is being sought. Attorney-client privilege should be excluded from any production. The Court notes that the law firm failed to object to the subpoena and did not file a motion to quash the subpoena.

The Court grants in part and denies in part the Motion to Compel (ECF No. 72).

The Court denies Interrogatory Nos. 7 and 9, Request for Production 67, and Request for Admission Nos. 337-343.

The Court grants Interrogatory No. 8, and Request for Admission Nos. 336, 344-386, and 389.

The Court grants in part Interrogatory Nos. 11 and 12. Plaintiff shall respond with three websites she has frequently used since January 2022, excluding banking websites.

The Court grants Request for Production No. 1. If Plaintiff has a log of telephone solicitations, she is directed to produce it.

The Court grants in part Request for Production No. 56 for the time frame of January 2022 to present.

The Court grants in part Request for Production No. 62. Plaintiff's sworn testimonies shall be produced but are limited to Telephone Consumer Protection Act ("TCPA") proceedings within the last five years.

The Court grants Request for Production No. 66 with respect to the federal case in Missouri.

The Court grants in part and denies in part the second Motion to Compel (ECF No. 77).

The Court denies Request for Production No. 8, but it is granted as an Interrogatory for the time frame of January 2022 to present.

The Court denies Request for Production No. 59, but it is granted as an Interrogatory for

**ERIN ROBERTSON v. PLAIN-ENGLISH, LLC, et al**
**Case Number 3:24-cv-00429-MMD-CSD**

the time frame of January 2022 to September 2024. The parties are directed to meet and confer in order to narrow the scope as to what technology is being requested.

The Court denies Request for Production Nos. 53, 54, 55, 58, and 61.

The Court grants in part Request for Production No. 57. Plaintiff shall produce documentation identifying the settlement amount(s) for TCPA cases within the last ten years.

The Court denies without prejudice the request for inspection of the Plaintiff's devices based on today's rulings on the discovery requests.

The Court and counsel discuss the deadline for Plaintiff to respond and produce documents. Mr. Backman notes that the Plaintiff's deposition is scheduled for May 18, 2026.

**IT IS ORDERED** that Plaintiff's Motion for Protective Order (ECF No. 70) is denied.

**IT IS FURTHER ORDERED**  that Defendant's Motion to Compel (ECF No. 72) is granted in part and denied part as stated on the record.

**IT IS FURTHER ORDERED** that Defendant's second Motion to Compel (ECF No. 77) is granted in part and denied in part as stated on the record.

**IT IS FURTHER ORDERED** that Plaintiff shall respond to the discovery requests no later than Tuesday, May 12, 2026.

There being no additional matters to address at this time, court adjourns at 12:01 p.m.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK
By: _____/s/_____
Ashlyn Bye, Deputy Clerk

MINUTES OF PROCEEDINGS - 3