**KAZEROUNI LAW GROUP, APC**
Gustavo Ponce, Esq. (SBN: 15084)
gustavo@kazlg.com
Mona Amini, Esq. (SBN: 15381)
mona@kazlg.com
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Erin Robertson

# UNITED STATES DISTRICT COURT
## DISTRICT COURT OF NEVADA

| | |
|---|---|
| ERIN ROBERTSON on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAIN-ENGLISH MEDIA, LLC d/b/a PLAIN-ENGLISH HEALTH CARE d/b/a STRATEGIC HEALTH CARE MARKETING; and USHEALTH ADVISORS, LLC d/b/a USHEALTH GROUP,<br><br>Defendants. | Case No.: 3:24-cv-00429-MMD-CSD<br><br>**PLAINTIFF ERIN ROBERTSON'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING RULE 30(B)(6) DEPOSITION NOTICE** |

///

///

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

## I.    INTRODUCTION

Plaintiff Erin Robertson ("Plaintiff"), by and through counsel, submits this Response to Defendant USHealth Advisors, LLC's ("Defendant") Motion Regarding Discovery Dispute concerning Plaintiff's Rule 30(b)(6) deposition notice (ECF No. 87) (the "Motion"). The parties met and conferred regarding the disputed topics, as well as other issues, on June 5, 2026 at 11:05am (pst). The call lasted approximately 55 minutes and the parties discussed Topics 3, 4, 5, 9, 10, 12, 13, 14, 15, 16, 18, and 22 in Plaintiff's Rule 30(b)(6) deposition notice (collectively the "Topics").

Defendant seeks a protective order preventing Plaintiff from examining Defendant's Rule 30(b)(6) witness regarding evidence Defendant intends to rely upon at the forthcoming trial under 9 U.S.C. § 4. Plaintiff submits the Motion should be denied. The challenged Topics concern Defendant's attribution of the alleged submissions to Plaintiff, Defendant's reliance on website submission data and IP-related information, Defendant's vendors and third-party sources, and the factual basis for Defendant's contention that Plaintiff assented to arbitration. Defendant's arguments improperly characterize factual inquiries as expert testimony, overstate the requirements of Rule 30(b)(6), and expand the work-product doctrine beyond its intended scope. Because the challenged Topics seek discoverable information directly relevant to the issues to be decided at the § 4 trial, Defendant has failed to establish good cause for the protective order sought by the Motion.

## II.    SUMMARY OF PLAINTIFF'S POSITION

### A.    The Deposition Topics Are Relevant to the Issues to Be Decided at the § 4 Trial

The issue before the Court is whether Plaintiff submitted website forms through specific websites and thereby manifested assent to arbitration. Defendant's own position places directly at issue the process by which submissions are generated, transmitted, received, attributed to consumers, investigated, and ultimately relied upon by Defendant. Topics 5, 10, 12, 13, 14, 15, and 16 all concern Defendant's factual basis for contending that Plaintiff submitted the forms at issue and the evidence Defendant intends to rely upon at the forthcoming § 4 trial.

Throughout this litigation, Defendant has relied upon website submission data, lead-generation records, vendor-supplied information, IP-related data, and information obtained through third-party discovery to support its contention that Plaintiff submitted the forms at issue and assented

PLAINTIFF'S 'RESPONSE TO DEFENDANT'S MOTION REGARDING DISCOVERY DISPUTE

to arbitration. Yet Defendant now argues Plaintiff should be prohibited from examining a Defendant's corporate representative regarding those same subjects. If Defendant intends to rely upon this evidence at the forthcoming § 4 trial, Plaintiff is entitled to discovery and deposition testimony to explore the foundation, reliability, limitations, and source of that evidence. Defendant cannot seek to use such information as a sword to establish arbitration while simultaneously using a protective order as a shield to prevent meaningful inquiry into the evidence it intends to present.

### B. Topics 5 and 10 Seek Factual Testimony, Not Expert Opinions

Defendant argues that Topics 5 and 10 improperly seek expert testimony. They do not. Topic 5 seeks testimony concerning "[t]he accuracy, reliability, and limitations of IP address and geolocation data used to identify the user." Topic 10 seeks testimony concerning "[a]ny limitations in Defendant's ability to confirm that the individual who entered information was the owner or authorized user of the phone number submitted." During the meet and confer, Topic 10 was clarified to Defendant's counsel and Defendant's counsel indicated that he believed Topic 10 was acceptable.

When corporate deponents are chosen to testify under Rule 30(b)(6), their testimony "represents the knowledge of the corporation not of the individual deponents. *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008). With that authority in mind, Plaintiff is not seeking scientific opinions regarding geolocation technology in the abstract. Nor is Plaintiff seeking expert testimony concerning telecommunications systems generally. Rather, Plaintiff seeks testimony concerning Defendant's own knowledge, understanding, use, and reliance upon the information Defendant contends links Plaintiff to the alleged submissions. Defendant is uniquely positioned to explain what information it received, what information it relies upon, what conclusions it draws from that information, and what limitations exist in its ability to attribute a submission to a particular individual.

Likewise, Topic 10 seeks factual testimony regarding Defendant's procedures, practices, safeguards, and limitations concerning identification of the individual who allegedly submitted information. Whether Defendant possesses any mechanism to verify that the submitter was actually the owner or authorized user of a telephone number is directly relevant to Defendant's contention that Plaintiff personally submitted the forms through the websites. Rule 30(b)(6) routinely permits inquiry

- 2 -

PLAINTIFF'S 'RESPONSE TO DEFENDANT'S MOTION REGARDING DISCOVERY DISPUTE

into a corporation's practices, policies, procedures, records, systems, and limitations. *See Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n,* 316 F.R.D. 327, 334 (D. Nev. 2016) (finding that testimony regarding the innerworkings of a corporation, including its structure, were within the scope of Rule 30(b)(6)); see also *Guinnane v. Dobbins*, 479 F. Supp. 3d 989, 995 (D. Mont. 2020). Thus, Defendant's attempt to characterize such testimony as expert testimony is misplaced.

Topics 5 and 10 seek testimony concerning the reliability, limitations, and use of the evidence Defendant intends to rely upon at the § 4 trial. They do not seek scientific opinions, expert analysis, or testimony beyond Defendant's own knowledge and practices. Because these topics concern factual matters directly relevant to whether Plaintiff submitted the forms at issue and assented to arbitration, Defendant's request for a protective order should be denied.

### C. *Defendant's Reliance on Torgeson is Misplaced*

Defendant repeatedly invokes *Torgerson* to argue that the challenged topics lack reasonable particularity. That argument fails. *Torgerson* involved topics that effectively required a witness to testify regarding broad categories of corporate knowledge and information. By contrast, the challenged topics here concern discrete subjects directly related to the issues before the Court, including Defendant's attribution of the alleged submissions to Plaintiff, Defendant's reliance on IP-related information, Defendant's vendors and third-party sources, Defendant's communications regarding Plaintiff's alleged submissions, and the evidence Defendant intends to rely upon at the forthcoming § 4 trial.

The challenged topics do not seek "all information" regarding Defendant's business generally, nor do they require Defendant to prepare a witness regarding every aspect of its operations. Rather, the topics are directed to a narrow set of issues arising from Defendant's contention that Plaintiff submitted the forms through the websites at issue and agreed to arbitration. The topics identify specific subject matter and provide Defendant with more than sufficient information to identify and prepare a witness, or witnesses, to testify on Defendant's behalf. Rule 30(b)(6) does not require a party to identify every possible question that may be asked during a deposition, but rather reasonable particularity, which Plaintiff's notice provides.

To the extent Defendant contends terms such as "vendor" require clarification, such concerns

PLAINTIFF'S 'RESPONSE TO DEFENDANT'S MOTION REGARDING DISCOVERY DISPUTE

and clarification were discussed during the parties' meet-and-confer. Indeed, Defendant's counsel represented that Defendant does not use the term "vendor" and instead refers to such entities by another designation, confirming that Defendant understood the category of entities to which Plaintiff was referring. Defendant's claimed confusion therefore rings hollow.

### D. Defendant Improperly Expands the Work-Product Doctrine

Defendant's principal argument regarding Topics 13, 15, and 16 improperly conflates attorney work product with discoverable underlying facts. The work-product doctrine protects attorney mental impressions, legal theories, litigation strategy, and materials prepared in anticipation of litigation. Under FRE Rule 502, "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial. The anticipation of litigation must be the *sine qua non* for the creation of the document—"but for the prospect of that litigation," the document would not exist. *In re Grand Jury Subpoena*, 357 F.3d 900, 908 (9th Cir. 2004) (quoting *United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998). It does not shield underlying facts from discovery. Defendant's Motion repeatedly blurs lines and seeks to transform ordinary factual inquiries into protected work product to preemptively preclude Plaintiff from the opportunity to ask for discoverable information.

Topic 13 seeks testimony regarding Defendant's investigation into Plaintiff's allegations. Plaintiff does not seek privileged communications, legal theories, or attorney strategy. Rather, Plaintiff seeks testimony concerning the factual investigation undertaken by Defendant and the facts learned by Defendant regarding Plaintiff's allegations. Defendant may not avoid discovery into underlying facts merely because those facts were gathered during litigation. To hold otherwise would permit a party to disclose the conclusions of its investigation while shielding the underlying factual basis for those conclusions from examination.

Topics 15 and 16 seek testimony regarding information obtained from third parties and communications between Defendant and its vendors regarding Plaintiff and the allegations at issue. Plaintiff does not seek counsel's strategic reasoning, legal theories, or mental impressions. Rather, Plaintiff seeks facts and information obtained from third parties and the evidence Defendant intends to rely upon at the forthcoming § 4 trial. The mere fact that litigation exists does not transform all

- 4 -

PLAINTIFF'S 'RESPONSE TO DEFENDANT'S MOTION REGARDING DISCOVERY DISPUTE

communications with third parties into privileged or protected material. Defendant cannot rely upon information obtained from third parties while simultaneously preventing inquiry into what information was obtained and how it supports Defendant's contentions.

To the extent Defendant is of the view that a particular question at deposition seeks privileged information, Defendant may assert an appropriate objection. The possibility that privileged information may exist does not justify a blanket prohibition on entire areas of inquiry. Nor does it justify preventing Plaintiff from examining the factual basis for the evidence Defendant intends to present at the § 4 trial.

### E. Topic 14 is Proper

Defendant characterizes Topic 14 as an improper request for testimony concerning all discovery responses. However, Plaintiff does not seek testimony regarding counsel's drafting decisions, objections, or legal theories. Rather, Plaintiff seeks testimony regarding the factual information contained in Defendant's responses and the facts surrounding the positions Defendant has taken throughout discovery. Such factual information is directly relevant because Defendant intends rely on it as proof that Plaintiff submitted the forms at issue and assented to arbitration. Defendant has not established that Topic 14 only seeks privileged information as opposed to discoverable facts and factual contentions. Moreover, Defendant is a corporate entity and Rule 30(b)(6) exists precisely to allow a party to obtain binding testimony regarding an organization's knowledge, positions, and factual contentions. Even if Defendant has provided discovery responses identifying facts, records, vendors, communications, or other information supporting its contention that Plaintiff assented to arbitration, Plaintiff is still entitled to examine a corporate representative concerning those matters. Defendant has not demonstrated that preparing a witness to testify regarding the factual basis of its own discovery responses would impose an undue burden sufficient to warrant the extraordinary remedy of striking the topic altogether.

### III.    PLAINTIFF'S PROPOSED RESOLUTION

Plaintiff submits that Defendant's Motion should be denied.  Plaintiff cannot be precluded from relevant and discoverable information, and Defendant will be permitted to assert objections to specific questions as appropriate during the deposition if there is a need to do so.

- 5 -

PLAINTIFF'S 'RESPONSE TO DEFENDANT'S MOTION REGARDING DISCOVERY DISPUTE

DATED this 18th day of June 2026.          **KAZEROUNI LAW GROUP, APC**

By: */s/ Gustavo Ponce*
Gustavo Ponce, Esq.
*Attorneys for Plaintiff*

PLAINTIFF'S 'RESPONSE TO DEFENDANT'S MOTION REGARDING DISCOVERY DISPUTE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY pursuant to Rule 5 of the Federal Rules of Civil Procedure that on June 18, 2026, the foregoing Response was served via CM/ECF to all parties appearing in this case.

By: */s/ Gustavo Ponce*
Gustavo Ponce, Esq.

PLAINTIFF'S 'RESPONSE TO DEFENDANT'S MOTION REGARDING DISCOVERY DISPUTE